**BROMBERG LAW OFFICE, P.C.**

Brian L. Bromberg (Admitted in NY, NJ & CA)  352 Rutland Road #1
Joshua Tarrant-Windt, Associate (Admitted in NY)  Brooklyn, NY 11225
Phone: (212) 248-7906
Fax:   (212) 248-7908

July 27, 2021

Via ECF & Email: Failla_NYSDChambers@nysd.uscourts.gov
Honorable Katherine Polk Failla, U.S.D.J.
Southern District of New York

Re:   *Dominguez v. City of New York, et al.* SDNY Case No. 21-CV-2302 (KPF)

Dear Judge Failla:

My office represents the plaintiff, Steven Dominguez, in the above-referenced case, which arises from a vicious beating of Mr. Dominguez by a gang of on-duty police officers in Brooklyn. This brutal beating, which left Mr. Dominguez with severe and permanent injuries, was followed by a false arrest. I am writing in response to Defendants' request for a pre-motion hearing concerning a partial motion to dismiss Plaintiff's claims for excessive force, assault and battery, violations of the Fourth and Fourteenth Amendments, denial of a right to a fair trial, and municipal liability.

**I.   Defendants' discovery motion to preclude damages, which they have labelled as a motion to dismiss, should be denied because any delay in providing releases was inadvertent**

With respect to the attempt to dismiss Plaintiff's claims for excessive force and assault and battery, Defendants rely entirely on Plaintiff's failure to provide medical releases in a timely fashion. (Copies of the releases were emailed to Corporation Counsel on July 22, 2021, and originals were sent by Federal Express, Overnight Delivery, the same day.) Although framed as a motion to dismiss, Defendants are instead moving to preclude Plaintiff from claiming damages arising out of those claims—even garden variety damages that do not require medical proof. They are, in other words, asking this Court to use its inherent authority to sanction Plaintiff.

The standard in assessing whether to preclude admission of medical records for failure to provide medical releases as required under Local Civil Rule 83.10 is set forth in *Johnson v. City of New York*, No. 15-CV-6915 (ER)(SN), 2017 WL 5176707 (S.D.N.Y. Nov. 8, 2017), as follows:

> [i]n assessing whether to impose sanctions under Rule 37, courts consider '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.' *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (omission in original) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). '[S]triking [a party's] request for damages reflects a harsh sanction, one akin to dismissing the action altogether.' *Id*. Moreover, '[d]ismissal is a drastic remedy that should be imposed only in extreme circumstances . . . usually after consideration of alternative, less drastic sanctions.' *Id*. (omission in original) (internal

quotation marks omitted) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)).

*Id*. at *2. Here, as in *Johnson*, Defendants' fundamental objection is that Plaintiff failed to provide documents (in this case releases) to which they claim they are entitled. Defendants have filed what is essentially a discovery motion. Defendants have not met and conferred before filing this motion, which should serve as a basis for denying the motion. Had the parties spoken, I would have explained what had happened and why the releases were delayed.

Briefly, in late May, Plaintiff provided me with a signed copy of a medical release, at the same time that he provided me with me with a signed § 160.50 release. Before forwarding the documents to Defendants I realized that the release documents had been improperly filled out and that I would have to redo them and have my client sign additional sets of release documents. Because of extenuating circumstances, including (a) working from home as a result of the pandemic since the middle of March 2020, (b) moving my office and residence from Manhattan to Brooklyn, and most importantly, (c) dealing with a serious family medical emergency that took place in December 2020, which has had rippling effects through my practice (and throughout my personal and family life), I had not finished preparing corrected releases for Mr. Dominguez to sign when Ms. Scharfstein filed her letter-motion on July 20, 2021. Although I should have informed Ms. Scharfstein of the reasons for the delay, I did not do so.

Immediately upon filing of the letter-motion, I prepared the releases and had Plaintiff meet me in person to sign them and so I could notarize them. I then emailed them and sent the originals by Federal Express to Defendants' counsel. (If Defendants proceed with the aspect of their motion concerning the failure to provide the releases, I will request leave to file information as to what happened to my family member under seal, so as not to infringe upon their privacy.) In sum, any delay in providing the releases was unintentional and Plaintiff complied in a timely fashion.

## II.     Defendants' Other Arguments Do Not Support Dismissal of any Cause of Action

The medical release issue is Defendants' only objection to the first and seventh causes of action (for excessive force and assault and battery). Defendants also do not present any basis to dismiss the second and sixth causes of action (for false arrest and illegal imprisonment and failure to intervene). Defendants remaining arguments are therefore trained entirely on the third, fourth, fifth, and eighth causes of action (for Fourth and Fourteenth Amendment violations, denial of a right to fair trial, and municipal liability).[1]

Defendants claim that Plaintiff's claim for denial of a right to fair trial must be dismissed because there has not yet been a favorable disposition. Yet Plaintiff plainly alleges that "Defendant City of New York has dropped the assault charge against Dominguez." (Compl. ¶ 72) The dropping of a charge that was based on fabricated testimony is indisputably a favorable disposition for purposes of a claim for denial of a fair trial. *See Wellner v. City of New York*, 393 F. Supp. 3d 388, 397 (S.D.N.Y. 2019). Defendants assert that Plaintiff must set forth why the

---

[1] Defendants' argument against Plaintiff's Fourth and Fourteenth Amendment violations is that they are duplicative. Plaintiff is prepared to stipulate to dismissal of these claims in the interests of moving the case along.

charge was dropped but that requirement is nowhere to be found in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), or any other case. To avoid confusion, Plaintiff is prepared to agree to a stay with respect to this cause of action until the ongoing obstruction charge against him is resolved.

Finally, Defendants seek to dismiss Plaintiff's claim for municipal liability for failure to allege a connection between a municipal policy and a violation of Plaintiff's rights. However, Plaintiff alleges that the City of New York's policies with respect to body worn cameras enable its officers to engage in unlawful activity such as occurred in this case. Compl. ¶¶ 109-14. Plaintiff further alleges that the City of New York's "failure to properly supervise, train, discipline, review, remove, or correct" the actions of its police officers led to Plaintiff's injuries. *Id.* ¶¶ 115-16. This is more than sufficient at the pleading stage. *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004) ("It is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage, and therefore need only plead that the city's failure to train caused the constitutional violation."). In order to avoid costly and unnecessary motion practice, however, Plaintiff is open to staying discovery as to the *Monell* claim while the parties proceed under the § 1983 Plan with respect to the other claims. *See Tabor v. New York City*, No. 11 CV 0195 FB, 2012 WL 603561, at *10 (E.D.N.Y. Feb. 23, 2012) ("In this Circuit, courts often order bifurcation in 1983 civil rights cases where there are *Monell* claims against the municipality."), report and recommendation adopted, No. 11-CV-0195 FB CLP, 2012 WL 869424 (E.D.N.Y. Mar. 14, 2012).

### III. Plaintiff requests that the parties proceed with discovery while any motion to dismiss is pending and that the Court order Defendants to identify the John Does prior to any conference on the motion to dismiss

Defendants simultaneously seek to stay briefing on the motion to dismiss, to stay discovery, and to force the case into immediate "Plan mediation." However, the Plan is clear that mediation occurs only after the parties have exchanged the required documents. The Plan does not entitle Defendants to force mediation while simultaneously avoiding having to answer the complaint and turn over the documents Plaintiff needs to assess the strengths and weaknesses of the case.

Plaintiff also requires information about the identities of the John Doe defendants before he can meaningfully participate in mediation under the Plan. The John Does are liable for participating in the beat-down of Plaintiff and failing to intervene to protect Plaintiff. My office has repeatedly requested information concerning the John Does. Since Defendants have not yet answered the complaint, Plaintiff cannot proceed with serving discovery demands to obtain this information. Therefore, Plaintiff requests that the Court order Defendants to identify the John Does prior to the conference. That is, regardless of whether Defendants proceed with their partial motion to dismiss, Plaintiff must learn the names of the John Does immediately to preserve his rights.

Respectfully,

/s/ Brian L. Bromberg
Brian L. Bromberg

cc:     All Counsel of Record (Via ECF)