**BROMBERG LAW OFFICE, P.C.**

Brian L. Bromberg (Admitted in NY, NJ & CA)　　　　　　　　　　　352 Rutland Road, #1
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11225
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (212) 248-7906
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax:　  (212) 248-7908

December 21, 2021

Via ECF
Honorable Katherine Polk Failla, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:　*Dominguez v. City of New York, et al.* SDNY Case No. 21-CV-2302 (KPF)

Dear Judge Failla:

My office represents the plaintiff, Steven Dominguez, in the above-referenced case.

I am writing to respond to the representations and glaring omissions in Defendants' letter dated December 13, 2021. Defendants' claim that Plaintiff has "done nothing" to identify the John Does is inaccurate.

First, Defendants' representation to the Court that "defendants were stymied by plaintiff's delay in providing the [§160.50 release], as, without the release, the City was unable to begin the process of accessing any relevant information" is false. A §160.50 release is only required to access sealed records. While Plaintiff's case was ultimately dismissed and sealed on September 27, 2021, prior to that date, Defendants would not have required anything from Plaintiff to access those records. *See* Decision and Order, dated September 27, 2021, *People v. Dominguez*, Criminal Court, Kings County Docket No. CR-000497-20KN. As Plaintiff provided a §160.50 release to Defendants on May 21, 2021, there would have been no point during this case when Defendants would have been prevented from accessing the records by Plaintiff.

Rather than respond in a tit-for-tat manner with respect to the remaining claims in Defendants' letter, Plaintiff instead will detail his efforts to identify the John Does below:

On May 27, 2021, Plaintiff emailed Defendants asking if Defendants could provide any information to help identify any other officers involved in Plaintiff's arrest or on scene at the time of his arrest. On June 4, 2021, Plaintiff followed up because Defendants had not responded. On June 4, 2021, Defendants asked for clarification. That same day, Plaintiff responded that to identify the John Does details about the officers on scene would be needed and it was in the exclusive possession of the City of New York. On June 7, 2021, Plaintiff again followed up when Defendants had not responded. Plaintiff asked if Defendants had access to the sprint reports, body-worn camera footage, location-tracking data or any Internal Affairs Bureau investigation

into the incident, and if not when they expected to be able to provide the information to be able to identify the John Does. I have looked through my email and through the email of my former associate, Joshua Tarrant-Windt, Esq., and I do not believe that Ms. Scharfstein responded to this email.

On July 22, 2021, Plaintiff provided Defendants with a video taken by a bystander at or near the time of the assault of Plaintiff. Still Defendants had provided no information, documents, or evidence upon which Plaintiff could identify the John Does. On August 10, 2021, Plaintiff asked Defendants, "Do you consent to a 90-day extension of the deadline to serve the John Does while you investigate the issue?" That same day, Defendants responded that they took no position. On August 18, 2021, to enable Plaintiff to identify the John Does, Plaintiff asked Defendants to provide the following: (1) the precinct roll call for the shift during which the incident occurred; (2) a sprint report for the 911 call; (3) a list of all body worn cameras that were actively recording during the incident and the names of the officers to whom the cameras were assigned; (4) the command log entry for Plaintiff's arrest and the patrol tour; (5) any unusual incident reports, aided reports, medical treatment of prisoner forms, or DD5's related to Plaintiff's arrest and medical treatment; and, (6) any internal investigation reports and/or any other documents which Defendants may believe would help identity the John Does or identify witnesses who could identify the John Does.

Defendants had still not responded by August 31, 2021. Plaintiff sent a follow-up email that he had obtained the sprint report from his criminal attorney and was able to identify unit codes that had responded to the 911 call and requested Defendants produce the other requested documents. Plaintiff asked Defendants to identify the officers who were coded in the sprint report as 75CO, 75ST1, 75ST2, 75FULTON. 75SP8, 75SP88, 0ESA7, 0ESRABK, 0EST7, and 0ESU5, as well as a glossary or other document to assist in translating the abbreviations and codes in the sprint report and attached the sprint report. On September 9, 2021, Plaintiff again followed up writing "We have not yet received any response to the below emails. We will give you a call tomorrow at 1 p.m. to discuss." On September 10, 2021, at 1:08 p.m., Plaintiff emailed Defendants writing "We just tried you and left a message. Please give us a call back to discuss service of the John Does or otherwise let us know your response to the emails below." Later that evening, Defendants responded, denying that they had received the September 9 or August 31 emails, which were in the email chain Defendants were responding to, and asking Plaintiff for additional information. Defendants wrote "Please be assured that we are working on identifying the officers who were at the location at or about the time of the incident." On September 20, 2021, Plaintiff responded that he had provided additional information in that we had produced a sprint report and a video from a bystander. Furthermore, Plaintiff asked Defendants to consider his prior requests now that they were aware of them. Again, Defendants did not respond.

On September 30, 2021, Plaintiff advised Defendants that all criminal charges had been dismissed against him. Plaintiff further asked the status of Defendants' investigation into the John Does, what steps had been taken, when the requested documents would be provided and if they could not be provided by October 8, how much additional time would be needed to provide the documents. That same day, Defendants responded that they conducted the investigation without Plaintiff because they did not think Plaintiff was cooperating and they expected to have information for Plaintiff by the next week.

On October 7, 2021, Defendants provided a list of 24 officers without shield numbers, service addresses, or other information detailing their involvement, if any, in Plaintiff's arrest and restraint. The only information provided with respect to these 24 names was "I write to provide the names of the members of the NYPF who, on information and belief, were in the vicinity of the location of the incident alleged in this matter at or about the relevant time." On October 9, 2021, Plaintiff responded asking for the documents relied on by Defendants to identify the 24 individuals as well as any information or documents in their possession which shows what the individuals were doing or where they were while Plaintiff was in custody. Plaintiff further requested the body-worn camera footage for each of the identified officers. On October 19, 2021, Plaintiff followed up when Defendants had still not responded. Defendants responded asking the purpose of the email. That same day, Plaintiff responded that the documents were needed to determine which of the identified individuals were John Does because he was only interested in the officers who participated in or were bystanders to the attack on Plaintiff. Defendants responded that they did not have documents that would help narrow the list of potential John Does, but could speak the following day. Still on October 19, 2021, Plaintiff responded, asking what documents were used to identify the 24 officers and why those same documents wouldn't help Plaintiff narrow down the list, including the body camera footage from each of the 24 officers who were required to activate their body cameras during the incident. Plaintiff further asked for Defendants' availability the following day to speak. Defendants did not respond.

On October 22, 2021, Plaintiff followed up asking when Defendants were available to speak. On October 25, 2021, Plaintiff again followed up asking Defendants' availability. Defendants responded that Plaintiff should have just called if he wanted to speak. (Throughout these interactions, Ms. Scharfstein has refused to schedule telephone conferences. Instead, she insists that Plaintiff's attorneys call her, leave a voicemail, and wait until she returns the call, which may or may not be when Plaintiff's attorneys are available.) Plaintiff responded that he would call that afternoon. We did not speak that afternoon, but on October 27, 2021, Mr. Tarrant-Windt and I spoke with Ms. Scharfstein for approximately 0.8 of an hour. During the call, she refused to provide documentation or body-camera footage and told us to go name all 24 officers, if we wanted. I advised her that my co-counsel, Evan Brustein, Esq., would call her back, because he had greater familiarity with the

3

internal working of the NYPD and hopefully the discussion would be more productive.

On October 29, 2021, Mr. Tarrant-Windt and Mr. Brustein spoke with Ms. Scharfstein for approximately 0.7 of an hour. During this conversation, Ms. Scharfstein indicated that despite interviewing dozens of witnesses, she was unable to say if any of the 24 officers had either definitively been in the building during Plaintiff's arrest or definitively never entered the building at all. While Ms. Scharfstein demanded that Plaintiff turn over documents and information for her review, she refused to provide any documents to Plaintiff so that he could make any independent assessments. In an effort to provide additional information to Defendants, in spite of their refusal to share information, Plaintiff's counsel also spoke with multiple witness attempting to get descriptions of the John Does.

Unfortunately, Plaintiff's counsel was unable to get any additional information to provide to Defendants or to use on his own behalf. Having been unable to review any of the records Defendants relied on in compiling a list of 24 officers who were in the vicinity of the incident, On November 9, 2021, and Defendants have refused to identify which of the officers had actually been present for Plaintiff's arrest, Plaintiff resigned himself to not adding any John Does prior to discovery. Plaintiff emailed Defendants and informed them that he would be filing an amended complaint and asked if Defendants would be consenting. On November 10, 2021, Defendants stated that they would not take a position until reviewing the proposed amended complaint. Since Plaintiff had decided not to add any John Does, he did not serve any by the November 11, 2021 deadline.

As the Court had adjourned the Initial Conference *sine die*, Plaintiff wanted to wait until he had completed drafting the amended complaint before writing to the Court, to provide a meaningful update about the status of the case. While Plaintiff had not interpreted the August 11, 2021 Order to require a status report by November 11, 2021, Plaintiff nonetheless apologizes for not providing one sooner.

Throughout the pendency of this case, Plaintiff has been zealously prosecuting this case and attempting to identify the John Does. As can be seen in Plaintiff's Amended Complaint, which was filed on December 17, 2021, Plaintiff has removed several of the claims objected to by Defendants, in a good-faith effort to streamline the litigation and move the case forward. Rather than burden the Court with unnecessary motion practice, Plaintiff thoroughly considered the arguments raised by Defendants before revising the Amended Complaint.

Respectfully,

/s/ *Brian L. Bromberg*
Brian L. Bromberg
cc:   All Counsel of Record (Via ECF)