

**GEORGIA M. PESTANA**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
LAW DEPARTMENT
**100 CHURCH STREET**
**NEW YORK, NY 10007**

**Susan P. Scharfstein**
*Special Federal Litigation Division*
*212-356-2355*
sscharfs@law.nyc.gov

January 5, 2022

Honorable Katherine Polk Failla *(by ECF; copy to Failla_NYSDChambers@nysd.uscourts.gov)*
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

    Re: <u>Dominguez v. City of New York, et al.</u>, 21 CV 2302 (KPF)

Dear Judge Failla:

  I am an attorney in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, counsel for defendants City of New York, Joseph Battista, and Dylan Lynch in this action brought pursuant to 42 U.S.C. § 1983.  I write to set forth the parties' respective positions in response to the Court's December 22, 2021 Order.

  <u>Plaintiff's Position</u>:

  As an initial matter, the Court  asked the parties to decide whether they wished to remain in the Plan, proceed to a settlement conference, or engage in motion practice, with Defendants' letter requesting a premotion conference, it is clear that Defendants do not wish to proceed with the Plan but would rather engage in motion practice.  Plaintiff also does not wish to proceed with the Plan, but would rather proceed directly to the Initial Conference.  In light of Defendants' position that there is no basis to claim that they assaulted Plaintiff, Plaintiff believes that more discovery is needed before a meaningful settlement discussion can occur.  However it appears that Defendants wish to relitigate arguments already raised with this Court about the timeliness of releases.  <u>See</u> ECF # 18, 22, 23, and 24.  Plaintiff has previously detailed the reasons for the delay in providing the releases, which were all provided more than five months ago and well before an initial conference has even been held, and as such, have not prejudiced Defendants in any way.  In the interests of judicial economy, as most of Defendants arguments were previously raised in their July 20, 2021 pre-motion letter, at ECF # 18, in addition to the arguments set forth in this joint letter, Plaintiff incorporates by reference the case law and arguments made in his letter, dated July 27, 2021, which was filed with the Court as ECF # 22, in opposition to Defendants' July 20, 2021 pre-motion letter.

  While Defendants seek to dismiss certain claims pursuant to Local Civil Rule 83.10 ("the Plan"), the Plan does not provide that the failure to turn over releases is a grounds for

dismissal[1]. Rather it limits the type of recovery of damages for injuries. As such, even if the Court found that the delay should result in the limitation of potential damages, which Plaintiff submits would not be warranted, there would be no basis to dismiss any claims based upon that delay. As such, Defendants have no basis to move for dismissal of the excessive force, assault, or battery claims.

With respect to Defendants claim that the malicious prosecution claim must be dismissed, this too is misleading. The Amended Complaint incorporated by reference the September 27, 2021 Order of Judge Derefim B. Neckles of the Kings County Criminal Court, dismissing all of the charges against Plaintiff. See Complaint, at ¶ 74; . The Order specifically states that the charges were dismissed on speedy trial grounds. [A]s a "general rule[,] ... a dismissal on speedy trial grounds is a favorable termination. Kee v. City of New York, 12 F.4th 150, 162 (2d Cir. 2021). As the case law is clear that speedy trial grounds are considered a favorable termination, and Defendants cannot dispute that the charges were favorably terminated, Plaintiff is surprised that Defendants wish to pursue such an argument. Nonetheless, out of an abundance of caution, Plaintiff requests leave to amend the Complaint to add that the charges were dismissed on speedy trial grounds as is evident from the September 27, 2021 Order. See September 27, 2021 Order, attached as Exhibit 1.

Plaintiff also submits that it has satisfied its burden with respect to the Monell claim, but in the interests of judicial economy, respectfully requests that the Court bifurcate the Monell claim until the underlying 1983 claims have been litigated.

Plaintiff has not brought a claim for conspiracy.

Defendants' Position:

Defendants submit their portion of this joint letter to address the Court's December 22, 2021 Order directing the parties to advise the Court as to whether they wish to (i) proceed under Rule 83.10, (ii) be referred to a Magistrate Judge for a settlement conference, or (iii) proceed with motion practice.

As reflected in defendants' January 3, 2022 response to the Amended Complaint, consisting of their letter requesting a pre-motion conference, defendants wish to proceed with Rule 12(b)(6) motion practice.

As plaintiff has not stated that he wishes to proceed with the Plan or a settlement conference, it appears that he, too, believes that the parties should proceed with motion practice. This is confirmed also by the fact that, while defendants have proposed several times that

---

[1] While Defendants sought leave to move to dismiss the excessive force claims for failure to turn over medical releases, prior to seeking the drastic sanction, Defendants never requested those releases, which they clearly knew were needed based upon the allegations in the Complaint. Defendants "gotcha" litigation tactic is neither in keeping with the spirit of the Plan, nor in keeping with either the Court's Individual Rules or the Federal Rules with respect to attempting to confer in good faith and resolve disputes without Court intervention.

plaintiff proffer a settlement demand, plaintiff has not yet done so. Without a demand, defendants cannot assess whether mediation or settlement at this time might be productive.

As the grounds for defendants' motion to dismiss are set forth in the January 3, 2022 letter, defendants will respond only briefly here to plaintiff's contentions to avoid troubling the Court with another lengthy submission.

With regard to the excessive force and assault and battery claims, plaintiff's purported distinction between the remedies of limitation on damages and dismissal of claims is one without a difference. Their other arguments are also self-serving and are equally unavailing. The so-called "drastic remedy" sought by defendants is expressly set forth in Rule 83.10. The Court should not countenance plaintiff's attempt to rewrite the Rule and shift the burden to defendants to do plaintiff's job of timely providing the releases.[2] Nor is plaintiff's claim persuasive that Rule 83.10 should not apply to him, because defendants allegedly have not been prejudiced. Even assuming that Rule 83.10 set prejudice to the defendants as a standard for whether the releases must be timely provided as stipulated in the rule – which it does not – prejudice may ordinarily be presumed from delay. If that were not the case, each § 1983 plaintiff would demand special treatment and exceptions, which would eviscerate the rule and work in each case to defendants' disadvantage.

As for the malicious prosecution claims, although defendants had not received a copy of the September 27, 2021 Decision & Order of the Kings County Criminal Court before the afternoon of January 4, 2022, it does not appear, on preliminary review of the document and the relevant case law, that that decision materially changes anything. Accordingly, amendment of the complaint yet again would be futile.

As plaintiff contends that he does not intend to pursue any conspiracy claim, defendants will ask that the Court issue an Order striking the references in paragraphs 78 and 82 of the Amended Complaint to 42 U.S.C. § 1983, § 1985, or other conspiracy claims.

Lastly, defendants wish to move to dismiss the so-called Monell claim and will not consent at this time to bifurcation for the purposes of discovery and trial, as plaintiff proposes. As the claim is obviously lacking at the threshold pleading stage, there is no good reason to defer the Rule 12(b)(6) motion.

In conclusion, narrowing the case through motion practice by eliminating the flawed and extraneous claims will not only likely streamline discovery, but also may foster settlement in the future.

---

[2] Although this action was filed on March 16, 2021, when defendants inquired during an August 4, 2021 "meet and confer" session between the parties as to whether plaintiff had produced all releases required by Rule 83.10, none of the three attorneys for plaintiff who participated in the call could confirm that plaintiff had done so.

The parties thank the Court for its consideration of the above.

    Respectfully submitted,

    */s/ Susan P. Scharfstein*

    Susan P. Scharfstein

cc:     All Counsel of Record *(by ECF)*