CRIMINAL COURT OF THE CITY OF NEW YORK
KINGS COUNTY: PART TRP-1
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

-against-

STEVEN DOMINGEZ

                       Defendant.
------------------------------------------------------------X

DECISION & ORDER

Docket No. CR-000497-20KN

DEREFIM B. NECKLES, J.C.C.

On January 8, 2020, the defendant was arraigned on a misdemeanor complaint and charged with one count of Assault in the Second Degree (PL §120.05(3), one count of Assault in the Third Degree (PL § 120.00 [1]), one count of Attempted Assault in the Third Degree (PL § 110/120.00[1]), one count of Obstruction of Government Administration in the Second Degree (PL § 195.05), and one count of Harassment in the Second Degree (PL § 240.26[1]).

By motion served and filed on April 7, 2021, the defendant moves for an order, dismissing the charges pursuant to Criminal Procedure Law ("CPL") §§ 210.20 (1) (g) and 30.30 (1). The People in a response dated April 21, 2021, oppose the motion.

After a careful review of the defendant's motion, the People's response and the relevant legal authority, the defendant's motion to dismiss is granted as the Court finds that the People have exceeded their speedy trial time.

At the arraignment on January 8, 2020, and People announced not ready, and the defendant was released on his own recognizance. The case was adjourned to February 4, 2020 for conversion. (**27 Days charged**). On January 21, 2020, the People served and filed initial discovery. On February 4, 2020, the case was adjourned to March 3, 2020 for possible disposition. (**0 days charged**).

On February 20, 2020, the People served and filed a Certificate of Compliance that stated: "the prosecution is ready for trial pursuant to CPL §§30.30 (5) and 245.50 (1)". The certificate did not certify "that all counts charged in the accusatory instrument meet the requirements of [C.P.L. §§] 100.15 and 100.40" as required by C.P.L. §30.30 [5-a]. In their certificate of compliance, the People also stated that to the People's knowledge, the only outstanding discoverable materials outstanding is the "Memo Book for Sergeant Patrick Lynch" (Sgt. Lynch).

On March 3, 2020, defense counsel notified the People that the medical records for Police Officer Dylan Lynch (PO Lynch) were still outstanding. As the People were not ready to proceed, the case was adjourned from March 3, 2020 to April 2, 2020. Due to the Covid Pandemic, on March 20, 2020, Governor Andrew Cuomo issued Executive Order 202.8, tolling all time limits within the Criminal Procedure Law, including CPL § 30.30. (**17 days charged**). The suspension was repeatedly extended until October 4, 2020, when Governor Cuomo issued Executive Order 202.67, which reinstated CPL § 30.30 on all non-felony cases. The case was adjourned to October 30, 2020. (**25 days charged**). The case was thereafter adjourned from October 30, 2020 to February 1, 2021 (**84 days charged**) and from February 1, 2021 to April 8, 2021. (**66 days charged**).

On April 7, 2021, the defendant filed the instant motion to dismiss, challenging the People's certificate of compliance, thus tolling the CPL 30.30 clock. CPL § 30.30 (4) (a). In its motion, the defendant alleges that 209 days of chargeable time has elapsed since the commencement of the case.

On April 19, 2021, the People filed with the court and served defendant with a Supplemental Certificate of Compliance, this time certifying that all counts in the accusatory instrument meet the requirements of CPL §§100.15 and §100.40 and that those counts not meeting the requirements of those sections have been dismissed.

On April 21, 2021, the People filed a response to the defendant's motion to dismiss.

Pursuant to CPL § 30.30, "the applicable speedy trial time is determined based on the highest charge in the accusatory instrument." (*People v Brito*, 61 Misc. 3d 1208 (A), 110 NYS3d 793 [2018]). Where, as in this instant case, the highest charge in the accusatory instrument is a class A misdemeanor, the People have 90 days from the commencement of the criminal action to be ready for trial, less any excludable time. CPL § 30.30 (1) (b). "The failure of the People to declare readiness within the statutory time limit will result in dismissal of the prosecution, unless the People can demonstrate that certain periods should be excluded." (*People v Prince*, 14 NY2d 63 [2010]; *(People v Cooper*, 98 NY2d 541, 543 [2002]). Compliance with this statute is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness. CPL § 30.30 (1) [b]. The criminal action is deemed to have commenced on the date on which the first accusatory instrument is filed against the defendant. (*People v Lomax*, 50 NY2d 351 [1980]; CPL 1.20 (17); §30.30 (1).

On a motion to dismiss brought pursuant to CPL §30.30, the defendant has the initial burden of demonstrating a delay of more than ninety days. (*People v Santos*, 68 NY2d 859, 861

[1986]). Once the defendant has made that showing, the burden shifts to the People to demonstrate that certain periods within that time should be excluded (*People v Berkowitz*, 50 NY2d 333, 348-49 [1980]).

Pursuant to the new discovery and speedy trial laws that went into effect on January 1, 2020, replacing CPL article 240 and amending sections of CPL 30.30, article 245 now delineates the People's discovery obligation and sets out a statutory time frame for the completion of certain discovery (CPL 245.20; 245.10)[1]. Under these provisions set forth in CPL 245.10, the People must comply with their discovery obligations without any demand from the defense, unless the defense explicitly waives discovery under CPL 245.75; (see, *People v Berkowitz*, 68 Misc 3d 1222[A], 2020 NY Slip Op 51044[U] [Crim Ct. Kings County 2020]). The newly enacted provisions of CPL 245.50 require that the People comply with the discovery obligations enumerated in section 245.20 as a precondition to a valid statement of readiness (see *Lobato*, 2020NY Slip OP 50322[U], 4-5 ["the provisions of CPL 245.50 and 30.30 interlace discovery compliance and trial readiness, such that discovery compliance is a condition precedent to a valid announcement of readiness for trial, absent 'exceptional circumstances' on a particular case"]). The People shall not be deemed ready for purposes of CPL 30.30 unless they have filed a proper certificate of compliance (CPL 245.50 (3), which shall accompany or precede a statement of trial readiness, (CPL 30.30 [5]). Further, the prior presumption of validity of a statement of readiness has been replaced by a statutory mandate that the court inquire into the validity of the People's claim that they are ready to proceed to trial (id.). Once a certificate of compliance and statement of readiness are filed, the People are only charged for adjournments when the delay is solely and

---

[1] CPL 245.20 (1), entitled "Initial discovery for the defendant," states that the "prosecution shall disclose to the defendant . . . all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control."

exclusively the fault of the prosecution, and the time cannot otherwise be excluded under CPL 30.30 (4) (see, *People v Brown*, 28 NY3d 392, 404 [2016]; *People v Cortes*, 80 NY2d 201, 210 [1992]). The People are thus generally charged post-readiness with the amount of time they request on the record (see *People v Bruno*, 300 AD2d 93, 95 [1st Dept 2020]).

In its motion to dismiss, the defendant challenges the People's February 20, 2020 certificate of compliance on the grounds that (1) the certificate of compliance was illusory and invalid because the People had not completed discovery as required by CPL§ 245.50 (3). Specifically, the defendant contends that the People failed to disclose the medical records of PO Lynch and the memo book of Sgt. Lynch and (2) the People did not not adequately certified the sufficiency of the accusatory instrument on which the People intended to proceed to trial as required by CPL 30.30 (5-a).

In response to the defendant's motion to dismiss, the People argue that pursuant to CPL § 30.30 (5) and CPL § 30.30 (5-a), their certificate of compliance filed on February 20, 2020 is valid and not illusory as the required CPL § 30.30 (5-a) certification was made on April 19, 2021. Furthermore, the People argue that CPL § 30.30 (5-a) does not specify when the certification must be made, but only that the People must make a certification. With respect to the medical records for PO Lynch, the People acknowledge that they did not turn over those records but assert that they have exercised due diligence and have made reasonable inquiries to acquire and to disclose all discoverable materials. In their efforts to obtain the materials, the People explain that they submitted a signed subpoena for PO Lynch's medical records to Brooklyn Methodist Hospital on November 9, 2020 and received a voice mail message from Elaine Gibson, General Counsel from New York Presbyterian Hospital, in which she stated that she was initially made aware of the request for PO Lynch's medical records in April 2021, and

5

that she was working to retrieve the records for the People in an expeditious manner. Furthermore, the People contend that Ms. Gibson stated that "this subpoena is only being processed five months after it was signed by a judge because the Risk Management Office at Brooklyn Methodist Hospital has been working remotely since the start of the COVID 19 pandemic". Additionally, the People assert that they made several calls to the 75th Precinct desk requesting to speak with Sgt. Lynch but never received a response. The People advice that they do not anticipate calling Sgt. Lynch as a witness if the case goes to trial.

The People have an obligation to "make a diligent, good faith effort to ascertain the existence of [discoverable] material or information … and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain." CPL § 245.20 (2). "All items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution." (CPL § 245.20 (2). Although previous discovery rules required the People to turn over materials which the People wished to use at trial, the 2020 discovery reforms imposed a broader obligation upon the People such that the People must disclose, or make available for discovery, all materials or information that relate to the subject matter of the case, even if the People do not intend to use such materials or information at trial. The People do not satisfy their obligations of good faith and diligence when they certify compliance after turning over what is in their actual possession unless they have also made the necessary reasonable inquiries to ascertain the existence of any outstanding materials or information. (CPL 245.20 (2).

In this case, the People contend that they issued a subpoena for the medical records of PO Lynch, and further they advised defense counsel that the People do not anticipate calling Sgt. Lynch as a witness if the instant case goes to trial. Based on the circumstances in this case, the People's certificate of compliance was not invalidated on the basis of the discovery disclosure at issue. (See, *People v Gonzalez*, 68 Misc 3d 1213 (A), *1, 3* [Sup Ct. Kings County 2020]; *People v Knight*, 69 Misc 3d 546, 552 [Sup. Ct. Kings County 2020]; *People v Lustig*, 68 Misc 3d 234, 247 [Sup. Ct. Queens County 2020]); *People v Randolph*, 69 Misc. 3d 770 [Sup. Ct. Suffolk County 2020]).

Although a certificate of compliance is a necessary prerequisite before the People may be deemed ready for trial, it is not the only requirement. CPL 30.30 (5-a) certification requires the People to certify that all counts of an accusatory instrument are facially sufficient in compliance with CPL §100.15 and §100.40. Both sections 100.15 and 100.40 define the various criminal court accusatory instruments upon which a prosecution may rest. An information is facially sufficient "when: (a) it substantially conforms to the requirements prescribed in [C.P.L. § 100.15; and (b) the allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and (c) non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof." CPL § 100.40 [1]. The People may not be legally deemed ready for trial unless they certify that all counts are not just supported by non-hearsay information but also are facially sufficient. CPL. § 30.30 (5-a).

In the instant case, the People contend that their certificate of compliance filed on February 20, 2020 is valid and not illusory. According to the People, the April 19, 2021 supplemental

certificate of compliance certifying the information's facial sufficiency was sufficient to validate the February 20, 2020 statement of readiness for trial.

Under a plain reading of the statute, "the People are required to certify that the accusatory instrument is facially sufficient. Without this certification, the People cannot validly announce their readiness for trial and thereby stop the speedy trial clock" (*People v Ramirez-Correa*, 2021 NY Slip Op 21040, 3 [Crim. Ct. Queens Co. 2021]). In the instant case, the People's February 20, 2020 certificate of compliance does not comply with the mandates of CPL § 30.30 [5-a] as it does not contain the required certification of facial sufficiency. This Court notes that the certification did not come until April 19, 2021, after the defendant filed its motion to dismiss and over 14 months after the People first attempted to announce ready for trial. Since the People's February 20, 2020 certificate of compliance did not contain the required certification of facial sufficiency, it was not valid, and did not toll the speedy trial clock. (*See, e.g.*, *People v Muntaser Ifty*, Docket CR-032914-19QN, [Crim. Ct. Queens Co. Feb. 26, 2021]; *People v Manny Lopez*, Docket CR001527-20NY, [Crim. Ct. NY Co. Jan. 25, 2021]).

Based on the foregoing, the Court finds that the People have far exceeded the 90 days statutory requirement in which to prosecute this matter pursuant to CPL 30.30.

Accordingly, the defendant's motion to dismiss pursuant is granted.

The foregoing constitutes the decision and order of the Court.

Dated: September 27, 2021
      Brooklyn, New York

ENTER

*[signature]*

Derefim B. Neckles, J.C.C.