UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

STEVEN DOMINGUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK AND POLICE OFFICERS
JOSEPH BATTISTA AND DYLAN LYNCH,

Defendant.

-------------------------------------------------------------------------- x

**ANSWER TO THE AMENDED COMPLAINT**

21-CV-02302 (KPF)

**JURY TRIAL DEMANDED**

Defendant City of New York, Officer Joseph Battista, and Officer Dylan Lynch, by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, as follows:

1.     Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Amended Complaint.

3.     Deny the allegations set forth in paragraph "3" of the Amended Complaint.

4.     Deny the allegations set forth in paragraph "4" of the Amended Complaint, except state that the allegations that defendants were "acting under the color of state law" are conclusions of law to which no response is required.

5.     Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7.    Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9.    Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

10.    Deny the allegations set forth in paragraph "10" of the Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11.    Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Officer Battista and Officer Lynch are employees of the New York City Police Department.

12.    Deny the allegations set forth in paragraph "12" of the Amended Complaint, except state that they are conclusions of law to which no response is required.

13.    Deny the allegations set forth in paragraph "13" of the Amended Complaint, except state that they are conclusions of law to which no response is required, and admit that plaintiff purports to proceed as stated therein.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 19, 2020, and further admit that, to date, this matter has not been resolved.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint, except admit that when NYPD officers arrived on scene plaintiff was already injured.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit the batteries in the body worn cameras of Officer Battista and Officer Lynch had died prior to arriving on scene.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint, except admit the batteries in the body worn cameras of Officer Battista and Officer Lynch had died prior to arriving on scene.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that after biting Officer Lynch, plaintiff was restrained and taken outside to an ambulance.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint and respectfully refer to NYPD policy for a recitation of its contents.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint, except admit Officer Lynch and Officer Battista's body worn cameras were not recording at the time of the alleged incident.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Amended Complaint and state that plaintiff did assault NYPD officers, including biting Officer Lynch.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of the medical treatment plaintiff required.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

63.     Deny the allegations set forth in paragraph "63" of the Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

67.     Deny the allegations set forth in paragraph "67" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

68.     Deny the allegations set forth in paragraph "68" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's purported injuries.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74.     Admit the allegations set froth in paragraph "74" of the Amended Complaint.

75.     In response to the allegations set forth in paragraph "75" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80.     In response to the allegations set forth in paragraph "80" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Amended Complaint.

84.     In response to the allegations set forth in paragraph "84" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88.     In response to the allegations set forth in paragraph "88" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

89.     Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Amended Complaint.

91.     State the allegations set forth in paragraph "91" are conclusions of law to which no response is required.

92.     Deny the allegations set forth in paragraph "92" of the Amended Complaint, except state that they are conclusions of law to which no response is required.

93.     In response to the allegations set forth in paragraph "93" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

94.     Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96.     State the allegations set forth in paragraph "96" of the Amended Complaint are conclusions of law to which no response is required, except admit that the charges against plaintiff have been dismissed.

97.     Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98.     In response to the allegations set forth in paragraph "98" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

99.     Deny the allegations set forth in paragraph "99" of the Amended Complaint, except state that they are conclusions of law to which no response is required.

100.    Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Amended Complaint.

102.    In response to the allegations set forth in paragraph "102" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

103.    Deny the allegations set forth in paragraph "103" of the Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106.    State the allegations set forth in paragraph "106" of the Amended Complaint are conclusions of law to which no response is required.

107.    Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108.    In response to the allegations set forth in paragraph "108" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

109.    Deny the allegations set forth in paragraph "109" of the Amended Complaint, except state that they are conclusions of law to which no response is required.

110.    State the allegations set forth in paragraph "110" of the Amended Complaint are conclusions of law to which no response is required.

111.    Deny the allegations set forth in paragraph "111" of the Amended Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Amended Complaint.

113.    State the allegations set forth in paragraph "113" of the Amended Complaint are conclusions of law to which no response is required and respectfully refers the Court to United States v. Garcia, cited therein.

114.   Deny the allegations set forth in paragraph "114" of the Amended Complaint.

115.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Amended Complaint.

116.   State the allegations set forth in paragraph "116" of the Amended Complaint are conclusions of law to which no response is required.

117.   Deny the allegations set forth in paragraph "117" of the Amended Complaint, except state that they are conclusions of law for which no response is required.

118.   Deny the allegations set forth in paragraph "118" of the Amended Complaint.

119.   Deny the allegations set forth in paragraph "119" of the Amended Complaint.

120.   Deny the allegations set forth in paragraph "120" of the Amended Complaint.

121.   Deny the allegations set forth in paragraph "121" of the Amended Complaint.

122.   Deny the allegations set forth in paragraph "122" of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

123.   The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

124. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of defendants.

**THIRD AFFIRMATIVE DEFENSE:**

125. Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

126. There was probable cause for plaintiff's arrest, detention, and prosecution.

**FIFTH AFFIRMATIVE DEFENSE:**

127. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**SIXTH AFFIRMATIVE DEFENSE:**

128. Defendants Lynch and Battista have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

129. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**EIGHTH AFFIRMATIVE DEFENSE:**

130. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE:**

131.    At all times relevant to the acts alleged in the Amended Complaint, defendants Lynch and Battista acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE:

132.    Punitive damages cannot be assessed against defendant City of New York.

## TENTH AFFIRMATIVE DEFENSE:

133.    Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 15, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of
  New York
*Attorney for Defendants*
100 Church Street, Room 3-209
New York, New York 10007
(646) 740-1295

By:


        /s/
_____
        John Schemitsch
        *Senior Counsel*


cc:    **VIA ECF**
       *All Counsel of Record*