UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

STEVEN DOMINGUEZ,

                                    Plaintiff,

                -against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOSEPH BATTISTA and DYLAN LYNCH,

                                  Defendants.

------------------------------------------------------------------------x

**PROTECTIVE ORDER**

21 CV 2302 (KPF)

        **WHEREAS,** the parties in this action may be required to produce certain documents and information that they may deem to be Confidential, "Confidential – Attorneys' Eyes Only," or otherwise inappropriate for public disclosure; and

        **WHEREAS,** the parties seek to ensure that appropriate measures are in place to ensure that such documents and information remain protected; and

        **WHEREAS,** good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **THE COURT HEREBY ORDERS THAT:**

        1.     As used herein, "Action" shall mean the above-referenced lawsuit.

        2.     "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, (b) plaintiff's medical records, (c) a list from the New York City Police Department that identifies plaintiff's prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests, and (d) other documents and information

that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaint in the action, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

       3. "Confidential – Attorneys' Eyes Only Materials" shall mean information that counsel determines, in good faith, requires such designation to protect the interests of the client in information that is sensitive information that is not suitable for disclosure to a Receiving Party's clients.  Such information shall include defendants' medical records and other, similar documents containing defendants' medical information related to the underlying incident.  Information and documents that are designated as "Confidential – Attorneys' Eyes Only" shall be stamped or labelled "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

       4. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential or "attorneys' eyes only," and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

       5. A Receiving Party and that party's attorneys shall not use Confidential Materials or "Confidential – Attorneys' Eyes Only Materials" produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

       6. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, in connection with the defense or settlement of this Action.

d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

7. The "Confidential – Attorneys' Eyes Only Materials" disclosed in the Action will be held and used by the attorneys receiving such information solely for use in connection with the Action. Attorneys for a Receiving Party shall not disclose the "Confidential – Attorneys' Eyes Only Materials" to any person other than an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to the Court, or to medical providers, in their depositions, who provided the treatment described in the "Confidential – Attorneys' Eyes Only Materials." Plaintiff's counsel, as Receiving Parties, shall not disclose any "Confidential – Attorneys' Eyes Only Materials" to plaintiff. Defendants' attorneys, as Receiving Parties, may also disclose such information to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

8. Before any disclosure of "Confidential – Attorneys' Eyes Only Materials" is made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the "Confidential – Attorneys' Eyes Only Materials" for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the "Confidential – Attorneys' Eyes Only Materials" except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although

the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

9. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or "Confidential – Attorneys' Eyes Only" either by: (a) indicating on the record during the deposition that a question relates to Confidential or Confidential – Attorneys' Eyes Only Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Confidential Information Governed by Protective Order – Attorneys' Eyes Only," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving a deposition transcript, of the specific pages and lines of the transcript that are to be designated as such, in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.  On notice provided at the deposition, the Receiving Party must maintain the transcript as Confidential or "Confidential – Attorneys' Eyes Only" until 30 days after the Producing Party has received the deposition transcript.

10. In the case of a deposition that is recorded by audiovisual means, before disclosing or displaying the "Confidential – Attorneys' Eyes Only Materials," counsel for the Receiving Party must require the individual operating the audiovisual equipment and/or preparing the videotape or audio recording, to meet the requirements before whom a deposition may be taken as set forth in Rule 28 of the Federal Rules of Civil Procedure.  A principal of the videotaping or recording service used by the Receiving Party shall sign the consent agreement in the form annexed hereto, as well as each individual employee or contractor of the service

who operates the camera or recording device or who otherwise has access to the "Confidential – Attorneys' Eyes Only Materials."

11. The disclosure of a document or information without designating it as "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as "Confidential – Attorneys' Eyes Only" Materials. If so designated, the document or information shall thenceforth be treated as "Confidential – Attorneys' Eyes Only" Materials subject to all of the terms and conditions of this Order.

12. If a Receiving Party objects to the designation of any materials as Confidential or "Confidential – Attorneys' Eyes Only," he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential or "Confidential – Attorneys' Eyes Only" until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

13. Any party seeking to file papers with the Court that incorporate Confidential or "Confidential – Attorneys' Eyes Only" Materials or reveal the contents thereof shall make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials or "Confidential – Attorneys' Eyes Only" in keeping with the Individual Rules of Practice of the presiding district judge and shall indicate whether any other party objects to that request. The filing shall follow the District Court rules applicable to filing under seal and the Individual Rules of Practice of the presiding district judge.

14. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential or "Confidential – Attorneys' Eyes Only" Materials in any manner, or to limit the use of Confidential or "Confidential – Attorneys' Eyes Only" Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

15. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or "Confidential – Attorneys' Eyes Only" Materials are produced or disclosed. All documents or information that have been deemed Confidential or "Confidential – Attorneys' Eyes Only" pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential or "Confidential – Attorneys' Eyes Only" Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

16. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

BRUSTEIN LAW PLLC
*Attorneys for Plaintiff*
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com

By: /s/ Evan Brustein     4/22/2022
Evan Brustein

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(646) 740-1295
jschemit@law.nyc.gov

By: _____  4/25/22
John Schemitsch

Brian Bromberg
BROMBERG LAW OFFICE, P.C.
*Attorneys for Plaintiff*
352 Rutland Road, #1
Brooklyn, NY 11225
(212) 248-7906
brian@bromberglawoffice.com

By: _____  4/22/2022
Brian Bromberg

-8-

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

SO ORDERED:

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

Dated:   April 25, 2022
         New York, New York