

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JOHN SCHEMITSCH<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |
|---|---|---|

August 12, 2022

**VIA ECF**
Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re: Steven Dominguez v. City of New York, et al., 21-CV-2302 (KPF)

Your Honor:

I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Battista, Officer Lynch, Lt. Patrick Lynch, Det. Patrick Graney, and Det. Evan Nielsen. Defendants write to respectfully request a sixty day extension of time for the parties to complete fact discovery from August 22, 2022 until October 21, 2022, and an ensuing extension of time for the remaining discovery deadlines. This is the first such request, to which plaintiff consents. Defendants further request the Court bifurcate discovery with respect to plaintiff's municipal liability claim against defendant City of New York pursuant to Monell v. City of New York Department of Social Services, 436 U.S. 658 (1978), and stay any discovery related to such claim unless, and until, a date after which liability has been established against the individual City defendants pursuant to Federal Rules of Civil Procedure 26(c) and 42(b). Plaintiff consents to this request.

By way of background, plaintiff asserts various claims, including false arrest, excessive force, and municipal liability, *inter alia*, arising out of an alleged incident in the early morning of January 1, 2020. Plaintiff filed a Second Amended Complaint on May 25, 2022, asserting claims against additionally named NYPD officers, Patrick Graney, Evan Nielsen, and Patrick Lynch. The additionally added parties have been served and have filed their answers. (See ECF Nos. 69 and 70).

This extension of time to complete fact discovery is necessary in light of the newly added parties in the case. To date the parties have exchanged paper discovery and have engaged in discussions regarding any potentially outstanding discovery in an attempt to resolve the issues without seeking the Court's intervention. Given the newly added parties, there has

come to light additional documents that may need to be produced. As such, defendants request an extension of time for the completion of fact discovery from August 22, 2022 until October 21, 2022 and an ensuing extension of time for the remaining discovery deadlines.

Defendants further respectfully request that the Court bifurcate discovery with respect to plaintiff's municipal liability claims against the City of New York and stay any discovery. "It is well-established that a court may order separate trials in order to 1) avoid prejudice; 2) provide for convenience; or 3) expedite the proceedings and be economical." Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (2d Cir. 1999). "It is also established that bifurcation requires the presence of only one of these conditions." Id. In this Circuit, "courts often order bifurcation in 1983 civil rights cases where there are Monell claims against the municipality." Tabor v. New York City, No. 11-CV-195 (FB), 2012 U.S. Dist. LEXIS 29004, at *31 (E.D.N.Y. Feb. 23, 2012). In Morales v. Irizarry, the court stated, "[t]he overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a Monell claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the Monell claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established." Morales v. Irizarry, No. 95-CV-5068 (AGS) (HBP), 1996 U.S. Dist. LEXIS 15613, at *3 (S.D.N.Y. Oct. 22, 1996). Here, bifurcation or a stay of Monell discovery is also warranted as it would conserve resources and avoid any inefficient and unnecessary discovery disputes.

Accordingly, defendants respectfully request a sixty day extension of time to complete fact discovery with an ensuing extension of time to complete the remaining discovery deadlines and also that the Court bifurcate plaintiff's claims against the City of New York and stay Monell discovery until a date after which liability has been determined against any individual City defendants.

Thank you for your consideration herein.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*

cc:     **VIA ECF**
        Brian Bromberg, Esq.
        Evan Brustein, Esq.
        *Attorneys for Plaintiff*

Application GRANTED.

Preliminarily, the Court GRANTS the parties' request to bifurcate discovery.  The Court hereby STAYS discovery as to Plaintiff's claims brought against the City pursuant to *Monell* v. *Dep't of Social Servs.*, 436 U.S. 658 (1978).  Additionally, the Court GRANTS an extension of the remaining discovery deadlines.  The parties shall complete fact discovery on or before **October 21, 2022,** and expert discovery on or before **December 5, 2022.**  Lastly, the pretrial conference currently scheduled for August 31, 2022, is hereby ADJOURNED to **November 2, 2022, at 3:00 p.m.**

The Clerk of Court is directed to terminate the motion at docket entry 71.


Dated:   August 15, 2022           SO ORDERED.
         New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE