


| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

November 15, 2022

**VIA ECF**
Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Steven Dominguez v. City of New York, et al.</u>, 21-CV-2302 (KPF)

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Battista, Officer Lynch, Lt. Patrick Lynch, Det. Patrick Graney, and Det. Evan Nielsen.  Defendants write in response to plaintiff's motion to compel, dated November 9, 2022. (<u>See</u> ECF No. 79).

    By way of background, plaintiff asserts various claims, including false arrest, excessive force, and municipal liability, *inter alia*, arising out of an alleged incident in the early morning of January 1, 2020 when plaintiff, while intoxicated at a New Year's Eve party and after being assaulted and severely injured by an unidentified patron at the party, bit a police officer on the ankle who was responding to the scene and needed to be secured in order to have medical care provided to him.

    On October 18, 2022, plaintiff moved to compel production of, *inter alia*, "an Affidavit from someone with authority in the NYPD who conducted the search [for Body Worn Camera footage] and the answers to each of the questions posed by Plaintiff[,]" in particular searching for answers to eight questions. (<u>See</u> ECF No. 73).  Defendants, in response, noted that they had previously conferred with plaintiff and agreed to produce an affidavit in response, and indeed, did so on November 7, 2022.  That affidavit stated that based on a database search, there was only one body worn camera video found pertaining to the alleged incident. (<u>See</u> ECF No. 75).  On November 7, 2022, plaintiff raised issues with the affidavit, alleging it was not fully responsive to the request and alleging that a prior attorney on the case had made representations that she had reviewed numerous body worn camera videos.  On November 9, 2022,[1] the

---

[1] This Office was closed on November 8, 2022 for election day.

undersigned discovered that there were five additional body worn camera videos responsive to plaintiff's initial document request and immediately produced them to plaintiff. An additional search was conducted by the body worn camera unit, who confirmed that these were the only additional videos, and that these five had not been found in their prior checks. A supplemental affidavit detailing these searches is in process of being drafted.

The parties further met and conferred on November 9, 2022, at which time defendants advised that of the eight questions posed by plaintiff, questions regarding the operation of the cameras on the day of the incident, could not be provided by the individual at NYPD who was capable of performing a search for body worn camera videos. Defendants further advised that these questions would be more appropriate for deposition of the defendants in this matter and agreed to produce a supplemental affidavit pertaining to the additional body worn camera videos.

Plaintiff now moves to compel production of (1) names, titles, shields, if applicable, and service addresses for Commanding Officers, Desk Officers, Patrol Supervisors, and Roll Call Supervisors as well as Command Logs, Roll Calls, for the 75th Precinct and the Emergency Services Unit, Squad 7 for during the Incident on January 1, 2020 between 2:00 A.M. and 7:00 A.M.; (2) compel Defendants to identify the NYPD officers seen in the newly disclosed body-worn camera footage, (3) compel Defendants to produce sworn statements from Susan Scharfstein, Esq., John Schemitsch, Esq., and Allison Arenson, Esq., detailing (a) what investigative steps they each took to identify the body worn camera footage, (b) what video surveillance they each reviewed; (c) when they reviewed the footage; (d) what steps they each took to preserve the videos; (e) why each attorney has provided contradictory representations about the video surveillance; (4) compel the Defendants to produce an Affidavit answering each of the eight questions for the 24 NYPD officers identified in Defendants' Initial Disclosures; and, (5) scheduling a conference to address what sanctions and remedies are appropriate.

As an initial matter, plaintiff has not met and conferred on several of these issues prior to raising them with the Court, as is required by Fed. R. Civ. P. 37(a)(1), Local Rule 37.3(a), and Your Honor's Individual Rule 3(C). Had they done so, several of these disputes need not be brought to Your Honor's attentions. Defendants initially note that they have agreed to provide an updated affidavit confirming that there are no additional body worn camera videos of the alleged incident, and confirming that they have searched for each of the 24 people identified by defendants in their initial disclosures. In addition, defendants are willing to produce command logs and roll calls for the 75th precinct and ESU, to the extent they exist, which should be sufficient to identify any commanding officers on duty at the time of these events.[2]

In addition, defendants are willing to work with plaintiff to further identify the individuals seen in the video. Defendants have already provided plaintiff a responsive list of twenty-four NYPD officers who were in the vicinity of the incident alleged in this matter, first on October 7, 2021 and again in their supplemental disclosures, dated March 18, 2022.

---

[2] ESU is a specially unit that does not keep the same type of records, but defendants will produce an equivalent record.

However, those names were not tied to the actions seen on the video. Counsel is willing to work with plaintiff to identify specific officers seen in this video, to the extent possible.

To the extent, however, that plaintiff now seeks to expand discovery regarding body worn cameras in this case to encompass not only the officers on scene but every one of their supervisors regarding body worn cameras, it should be denied, or at least severely limited. The information defendants have agreed to provide is sufficient to identify these individuals, should plaintiff believe their depositions are necessary. Defendants note that plaintiff referenced the statute of limitations and implicates that he intends to sue the supervising officers. Plaintiff seemingly alleges that these individuals may have violated some portion of the NYPD Patrol Guide and references the statute of limitations. Plaintiff does not however explain what claim he is making against these individuals other than seemingly claiming they may have violated a section of the Patrol Guide, which is not a viable claim. Nor can plaintiff pursue supervisory liability against these individuals. See Tangreti v. Bachman, 983 F. 3d 609 (2d Cir. 2020) (finding there is no special rule for supervisory liability and a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'). Therefore, this request should be denied.

Defendants object to plaintiff's request to compel affidavits from the prior attorney for defendants, Susan Scharfstein, and the undersigned. This information is protected by the attorney's work-product privilege. "The work-product privilege protects 'work product of the lawyer' by prohibiting 'unwarranted inquiries into the files and the mental impressions of an attorney." SEC v. Morelli, 143 F.R.D. 42, 1992 U.S. Dist. LEXIS 11189 (S.D.N.Y. Jul. 30, 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)). Plaintiff is flatly on a fishing expedition, improperly seeking information directly from defendants' counsel, which plaintiff is not entitled to. Moreover, as stated above, the undersigned has provided to plaintiff the additional body worn camera videos immediately after discovering them.[3]

As to plaintiff's request for an affidavit from Allison Arenson, defendants note that she in an employee of NYPD's Legal Bureau's Body Worn Camera Unit, who provided the initial affidavit on November 7, 2022. Ms. Arenson is not a police officer and was not on scene or at the 75th Precinct on the date of the alleged incident and has no direct knowledge regarding whether an officer was or was not wearing a body worn camera at the start of their tour and whether their body worn camera stopped working and why during their tour, and cannot attest to those facts. Defendants have agreed, however, to provide a supplemental affidavit from Ms. Arenson detailing the search for video footage available for the alleged incident, and what videos are available; and for the 24 individuals in the vicinity of the incident, whether they were assigned a body worn camera on the date of the incident, and whether there exists any body worn camera footage for each of them. Again, as noted above, plaintiff's request for details about whether an officer was equipped with a body worn camera at the start of their tour and whether their body worn camera stopped working and why during their tour, is beyond the scope of knowledge able to be provided by Ms. Arenson. This is a topic more suitable for depositions of the parties. The supplemental affidavit of Ms. Arenson can provide the date upon which any

---

[3] Should the Court request, defendants will provide further information *ex parte* to the Court under seal.

footage was deleted and to the best of her ability her understanding of why. Any further questions into the officer's actions and recollections as to their body worn cameras are more suitable for the depositions of individually named defendants. Indeed, defendants anticipate that plaintiff will inquire into these issues regarding body worn cameras at the individual defendants depositions, which are currently scheduled to occur between the end of November and mid-December. Plaintiff's request for affidavits from each of the 24 individuals should be denied. For the individually named defendants, this request is duplicative of anticipated deposition testimony. For the remaining 19 individuals, they are not named defendants, and plaintiff has been aware of these individuals for over a year. Defendants object to plaintiff's request for an affidavit from each of the twenty four officers identified by defendants as it is not proportionate to the needs of this case.

As to plaintiff's request for "sanctions and remedies," plaintiff does not specify what they are seeking, and to that end, defendants cannot respond, but reserve the right to do so.

Thank you for your consideration herein.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*

cc: **VIA ECF**
Brian Bromberg, Esq.
Evan Brustein, Esq.
*Attorneys for Plaintiff*

The Court is in receipt of Plaintiff's motion to compel discovery (Dkt. #79) and Defendants' above response, and addresses each of the parties' disputes in turn:

(i) Defendants shall produce command logs and roll calls for the 75th Precinct ESU for the relevant time period. If, after receiving that information, Plaintiff seeks additional sources of the names, titles, shields, and addresses of the involved officers, he shall confer with Defendants before filing an additional motion to compel discovery.

(ii) The Court credits Defendants' representation that they will work with Plaintiff to identify the officers that appear in the newly-produced videos.

(iii) Given the inconsistencies in Defense counsel's representations about their efforts to locate body-worn camera footage, Defendants shall produce statements from Ms. Scharfstein and Mr. Schemitsch detailing what investigative steps each took to identify relevant body worn camera footage; what footage each reviewed and when, and what steps each took to preserve the footage. The Court trusts that Ms. Scharfstein and Mr. Schemitsch can respond to these questions without divulging privileged information.

Defendants shall also produce a supplemental affidavit from Ms. Arensen. That affidavit shall include responses to questions (1), (2), (3), and (4) listed in the final paragraph of page 3 of Plaintiff's second motion to compel production (Dkt. 79). The Court agrees with Defendants that questions (5), (6), (7), and (8) are better suited for depositions.

(iv) The Court will not compel the 24 involved officers to provide affidavits at this time. Plaintiff may seek information from those officers through depositions.

Unless otherwise specified, Defendants shall produce these materials to Plaintiff on or before **November 30, 2022**.

The Court does not see a basis for sanctions at this time, and thus Plaintiff's request for a conference "to discuss appropriate sanctions and remedies" is DENIED. The Court will reconsider this position if the parties continue to have disputes of this nature.

The Clerk of Court is directed to terminate the motion at docket entry 79.

SO ORDERED.

Dated: November 16, 2022
      New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE