

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

December 2, 2022

**VIA ECF**
Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: Steven Dominguez v. City of New York, et al., 21-CV-2302 (KPF)

Your Honor:

  I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Battista, Officer Lynch, Lt. Patrick Lynch, Det. Patrick Graney, and Det. Evan Nielsen. I write in response to the Court's Order, dated November 16, 2022, directing the undersigned to provide a statement detailing what investigative steps I took to identify relevant body worn camera footage; what footage I reviewed and when, and what steps I took to preserve the footage.

  I was assigned this case on February 15, 2022 . On or about March 24, 2022, I learned that there had been previous requests for body worn camera footage made by my office, but I was not aware that any footage had been produced. Thereafter, in conjunction with support staff from my office, on March 29, 2022, I requested body worn camera footage connected with the location and approximate time of the incident for officers from the 75th Precinct and Emergency Services Unit Squad 7. I was advised that there were no body worn camera videos found. I followed up with the body worn camera video unit on or about April 6, 2022, and was advised that there was some footage for that day pertaining to two officers, however, that footage had been automatically deleted eighteen months following the incident, pursuant to NYPD video retention policies.

  On July 14, 2022, after a conversation with my client, I was made aware of one body worn camera video that was taken well after this incident and in a separate location from the incident. I requested this footage from the body worn camera unit, and received it through the NYPD's production portal, evidence.com. I reviewed this video on or about July 27, 2022, and thereafter produced it to plaintiff. On August 31, 2022, I again contacted the body worn camera unit regarding whether there were any body worn camera videos records around the time of the

- 2 -

alleged incident and in the vicinity of the incident. I was advised that there was only one video, which I had previously received and produced to plaintiff. On November 7, 2022, I produced to plaintiff an affidavit from Allison Arenson, describing her search for body worn camera videos. I conferred with plaintiff's counsel, who claimed that the prior attorney assigned to this case from my office, Ms. Scharfstein, had reviewed hours of body worn camera videos. I spoke with Ms. Scharfstein on November 9, 2022, and learned that there were body worn camera videos, which were taken on or about the time of the incident and in the vicinity of the incident, which had been placed in a separate folder in evidence.com for download. After speaking with Ms. Scharfstein I reviewed various case transfer documents and realized that there was a notation in the file that she had received body worn camera videos, which I had mistakenly overlooked upon initially taking on the case. I reviewed the six videos the same day, five of which I had not previously seen and which had not been produced to plaintiff. I immediately informed plaintiff and produced the five videos.

After a video is requested and given to the Law Department through evidence.com, it is preserved by my office. It is my understanding that the BWC unit preserves video in accordance with their own retention policies.

Thank you for your consideration herein.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*

cc: **VIA ECF**
Brian Bromberg, Esq.
Evan Brustein, Esq.
*Attorneys for Plaintiff*