

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-2375<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

April 21, 2023

**VIA ECF**
Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   <u>Steven Dominguez v. City of New York, et al.</u>, 21-CV-2302 (KPF)

Your Honor:

      I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Battista, Officer Lynch, Lt. Patrick Lynch, Det. Patrick Graney, and Det. Evan Nielsen. Defendants write to oppose plaintiff's motion for a conference to compel defendants to produce memobooks for 24 identified officer and an order directing defendants to pay the costs for 21 depositions plaintiff requests to schedule. (<u>See</u> ECF No. 107).

      By way of background, plaintiff asserts various claims, including false arrest, excessive force, and municipal liability, arising out of an alleged incident in the early morning of January 1, 2020. Early that morning, plaintiff, while intoxicated at a New Year's Eve party and after being assaulted and severely injured by an unidentified patron at the party, bit a police officer on the ankle who was responding to the scene and needed to be secured in order to have medical care provided to him. Plaintiff specifically alleges that he was injured by police officers in the process of being secured. This alleged incident took place between 3:37 AM on January 1, 2020, when an initial 911 call was placed, and ended no later than 4:46 AM, when plaintiff was transported to the hospital.

      Defendants had previously identified 24 officers, including the five individually named defendants, who were in the vicinity of the alleged incident on or about the time in question. Following a conference held on March 14, 2023, the Court directed defense counsel to speak with all 24 individuals and provide plaintiff with non-privileged summaries of the interviews with the officers, specifically identification of whether the officers were on scene,

where they were, what their involvement was in the alleged incident, and whether they had a body worn camera that day. Defendants have since provided plaintiff with these summaries, which included seven who have recollections of witnessing or interacting with plaintiff, nine officers who have no recollection of responding to this incident at all, and identification of two additional officers who were purportedly on scene. Defendants have conferred with plaintiff and agreed to provide additional information as to these two additional officers.

First, as to plaintiff's request to compel production of memobooks of these 24 officers, defendants note that eight memobooks have already been produced, including the memobooks of three of the nine officers who do not believe they responded to the alleged incident. I conferred with counsel following plaintiff filing his motion and have agreed to produce the remaining memobooks by April 28, 2023. Therefore, this request should be denied as moot.

Second, plaintiff has put forward no basis for his motion for defendants to pay the costs for the 21 depositions he seeks to schedule.[1] Pursuant to Fed. R. Civ. P. 30(b)(3)(A), "[t]he noticing party bears the recording costs." Plaintiff cites to no rule or case that supports his argument the Court should shift the costs of the depositions in this case. Plaintiff has brought a claim where a large number of officers responded to a chaotic scene. Plaintiff was provided with the names of all officers in the area, and defendants have identified the individuals who are most likely to have relevant knowledge. Plaintiff has decided that he would like to depose all of the individuals, as the Court has already permitted him to do, including those individuals who have no recollection of plaintiff. The sole basis plaintiff puts forth to argue that defendants should pay the costs of the depositions is that he is unsatisfied with the summaries that defendants have put forward. Plaintiff further alleges that the "brief summaries raise more questions than they answer" without alleging what those purported questions are, nor has he posed those questions to defense counsel. If plaintiff believes his case is best served by taking all of these depositions, then the Rules provide that he pay for the costs of those depositions.[2]

---

[1] Defendants note that plaintiff has already deposed the five individually named defendants, who were included in the list of 24 individuals who were in the vicinity of the alleged incident on or about the time in question. Defendants have further identified two additional officers who were on scene for the alleged incident. As such, it appears that plaintiff intends to depose 21 remaining individuals.

[2] Defendants note that that 42 U.S.C. § 1983 actions are governed by 42 U.S.C. § 1988, which provides that a prevailing party may seek reasonable attorneys' fees and costs.

Thank you for your consideration herein.

Sincerely,

/s/
John Schemitsch
*Senior Counsel*

cc: **VIA ECF**
Brian Bromberg, Esq.
Evan Brustein, Esq.
*Attorneys for Plaintiff*

```
The Court is in receipt of Plaintiff's letter requesting an order (i)
compelling Defendants to produce the memo books of the 24 officers
listed in Defendants' April 14, 2023 letter and (ii) shifting the costs
of the officer depositions to Defendants.  (Dkt. #107).  The Court is
also in receipt of Defendants' above response.

The Court credits Defendants' assertion that they will produce the
requested memo books.  Defendants shall make such productions on or
before April 28, 2023.

Plaintiff's request for Defendants to bear the costs of officer
depositions is DENIED.  The Court previously ordered defense counsel to
speak with all potentially-involved officers and provide summaries of
those conversations to Plaintiff.  (March 14, 2023 Minute Entry).  The
Court also gave Plaintiff leave to depose as many officers as he deems
necessary.  (Id.); see also Fed. R. Civ. P. 30(a)(2)(i).  Plaintiff has
not shown why cost-shifting is an appropriate sanction.  The Court
understands that Defendants have been fully compliant with their
discovery obligations since the March 14, 2023 discovery conference.
Moreover, if Plaintiff is ultimately successful on the merits of this
action, he may recover the costs of discovery as well as attorney's
fees.  See 42 U.S.C. § 1988(b).  And there are ways for Plaintiff to
reduce the up-front costs of the depositions, including by conducting
them through written questions.  See Fed. R. Civ. P. 31.

The Clerk of Court is directed to terminate the motion at docket entry
107.

                                        SO ORDERED.

Dated:    April 24, 2023
          New York, New York

                                  -3-   HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE
```