

299 Broadway  
17th Floor  
New York, New York 10007  

(212) 233-3900  

evan@brusteinlaw.com  
www.brusteinlaw.com  

<u>Via ECF</u>  
Honorable Dale E. Ho, U.S.D.J.  
Southern District of New York  
40 Foley Square  
New York, NY 10007  

Re: <u>Dominguez. v. City of New York, et al.</u>, 21-CV-2302 (KPF)  

Dear Judge Ho:  

My office, together with co-counsel, Brian L. Bromberg, Esq., represents the plaintiff, Steven Dominguez, in the above-referenced civil-rights case against NYC and a number of NYPD police officers.  

I am writing because on April 2, 2024, I took a deposition by Zoom of Defendants' expert, Dr. Robert April, M.D. As Your Honor may recall, the parties got into a dispute over whether Defendants had to produce a draft expert report that Dr. April had reviewed in preparing for his deposition and that Dr. April had sitting in front of him during his deposition. Plaintiff had to call Your Honor to compel production of the draft report and Your Honor ordered its production.  

When Defendants produced the document, before even reading the draft report, it was clear that final expert report was four pages longer than the draft report.  We gave Dr. April the option of taking a short break so that we could review the differences between the documents, formulate questions, and conclude the deposition that day or have Dr. April return another day and complete the deposition. We also advised that we did not believe that there was more than 30 minutes remaining in the agreed to time constraints.  Dr. April advised that he would prefer to continue on another day.  Accordingly, the parties kept the deposition open and rescheduled to complete the questioning on May 14, 2024 at 1:00 p.m.  

Even though, Dr. April had agreed to reduce his fee if Plaintiff limited his questions to 3.5 hours instead of the permissible seven hours, and that time has not yet been exhausted, Defendants and Dr. April are now seeking additional compensation to complete the 3.5-hour deposition.  Plaintiff respectfully requests that the Court Order Dr, April to appear remotely to complete his deposition

on May 14, 2024 without an additional compensation from Plaintiff, and if Dr. April fails to appear, Defendants should be precluded from using Dr. April as a witness or from relying upon Dr. April's report or his deposition testimony.

**Defendants' Position[1]:**

Plaintiff should be required to pay the reasonable fee of Dr. Robert April for the continued deposition that plaintiff seeks. Federal Rule of Civil Procedure 26(b)(4)(E) requires that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D) . . . ." Plaintiff has not demonstrated that "manifest injustice" would result if he is required to pay the additional cost occasioned by his own choice to continue the deposition.

Dr. April agreed with defendants' counsel to accept $2,500 (half his usual fee for a deposition) for a half-day deposition. Dr. April made no agreement regarding the amount of time spent on questioning during the deposition, which is of course out of his control. Nor did defendants' counsel promise plaintiff that he could conduct 3.5 hours of questioning for the $2,500. Specifically, by email of March 4, 2024, Mr. Brustein stated: "Unless Dr. April would reduce his fee for a half day deposition, we are not inclined to limit it at the outset. Please let us know if he wants to charge only $2,500 if we limit it to 3.5 hours." Defendants' counsel replied the same day that "Dr. April agrees to the half fee for half day . . . ." Later, on March 5, 2024, defendants' counsel reiterated that "Dr. April requires payment of the fee ($2,500 for 3.5 hours) at least one day in advance of the deposition."

Defendants did not agree that the 3.5 hours would consist of constant questioning, and there is no dispute that Dr. April was required to be present for the deposition on April 2, 2024, for more than 3.5 hours. As noted in the deposition transcript, the deposition began at 1:09 p.m. and ended at a5:12pm. Much of the non-testimony time concerned counsel's dispute about whether Dr. April's draft report was privileged, and the draft report was presumptively privileged under the federal rules. Defendants have been unable to calculate the exact amount of time spent on questioning. But as plaintiff's counsel states, all counsel agreed that there was not more than 30 minutes of questioning remaining out of a half-day under the Federal Rules' presumption of seven hours of questioning. There was no agreement then about exactly how long the next session would be, and no discussion of who would pay Dr. April's fee for additional time. Plaintiff's counsel later asked if we could agree that the next deposition period would be no more than 1 hour, and defendants agreed solely for convenience, to avoid disputes about the remaining time.

---

[1] Defendants' Position has been indented to make clear to the Court the beginning and ending of their position.

If plaintiff wanted to avoid the requirements of Fed. R. Civ. P. 26(b)€, and not pay anything for additional time with Dr. April, then plaintiff ought to have made that demand before adjourning the deposition. It was not discussed. Dr. April is entitled to reasonable compensation for his time. As plaintiff acknowledges, the draft report contains substantially less material – not more – than the expert's final report. Plaintiff had a full opportunity to question the expert about the contents of his final report, which contains all that was in the draft. Therefore, no more than 30 minutes of questioning (and more likely less) is needed to explore why the expert added the other material to the report. And, of course, plaintiff is limited to questioning about the differences between the draft and final report; he may not revisit other subjects, and does not ask to do so.

Accordingly, the Court should order plaintiff to pay Dr. April's $1,000 for up to 1 hour of Dr. April's time, or alternatively $500 for 30 minutes of time.

Respectfully submitted,

__Alan Scheiner  /s/_____
Alan Scheiner
Senior Counsel
NYC Law Department
Attorney for Defendants

Plaintiff thanks the Court for its consideration herein.

Respectfully Submitted,

/s/ *Evan Brustein*
Evan Brustein

cc:   Alan H. Scheiner, Esq. (Via ECF)
      Brian L. Bromberg, Esq. (Via ECF)

---

Plainttiff's letter-motion to compel Dr. April's deposition without additional compensation is **DENIED**.

Under the Federal Rules of Civil Procedure, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i). For the April 2, 2024 deposition, the parties had agreed to a 3.5 hour deposition at a reduced rate of $2,500. There is no dispute that Dr. April was present for the April 2, 2024 deposition for more than 3.5 hours. Plaintiff has not demonstrated that "manifest injustice" would result if he is required to pay the additional cost of continuing the deposition. Accordingly, Plaintiff shall pay Dr. April for his additional time at an hourly rate equal to the reduced rate that the parties had previously agreed to (i.e., $2,500 for 3.5 hours, or $714.29 per hour).

The Clerk of Court is respectfully directed to close ECF No. 143.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: May 10, 2024
New York, New York