

**MURIEL GOODE-TRUFANT**
Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BRIAN FRANCOLLA**
*Senior Corporation Counsel*
Tel.: (212) 356-3527
Fax: (212) 356-3509
bfrancol@law.nyc.gov

September 4, 2025

**BY ECF**
Honorable Dale E. Ho
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: <u>Steven Dominguez v. City of New York, et al.</u>, 21-CV-02302 (DEH)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants in the above-referenced action. In that capacity, I write jointly with plaintiff's counsel in response to the Court's September 3, 2025 Order to advise the Court of the parties' availability for trial in April and May of 2026.

    Having conferred, the parties' preference, assuming of course it was convenient to the Court, would be to begin trial the week of April 20, 2026. In the event that week is not available, the parties next would prefer to begin trial the week of April 27, 2026.

    The first two weeks of April would not be workable due to Passover (which runs from April 1, 2026, through April 9, 2026) as well as an expected vacation for defendant Lieutenant Patrick Lynch that would take place from April 3, 2026, through April 12, 2026 (and run parallel to school closures within the City that may otherwise impact juror availability). Additionally, defendant Police Officer Dylan Lynch is expecting the birth of his child some time in the middle of May. While it is not yet clear how that will impact his availability for trial in whole or relevant part, there is enough of a possibility that it would in some fashion such that it would be preferable to begin trial during the weeks of April 20, 2026, or, if that does not work for the Court, April 27, 2026, rather than some time in May. If neither of those preferred weeks in April work for the Court, the week of May 4, 2026, would also likely be workable, however, the possibility may exist that defendants have to request permission to have defendant Police Officer Lynch testify out of order – something both parties wish to avoid if at all possible.

2

    Thank you for your consideration herein.

                                                                   Respectfully submitted,

                                                                         /s/
                                                                   Brian Francolla
                                                                   Senior Counsel
                                                                   Special Federal Litigation Division

cc:      All Counsel (By ECF)