UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STEVEN DOMINGUEZ,                                    :
                                                     :
                              Plaintiff,             :
                                                     :
 -against-                                           :
                                                     :                    :
CITY OF NEW YORK, *et al.*,                          :          21 CV 2302 (DEH)
                                                     :
            Defendants.                              :
-------------------------------------------------------------x

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff hereby requests, pursuant to Rule 47 of the Federal Rules of Civil Procedure, that the Court pose the following questions during voir dire.

1.          Please give your full name and address.[1]

2.          Are you employed?  If yes, please describe your position.

3.          Any significant prior employment?

4.          Are you married?  If yes, what is your spouse's occupation?

5.          Do you have children?  How many?  What ages?  What are their occupations?

6.          Have you or any member of your immediate family ever served in the armed forces?

7.          If so, what kind of duty did you perform?

8.          Please describe your educational background, including majors in college.

9.          Have you ever been a party to a lawsuit?  If yes, please describe what the lawsuit was about and whether the result was satisfactory or unsatisfactory.

---

[1] Defendants object to the extent this question seeks a juror's complete address as opposed to the more typically appropriate county of residence or at most, neighborhood.

10.      Have you ever been a witness for a party bringing a lawsuit?  If yes, please describe the case and on whose behalf you testified.

11.      Have you ever been a juror before?  In a civil or criminal case?  Did it go to verdict?  Have you ever been on a Grand Jury?

12.      Is any member of your family or any of your close friends a lawyer?  If yes, please describe your relationship to each such person, and the kind of law they practice, if known.

13.      This trial should last no more than a week.  Do any of you suffer from any physical, or emotional, or health problem that make it difficult to devote your full attention to this trial?

14.      Do any of you have any eyesight or hearing problems which would make it difficult for you to see or hear the evidence and testimony?

15.      Do you or any members of your family or any of your close friends work for a police department in any city, town or village?  If yes, please describe the circumstances.

16.      Do you or any members of your family or any of your close friends work for any federal, state or local law enforcement agency?  If yes, please describe the circumstances.

17.      Have you ever had any contact with police officers, or any other law enforcement officers?  If yes, what were the circumstances?  Was the contact favorable or unfavorable?  Why?

18.      Has any member of your immediate family or any of your close friends or relatives ever had any contact with police officers, or any other law enforcement officers?  If yes, what were the circumstances?  Was the contact favorable or unfavorable?  Why?

19.      Do any of you, or any members of your family, belong to groups which directly

-2-

support police functions?  Are any of you family honorary police officers/law enforcement personnel?  Are any of your family members?[2]

20.    Do you know or recognize the plaintiff, defendants, attorneys or anyone else involved in this case.  If so, please describe the nature of the relationship.  Additionally, the following persons may be called as witnesses: [JUDGE HO TO SUPPLY].  Do you know any of these individuals; if so, please describe the nature of the relationship.

21.    Have you, or any member of your family, or any friend or relative, ever been employed by the City of New York, State of New York, or any Government body?

22.    Do you own stock in any casualty insurance company?  Have you, a member of your family, or a close friend ever worked for a casualty insurance company?[3]

23.    Do you feel that you would be more inclined to believe the testimony of a police officer than you would the testimony of another witness?  If so, why?[4]

24.    Have you ever been a witness to, or the victim of, a crime?  If so, please describe the circumstances.

25.    Have you ever been arrested or convicted of a crime?  If so, please describe the circumstances.  Would anything about your experience impact upon your ability to be impartial in this case?

26.    The defendants in this case are the following members of the City of New York Police Department, the NYPD.  Do you feel that you can judge the testimony of a NYPD Police

---

[2] Defendants object to this group of questions as unnecessary.

[3] Defendants object to this group of questions as unnecessary.

[4] Defendants do not object to probing this area for inquiry, however, the phrasing of the question should be more neutral than plaintiff has proposed.

Officer without any special sympathy?[5]

27.          Mr. Dominguez brings this lawsuit as private citizens against members of the NYPD.  Is there any juror that feels that citizens who believe they have been treated illegally and unfairly should not bring a lawsuit to redress their injuries?[6]

28.          Do you understand that this is a civil case and not a criminal case and that no one will go to prison as a consequence of the verdict here?

29.          On the other hand, do you understand that Mr. Dominguez is asking to obtain money for damages done to him, and that the money would come from the City of New York?[7]

30.          Do you believe that Mr. Dominguez should not be allowed to recover damages if you find that he was injured as a result of the defendants' wrongful conduct?[8]

31.          We often hear in the news about "tort reform."  Even though this case has nothing to do with the issue of tort reform, do you have any strong personal beliefs about the issue of tort reform?  If so, please come to side bar.[9]

32.          As jurors, you are the sole judges of the facts that you hear at trial.  I am the sole judge of the law.  Is there anyone who believes that they cannot apply the law as given by me in

---

[5] This is duplicative of earlier questions and only needs to be asked once.

[6] Defendants object to the specificity with which this question is phrased and submit the topic could be probed more generally than plaintiff has proposed.

[7] Defendants object to this question for a myriad of reasons including the fact that it is not necessarily accurate and at a minimum is premature.  Additionally, where money may ultimately come from is not a consideration for the jury who is tasked simply with deciding liability and damages.

[8] This topic can be explored via one general question not the amount plaintiff has proposed.

[9] See footnote 7.  Defendants also object to asking the jury about tort reform as completely unnecessary.

this case, irrespective of your own opinions, if any, or what law may have been given to you to apply in any other case in which you may have served as a juror, or what you may have read in the newspapers or observed on television?

33.        Do you have any feelings about the topic of police misconduct in general?  What are your feelings?

34.        Have you been or do you have any family members or friends who believe they may have been the victim of police misconduct?  If so, whom?  Do you still believe you can judge the defendants fairly?

35.        Do you have any feelings or thoughts when someone claims they were the victim of police misconduct?  What are they?  Can you put aside such feelings?

36.        If, after hearing the evidence and my instructions on the law, you found that one or more of the defendants had wrongfully injured Mr. Dominguez, would you hesitate to make them pay money damages?

37.        Do you believe that police misconduct is a common thing or an infrequent thing?[10]

38.        Do you think that police officers should be given the benefit of a doubt when their conduct is challenged and there is a dispute arising out of their conduct?[11]

39.        The evidence in this case will include testimony that Mr. Dominguez was on parole at the time of his arrest.  Is there anyone who, after hearing such testimony, will be unable

---

[10] Defendants agree this topic should be probed, however, not via as many questions as plaintiff has proposed including this one.

[11] This has been covered.

to judge Mr. Dominguez fairly?

40.        Is there any member of the jury who has a belief, now, without hearing any evidence or the law, that defendants should not be held responsible for the actions complained of in this lawsuit, even if the claims of the plaintiffs are proven?  Conversely, is there any member of the jury who has a belief, now, without hearing any evidence or the law, that defendants should be held responsible for the actions complained of, even if Mr. Dominguez does not prove his claims?[12]

41.        Do you have any bumper stickers on your car?  If so, what do they say?[13]

42.        What radio stations do you listen to?

43.        What magazines or newspapers do you regularly read?

44.        What organizations are you a member of?[14]

45.        Do any of you own firearms?[1516]

46.        Do you use social media?  If so, which platforms do you use?

47.        Do you follow any public figures, celebrities or social media influencers online?

48.        If you are selected as a juror in this case, do you know of any reason why you

---

[12] This topic has been sufficiently covered.

[13] Defendants object to this question.

[14] Defendants object to this question.

[15] Proposed voir dire questions 41-45 were asked of prospective jurors by visiting Judge Avern Cohn in *Randazzo v. City of New York, et al.*, E.D.N.Y., CV 97-2720, and Judge Judith McCarthy in *Donghia v. Reyes, et al.*, 13 CV 2209 (JCM) (S.D.N.Y. Nov. 9, 2015).

[16] Defendants object to this question and cannot fathom why it would be remotely appropriate considering there is no allegation that any firearm was used in this case.

could not be fair and impartial?

49.          Finally, if there is anything concerning any issue relating to your service as a juror

which you wish to discuss with the Court privately, please let me know now?


Dated: March 16, 2026
       New York, New York


BRUSTEIN LAW PLLC


By: */s/ Evan Brustein*
Evan Brustein
Attorneys for Plaintiff
299 Broadway, Suite 800
New York, NY 10007
(212) 233-3900


STEVEN BANKS
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-3527


By:              /s/

 

Brian Francolla
Senior Counsel