**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

STEVEN DOMINGUEZ,                                        No: 21-CV-2302 (DEH)

                                              Plaintiff,

   - against-


THE CITY OF NEW YORK, AND POLICE OFFICERS
JOSEPH BATTISTA, DYLAN LYNCH, AND PATRICK
LYNCH,

                                              Defendants.
------------------------------------------------------------------------x


### THE PARTIES' PROPOSED REQUESTED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Individual

Rules, the parties submit their proposed jury instructions. With the Court's permission, the

parties wish to respectfully reserve the right to supplement these instructions at the close of the

evidence if unanticipated factual issues have arisen during the course of trial.

### PROPOSED JURY INSTRUCTION NO. 1
### INTRODUCTORY REMARKS[1]

Ladies and gentlemen of the jury, I am now about to instruct you on the law that you will

apply to the facts in this case. You will then perform your most important function. You will

determine the facts in accordance with my instructions on the law. Before I begin, I repeat my

thanks and that of the parties for your patience and attention. We recognize the personal

---

[1] The general instructions have been prepared by plaintiff.  Defendants' practice is to only provide instructions as to the substantive claims and damages on the presumption that the Court has its own form general instructions.  To the extent defendants have any objections to plaintiff's general instructions, we will so state.

1

inconvenience you undergo to serve and extend, again, our appreciation for the important service you render to the administration of justice.

You have now heard all of the evidence in this case as well as the final arguments of the lawyers for the parties. We have reached the point where you will undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will approach your deliberations with the same patience you have displayed thus far and that you will act with fairness and impartiality to reach a just verdict.

My duty is to now instruct you as to the law, and your duty is to accept my instructions and apply them to the facts as you determine them. You should not single out any instruction as alone stating the law. All of my instructions are equally important and you should consider them as a whole when you deliberate. You also should not be concerned about the wisdom of any rule that I state.

Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you. If any attorney has stated a legal principle different from any that I state to you in these instructions, it is my instructions that you must follow. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oath to do at the beginning of the case. The result of your work will be the verdict that you return. If we both perform our functions properly, then justice will have been served no matter what verdict you return.[2]

---

2 3 Sand, Siffert, Reiss, Sexton & Thrope, Modern Federal Jury Instructions (1990), Instruction

As members of the jury, you are the sole and exclusive judges of the facts. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw the reasonable inferences to be drawn from the evidence, or lack of evidence. In determining these issues, no one may invade your functions as jurors.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. During the trial, I have been called upon to make rulings on various questions. There may have been objections, or motions may have been made to strike answers. You are to disregard the reason for these matters. You are to disregard the fact that an objection was made and sustained or overruled or that conferences took place. The rulings I have made during the trial are not any indication of my views of what your decision should be. These are matters of law and, although you may have been curious about them, you should not consider them. Of course, if at any time I instructed you to disregard anything that was said, then you must follow that instruction and pay no attention to that question or answer in your deliberations.

I also ask you to draw no inference from the fact that upon occasion I made comments, asked questions of certain witnesses, or said something to one or both of the attorneys. These comments, questions and statements were only intended for clarification or to expedite matters, and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. From time to time, the attorneys and I may also have had sidebar conferences and other conferences out of your hearing. None of these conferences should enter into your deliberations

---

71-2, Modified (hereinafter "Sand").

at all. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.[3]

With regard to any factual matter, your recollection and your recollection alone governs. Anything that counsel for either Mr. Dominquez[4] or the Defendants may have said with respect to matters in evidence, whether while questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence. So, too, anything that I may have said during the trial or may say during these instructions as to any factual matter is not to be taken in place of your own recollection or judgment.[5]

---

[3] Sand Instruction 71-3 (Modified); Sand Instruction 71.01.

[4] To the extent the parties are referenced throughout the instructions, defendants submit it should be by plaintiff or defendants as opposed to the Court saying plaintiff's name while referring to the defendants by party name.

[5] Sand Instruction 71.0.

4

**PROPOSED JURY INSTRUCTION NO. 2**
**BURDEN OF PROOF**

I will now describe to you what is called the "burden of proof." From television, books, or movies you may have heard of something called proof beyond a reasonable doubt. That is the standard, or burden, of proof in a criminal trial. Since this is a civil trial, that requirement does not apply. You should therefore put it entirely out of your mind. The burden of proof in this case is called a preponderance of the evidence.

A "preponderance of the evidence" simply means the greater weight of the evidence. The weight of evidence refers to the quality of the evidence, not to the number of witnesses, the number of documents, or the amount of time a particular side spent presenting its case. It is the weight the evidence carries in your mind. Put another way, to prove something by a "preponderance of the evidence" simply means to prove that it is more likely so than not so.[6]

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a preponderance of the evidence—the testimony, stipulations of fact, and documents—that you find worthy of belief. In order for a party to prevail on an issue on which it has the burden of proof, the evidence that supports its position on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it.

When I say in these instructions that a party has the burden of proof on any proposition, or use expressions like "if you find," or "if you decide," I mean you must be persuaded,

---

6 Sand Instruction 73-2 (Modified); 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 72.02 (1987 & Supp. 1993) (hereinafter, "Devitt"); New York Pattern Jury Instructions, Second Edition ("PJI") 1:23.

considering all the evidence in the case, that the proposition is more probably true than not true. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of witnesses, regardless of who may have called them, the relevant exhibits received in evidence, regardless of which side may have produced them, and any stipulated facts, as I may have identified them to you.

You should also attach no significance to the fact that certain witnesses were called to testify by Mr. Dominguez or by the defendants. Nor should you attach any meaning to the fact that a document or other exhibit was introduced by one party rather than another. Every party is entitled to the benefit of any evidence tending to support its arguments, even if such evidence came from witnesses or documents introduced by the other party. This is true with respect to any contested issue of fact in the case.[7]

The law does not require any party to call as witnesses each and every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness over whom the party has no control.[8]

---

[7] *Larson v. JoAnn Cab Corp.*, 209 F.2d 929 (2d Cir. 1954); Sand Instruction 73-2.
[8] Federal Jury Practice and Instructions, § 73.11 (as modified).

6

**PROPOSED JURY INSTRUCTION NO. 3**
**WHAT IS, AND IS NOT, EVIDENCE GENERALLY**

The evidence in this case is the sworn testimony of the witnesses, the documents, and other exhibits which have been received in evidence.

The questions asked by the attorneys are not evidence, nor are the statements the attorneys made in their openings and summations. Objections, my rulings on those objections, and the various other arguments and statements made by the attorneys, or by me, during the trial are also not evidence. Finally, testimony that has been stricken or excluded, and documents or other exhibits which have not been admitted into evidence are also not evidence, and are not to be considered by you in your deliberations or in reaching your verdict in this case.

The attorneys, on cross-examination, may have incorporated into a question a statement which assumed certain facts to be true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the attorney's question.

Also, if certain testimony was received for a limited purpose – such as for the purpose of showing a witness's state of mind – you must follow the limiting instructions I gave at the time that evidence was received.

What the attorneys said to you in their opening statements and in their summations was intended simply to help you understand the evidence, but was not evidence itself. If your recollection of the facts differs from what the attorneys said, you should rely upon your recollection, and not the attorney's statements.

Exhibits which were marked for identification, but were not actually admitted into evidence, also may not be considered nor may materials which were used solely to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of particular evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[9]

---

[9] Sand Instruction 74-1 (Modified).

**PROPOSED JURY INSTRUCTION NO. 4**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses something he himself has seen, felt, touched, or heard. Direct evidence may also be an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. A simple example of circumstantial evidence which is often used in this courthouse goes like this: Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Now assume that the courtroom blinds were drawn during the trial, so you could not see outside. As the trial proceeded, someone walked into the courtroom with a dripping wet umbrella. Then, a few minutes later, another person also entered with a wet umbrella. Now remember, the blinds on the windows are drawn, so you can't see whether or not it is raining outside. So you have no direct evidence of that fact. But because you saw two people walk into the courtroom with wet umbrellas, it would be reasonable and logical to conclude that it had indeed been raining outside. Those wet umbrellas are circumstantial evidence of the fact that it is, or was, raining outside. You infer on the basis of reason, your own experience, and common sense, from one established fact—that two people walked into the courtroom with wet umbrellas—the existence of another fact – that it is, or was, raining outside.

Circumstantial evidence is of equal value to direct evidence. The law generally makes no distinction between direct evidence and circumstantial evidence. It simply requires that your

9

verdict be based upon a preponderance of all the evidence, both direct and circumstantial, that

has been presented.[10]

---

10 Sand Instruction 74-2 (Modified).

**PROPOSED JURY INSTRUCTION NO. 5**
**INFERENCES**

During the trial, you may have heard the attorneys use the word "inference" in their opening statements or summations, or you may have heard them ask you to infer, on the basis of your own experience and common sense, one or more facts, with the assistance of some other fact.

An inference is not a suspicion or a guess. It is a reasonable, logical decision to conclude that a disputed fact exists based upon another fact which you know to exist. There are times when different inferences may be drawn from the same facts. Not all such inferences, though, would be equally fair or reasonable. It is for you, and you alone, to decide whether to draw any inferences from the evidence you have heard and seen during the trial, and if so, what inferences may reasonably be drawn from that evidence. You may not use your experience and common sense to fill in or create evidence that does not exist, but you may use them to draw reasonable inferences from proven facts, or to weigh and evaluate the evidence, or lack of evidence, provided during the trial.[11]

---

11 Sand Instruction 74-1.

**PROPOSED JURY INSTRUCTION NO. 6**
**WITNESS CREDIBILITY**

You have now had the opportunity to observe all the witnesses, and it is time for you to decide how believable each witness was in his or her testimony. Since you are the sole judges of the facts in this case, you must judge the credibility of each witness, and the importance of his or her testimony in this case. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness's testimony.

How are you to appraise or weigh their testimony? There is no magic formula. When you walked into this courtroom as jurors, however, you did not leave your common sense, your good judgment, or your experiences in life behind you. You carried those experiences and common sense with you into the jury box, and you will carry them into the jury room during your deliberations, as well. Your determination of the credibility—by which I mean the believability—of a witness very largely depends upon the impression that witness made upon you. Did the witness's version appear straightforward and candid, or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or to shade the testimony offered?

Everything a witness said or did on the witness stand counts in your determination. Indeed, often it is not what a person says but how he or she says it that moves us. What you should try to do, in other words, is to "size the person up," just as you would do in any important

matter when you are undertaking to determine whether or not a person is being truthful, candid and straightforward.

You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness of his testimony and its consistency. You should also consider the probability or improbability of the witness's testimony when viewed in the light of all of the other evidence in the case. The witness's demeanor, his or her relationship, if any, to the dispute or to one or the other of the parties, and any other potential bias or partiality, are also all factors in determining the witness's credibility. There may be yet additional factors, and you may consider any that you believe bear on the witness's credibility.

If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may be reconciled by fitting the two stories together. If that is not possible, you will then have to determine which of the conflicting versions you will accept. Use common sense and rely on your human experience.

**PROPOSED JURY INSTRUCTION NO. 7**
**CREDIBILITY OF POLICE OFFICERS[12]**

The testimony of a law enforcement officer is entitled to no special or exclusive sanctity. Rather, the testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating an officer's credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer. You should recall his demeanor on the stand, his manner of testifying, the substance of his testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater rights.[13]

---

12 Adapted from Avery, Rudovsky & Blum, *Police Misconduct: Law and Litigation* (2006) § 12:8.

[13]  Defendants have no objection to a standard charge of this type, however, focusing on plaintiff's proposal, we would object to the last two sentences as unnecessary and repetitive.

**PROPOSED JURY INSTRUCTION NO. 8**
**EXPERT TESTIMONY[14]**

You have heard testimony from [*name*] who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

---

14  Ninth Circuit Model Civil Jury Instructions 2:13.

**PROPOSED JURY INSTRUCTION NO. 9**
**USE OF CERTAIN DEPOSITIONS[15]**
**(if any deposition testimony is read to the jury)**

Some of the testimony before you is in the form of depositions which have been received

in evidence. A deposition is simply a procedure where the attorneys for one side may question a

witness or an adversary party under oath before a court stenographer prior to trial. This is part of

the pretrial discovery, and each side is entitled to take depositions. You may consider the

testimony of a witness given at a deposition according to the same standards you would use to

evaluate the testimony of a witness given at trial.

---

[15] Authority: Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 74-14.

**PROPOSED JURY INSTRUCTION NO. 10**
**IMPEACHMENT**

A witness may be discredited, or "impeached," by a showing that at some earlier time the witness said or did something which is inconsistent with the witness's testimony here at trial. It is for you to determine, first, whether the prior statement or act was indeed inconsistent with the witness's trial testimony, and if so, whether the inconsistency is significant or inconsequential.

If you believe that a witness has been impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves. If you find that the witness made an earlier statement that now conflicts with the testimony that witness gave here at trial, you may accept, in part or in whole, the earlier testimony; you may accept, in part or in whole, the witness's testimony here at trial; or you may reject, in whole or part, both the prior and trial testimony.

In making this determination, you may consider whether the witness purposefully made a false statement now, or previously, or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; and whether the witness had a credible explanation for the inconsistency.[16]

Evidence of the prior inconsistent statement was presented to you to help you decide whether to believe the trial testimony of that witness. It is not to be considered by you as affirmative evidence in determining liability.[17]

---

[16] Sand Instruction 76-5.
[17] Sand Instructions 76-4, 76-5 (Modified).

**PROPOSED JURY INSTRUCTION NO. 11**
**LOST OR DESTROYED EVIDENCE[18][19]**

If you find that the Defendants intentionally destroyed or failed to preserve body-worn camera videos that the Defendants knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the Defendants.

---

[18] Adapted from Ninth Circuit Manual of Model Criminal Jury Instructions (2010) 4:19.

[19] Defendants object to this charge. Plaintiff's request for spoliation has twice been denied. This instruction would effectively ignore those rulings.

**PROPOSED JURY INSTRUCTION NO. 12**
**DISCREPANCIES IN TESTIMONY, AND THE DOCTRINE OF *FALSUS IN UNO***

In considering the evidence presented to you at trial, you may find that there were discrepancies in a witness's testimony. If you do, that is a proper basis for you to disbelieve that witness. Such discrepancies, though, or differences between one witness's testimony and another's do not necessarily mean that that witness should be disbelieved completely.

Witnesses sometimes forget things, and even witnesses who are trying to be scrupulously truthful may be nervous or anxious when they testify, and contradict themselves or misspeak unintentionally. Two people witnessing the same event may also see or hear it quite differently. That is where your role as the jury comes in; it is your job to judge from both what a witness says, and how he or he appears, his or her testimony should be believed, and how much weight it should be given.

In weighing the significance of a discrepancy in testimony, you may wish to consider whether it relates to an important fact or merely to a trivial detail. You should always remember, though, that a willful falsehood of any kind is a matter of importance, and should be considered seriously.

If you find that, during the trial, a witness has willfully testified falsely as to a material fact, the law permits you to disregard not only the testimony regarding that fact, but the testimony of that witness in its entirety. The law allows this on the principle that a person who testifies falsely about one material fact is likely to testify falsely about other facts, and possibly even about everything. You are not, however, required to disregard all of that witness's testimony. You may accept as much of the witness's testimony as you feel is true, and disregard as much of it as you feel is false.

19

**PROPOSED JURY INSTRUCTION NO. 13**
**INTEREST IN THE OUTCOME AND OTHER BIAS**

In evaluating a witness's testimony, you should consider whether he or she has an interest, or lack of interest, in the outcome of the case. Mr. Dominguez and Defendant Police Officers Joseph Battista, Dylan Lynch, and Patrick Lynch, all have interests in how this case is decided. As parties, they are all interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness, and having an interest does not mean that the witness has not told the truth. It is for you to decide from the demeanor and testimony of each interested witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest.

You may, if you consider it proper under all of the circumstances, choose not to believe the testimony of an interested witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and you may accept all, or as much, of his or her testimony as you find reliable, and reject as much as you find unworthy of belief.[20]

For example, you may consider an employment relationship between the Defendants – as fellow police officers and employees of Defendant City of New York[21] – as well as any other

---

[20] Sand Instruction 76-2 (Modified).

[21] Defendants object to any instruction that references the City of New York's status as a defendant under the theory of respondeat superior for reasons more fully explained in defendants' motions *in limine*.

interest a party or witness may have, in determining whether that witness's testimony was in any way influenced by that relationship or interest.[22]

---

[22] PJI 1:92.

**PROPOSED JURY INSTRUCTION NO. 14**
**SUMMARY OF PLAINTIFF'S CLAIMS[23]**

Members of the jury, I am now going to instruct you on the substantive law to be applied to Mr. Dominguez's claims. First, a summary of the allegations.

On January 1, 2020, at approximately 4 a.m., Steven Dominguez was attending a New Years' Eve party, when he was slashed in the jaw with a broken bottle. One of the people with Mr. Dominguez called 9-1-1 for help. Before the police arrived, the only injury sustained by Mr. Dominguez was related to his slashed jaw.

When the police arrived, according to Mr. Dominguez, he was not acting out of control but was sitting being treated for his injury. The police, without justification, forcibly grabbed Mr. Dominguez, took him to the ground, and grabbed him by his hair and pushed his head into the hard ground. Mr. Dominguez lost consciousness in the middle of being attacked by the police.

More than 20 NYPD Officers responded to the scene, each of whom were supposed to be equipped with body worn cameras. Despite the ability to record and the NYPD's requirement that the officers record the entire incident, not one officer captured the use of force against Mr. Dominguez.

Mr. Dominguez claims that the Defendants fabricated evidence, falsely claiming Mr. Dominguez had bitten Officer Dylan Lynch.  The Defendants tried to cover up the excessive force by falsely arresting and maliciously prosecuting Mr. Dominguez who was shackled to a

---

[23] Defendants object to the necessity of any charge such as this as well as the substance of it to the extent that it incorrectly and inappropriately marshals the evidence.  The jury will have heard the evidence by the time the Court's charges them on the law and does not need to have it read back to them even in summary form.

hospital bed for over one week and was prosecuted for approximately a year and a half before all charges were dismissed.  Defendants' actions thereby denied Mr. Dominguez the right to a fair trial.  As a result of the assault by the police, Mr. Dominguez suffered a traumatic brain injury and a right frontal sinus fracture which required surgery.  The injuries Mr. Dominguez sustained from the assault by the police still impact him in all aspects of his life.

**PROPOSED JURY INSTRUCTION NO. 15**
**SUMMARY OF DEFENDANTS' DEFENSES[24]**

PLAINTIFF'S INTRODUCTORY INSTRUCTIONS AS TO THE STATUTE AND
SUBSTANTIVE CLAIMS

**SUBSTANTIVE LAW/PARTIES[25]**

1.      The plaintiff in this case is Steven Dominguez. He is suing the defendants under federal law and the law of the State of New York. The federal claims asserted by him arise under a federal statute, 42 U.S.C. § 1983, which I will explain to you in greater detail shortly. Section 1983 provides a remedy, among other things, for individuals who have been deprived of their federal constitutional rights under color of state law. Mr. Dominguez alleges that the defendants deprived him of his right to be free from excessive force. He also alleges that the defendants arrested him without probable cause, subjected him to a malicious prosecution and deprived him of a right to a fair trial when they falsely accused him of biting Officer Dylan Lynch.

2.      The defendants in this action are Dylan Lynch, Joseph Battista, Patrick Lynch, and the City of New York. The individual defendants are sued in their individual capacities, and as members of the City of New York Police Department.

3.      Although there are four defendants in this case, it does not follow from that fact alone that if one or more defendant is liable, any other defendant is liable. Each defendant is entitled to a fair consideration of the evidence relating to the plaintiff's claims and that defendant's own defense, and plaintiff and each defendant is not to be prejudiced by any finding

---

[24] Defendants have the same objection.

[25] Other than reference to defendant City of New York, defendants do not have any substantive objections to this proposal, however, we propose a somewhat simpler framework below.

you make for or against plaintiff or any defendant. Unless otherwise stated, all the instructions I give to you govern the case as to each of plaintiff's claims, and each defendant's defenses, separately.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**
**INTRODUCTION TO § 1983 LIABILITY**

**THE STATUTE: 42 U.S.C. § 1983**

4.    The law to be applied to Mr. Dominguez's federal claims in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

5.    Plaintiff's suit against the defendants is based upon the federal Civil Rights Act, Title 42 of the United States Code, § 1983, which reads in relevant part:

> Every person who, under color of any statute, ordinance, custom or usage of any state subject or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the constitution . . . , shall be liable to the party injured in an action at law. . . .[26]

6.    Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges, and immunities secured to them by, among other things, the federal constitution. Before Section 1983 was enacted in 1871, people so injured were not able to sue state and local officials for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws. Section 1983 was enacted to give people a federal remedy in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[27][28]

---

[26] 42 U.S.C. § 1983.

[27] The instructions set forth in paragraphs 4-6 are adapted from the instructions given by Judge John G. Koeltl in *Funnye v. City of New York, et al.*, 98 Civ. 7731 (S.D.N.Y. July 2001).

[28] Defendants object to the sentences beginning with the word "Before" on the grounds that they constitute unnecessary historical background for the jury amidst what is expected to otherwise be

## ELEMENTS OF A SECTION 1983 CLAIM

7.      To establish a claim under Section 1983 against the defendants, Mr. Dominguez

must establish, by a preponderance of the evidence, each of the following elements:

> First, that the conduct complained of was committed by the
> defendants acting under color of state law;
>
> Second, that in so acting, the defendants violated the constitutional
> rights of Mr. Dominguez; and
>
> Third, that the defendants' acts were the proximate or legal cause
> of the injuries and consequent damages alleged by Mr.
> Dominguez.

I shall now examine each of the elements in detail.[29]

## FIRST ELEMENT: "UNDER COLOR OF LAW"

8.      In this case it is not disputed that the individual defendants were acting in their

official capacities as members of the City of New York Police Department, and therefore, were

acting under color of state law. The parties have agreed that plaintiff has established this

element, and you do not have to consider it.

9.      That does not end your inquiry. You must still determine whether Mr. Dominguez

has established, by a preponderance of the evidence, the remaining two elements of his § 1983

claims: whether defendants actually deprived him of a constitutional right, and, if so, whether

that deprivation "proximately caused" the injuries he claims to have sustained.

## SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

10.     The second element that Mr. Dominguez must prove by a preponderance of the

---

a lengthy charge.

[29] Sand Instruction 87-68.

evidence is that the defendants deprived him of rights protected by the United States Constitution. In order for him to establish this element, Mr. Dominguez must establish the following by a preponderance of the evidence: first, that the defendants committed the acts alleged by Mr. Dominguez; second, that those acts caused him to suffer the loss of a federal right; and third, that, in performing the acts alleged, the defendants acted intentionally or recklessly.[30]

11.    I will first explain what I mean when I state that Mr. Dominguez must show that defendants acted intentionally or recklessly. Then I will explain what I mean by actions causing the loss of a constitutional right.

### STATE OF MIND--GENERAL

12.    To establish a claim under Section 1983, Mr. Dominguez must establish by a preponderance of the evidence that the defendants acted intentionally or recklessly, as compared to negligently.[31] I emphasize that Mr. Dominguez does not have to establish that the defendants intended to violate his federal constitutional rights.[32]

13.    An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason.[33] An act is reckless if done in conscious disregard of its known probable consequences.[34] If you find that one or more of the defendants committed the acts plaintiff claims, then I instruct you that plaintiff has established that the defendants have acted intentionally, and you do not have to

---

[30] Sand 87-74.
[31] Sand 87-74.
[32] *Hudson v. New York City*, 271 F.3d 62, 68-69 (2d Cir. 2001).
[33] Sand 87-76.
[34] *Id*. 87-77.

consider it further.[35]

## LOSS OF A FEDERAL RIGHT

14.    Mr. Dominguez claims that defendants deprived him of rights and privileges secured and protected by the United States Constitution. Specifically, he claims that defendants used excessive force against him during the early morning hours of January 1, 2020. He also claims they arrested him without probable cause, subjected him to a malicious prosecution, and deprived him of a right to a fair trial when they falsely accused him of biting Dylan Lynch.

<u>DEFENDANTS' INTRODUCTORY INSTRUCTIONS AS TO THE STATUTE AND SUBSTANTIVE CLAIMS</u>

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendants submit the following proposed jury instructions:[36]

## **PART I:  SUBSTANTIVE LAW[37][38]**

---

[35] *Dancy v. McGinley*, 843 F.3d 93, 116-18 (2d Cir. 2016); *see Kingsley v. Hendrickson*, 576 U.S. 389, 394-96 (2015).

[36] Defendants intend to rely on the defense of qualified immunity.  As the Court in <u>Zellner v. Summerlin</u>, 494 F.3d 344 (2d Cir. 2007), and <u>Stephenson v. John Doe</u>, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law. Thus, defendants respectfully submit that the jury should not be charged on qualified immunity. Defendants also respectfully submit that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity.  Defendants can address this issue further at the Court's direction.

[37] Defendants' proposed charge is limited to the elements of the claims, the damages sought and defenses under the presumption that the Court has its own general instructions.  Should the Court wish for defendants to provide same, we can promptly do so.

[38] Plaintiff objects to Defendants' Substantive Law Charge, which omits the necessary element of "under color of law."  Although conceded by the Defendants, acting under color of law is an essential part of §1983 Claims and is part of what makes such a claim a constitutional violation. Additionally, Plaintiff submits that this also is not as clear as Plaintiff's version.

**A.**   **The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff assert claims pursuant to 42 U.S.C. § 1983.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)   Defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)   Defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

**1.**   **First Element:  Deprivation of Constitutional Right**

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendants committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendants acted intentionally or recklessly.

**1.**   ***Commission of Alleged Acts***

The first thing for you to determine is whether the defendants committed the acts alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendants committed the acts alleged by plaintiff, you must find in favor of the defendants.[39]

---

[39] Adapted from the instructions given by the Hon. Paul A. Engelmayer in Gabriel Diaz v. Lauren Diaz, et al., 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

## 2. *Loss of a Constitutional Right*

If you determine that the defendants committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case the plaintiff has brought the following claims against the defendants Police Officer Joseph Battista, Police Officer Dylan Lynch, and Lieutenant Patrick Lynch:

First, false arrest against all defendants.

Second, excessive force against all defendants.

Third, malicious prosecution against all defendants.

Fourth, denial of the right to a fair trial against all defendants.

Fifth, failure to intervene against all defendants.

I'll now explain each of these claims to you in more detail.

<u>PARTIES' INSTRUCTIONS REGARDING THE SPECIFIC CLAIMS</u>

PLAINTIFF'S PROPOSED **EXCESSIVE FORCE CHARGE**

15.     Mr. Dominguez alleges that defendants violated his Fourth Amendment right to be free from unreasonable seizures by using excessive force against him. Defendants deny using any force in seizing Mr. Dominguez.

16.     For the claim of excessive force, Mr. Dominguez must prove, with respect to each defendant you are considering, that there was some harm that resulted directly and only from the use of force that was excessive to the need and the excessiveness of which was objectively and unreasonable in light of the facts and circumstances at the time.

17.     In determining whether any of the defendants used excessive force, you should consider the totality of the circumstances confronting the defendant officers. Some of the things you may want to consider are: the severity of the crime that the officers believe that Mr. Dominguez had committed; whether Mr. Dominguez posed an immediate threat to the safety of

31

the officers or others; whether he was actively resisting arrest or attempting to evade arrest by flight; the extent of the injury caused by the force; the need for the application of force; the relationship between the need and the amount of force any officer used; the relative physical size, strength and any weaponry of the officers and/or Mr. Dominguez; and the general exigency of the moment. These are some of the factors that you may wish to consider and it's all for you to look at the totality of the circumstances in your deliberations.[40]

18.     The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20-vision of hindsight. The nature of reasonableness recognizes the fact that police officers are often forced to make split second judgments in circumstances that are tense, uncertain and rapidly evolving, about the amount of force that is necessary in a particular situation.[41]

19.     The reasonableness inquiry is an objective one. The question is whether the officers' actions are objectively reasonable, not subjectively reasonable, in light of the facts and circumstances confronting them without regard to the officers' underlying intent or motivation. Because the question you must determine is whether defendants' use of force was "objectively reasonable," you cannot consider their underlying intent or motivation. A police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not necessarily make a reasonable use of force excessive.[42]

20.     Again, it does not follow that if one or more defendant is liable, any other defendant is liable. Each defendant is entitled to a fair consideration of the evidence relating to the plaintiff's claims and that defendant's own defense, and plaintiff and each defendant is not to

---

[40] *Graham v. Connor*, 490 U.S. 386, 396 (1989).
[41] *Id.* at 396-97.
[42] *Id*. at 397.

be prejudiced by any finding you make for or against plaintiff or any defendant.[43]

21.    Here, the defendants deny using any force against the plaintiff that caused him any injury. If you find that one or more of the defendants used excessive force against the plaintiff, then your verdict should be in favor of the plaintiff and against that defendant or defendants. If, on the other hand, you find that none of the individual defendants used unreasonable force against the plaintiff, then your verdict must be in the defendants' favor on this claim.

22.    You need not determine which specific defendant or defendants physically struck Mr. Dominguez in order to find one or more of them liable for excessive force. If you find that the evidence establishes that Mr. Dominguez was subjected to excessive force by one or more of defendants Dylan Lynch, Joseph Battista, or Patrick Lynch, it is not necessary for you to identify which particular defendant delivered any specific blow or applied any specific force. It is sufficient if you find that each defendant you hold liable either personally used excessive force, or, as I will explain below, failed to intervene to prevent another officer from doing so.[44][45]

23. Where officers act in concert with each other, such as by lending aid or encouragement. the officers are each fully responsible for Mr. Dominguez's injuries even though the particular officer in question may not have wielded the instrumentality of harm. In other

---

[43] The instructions set forth in paragraphs 15 - 20 are adapted from those given by Judge Frederic Block in *Gad Alla v. City of New York, et al.*, 11 CV 892 (FB) (E.D.N.Y. Feb. 25, 2013). As noted, Judge Block relied upon the Supreme Court's decision in *Graham*. If desired, we can supply the Court with Judge Block's jury instructions in *Gad Alla*.

[44] *Colon v. City of New York*, No. 09-CV-8 & 09-CV-0009, 2012 WL 691544 (E.D.N.Y., Pollak, M.J. Feb. 9, 2012), report and recommendation adopted at 2012 WL 686878 (Weinstein, J. Mar. 2, 2012).

[45]   Defendants object to this paragraph on the grounds that it is confusing and, to the extent it suggests that the jury can find a defendant liable for excessive force without any determination that said defendant  in fact used excessive force to be an inaccurate statement of the law.

words, an officer may be liable for using excessive force even if he or she did not strike the blow that caused Mr. Dominguez's most significant injury. It is enough that the officer was at the scene and participated in the use of force.[46][47]

24.Mr. Dominguez may establish an officer's personal involvement through facts suggesting that the officer was personally involved in the use of force. But the plaintiff need not establish who, among a group of officers, directly participated in the excessive force to satisfy direct participation.

Rather, Mr. Dominguez may show direct participation by a member of a group of officers by a combination of factors—direct testimony, cross examination, and circumstantial evidence—to raise an inference that a particular defendant took a particular action.

In determining if one of the defendants directly participated in excessive force the plaintiff claims, your focus should not be on a lack of direct testimony if you determine that there is ample circumstantial evidence to show by a preponderance of the evidence that the officer directly participated in the incident that led to the use of excessive force.

In reaching this conclusion you are permitted to use the testimony of multiple individuals to infer that particular officers were liable for the alleged conduct, even if Mr. Dominguez cannot tie a particular officer to a particular action.

If you find that Mr. Dominguez has proven by a preponderance of the evidence that he was subjected to excessive force and that the force was the proximate cause of his injuries, you must determine which, if any, of the officers directly participated in use of the excessive force. You

---

[46]  This instruction was delivered by Judge Anne M. Nardacci in *Cooper v. Clancy, et al.*, 9:19-cv-362 (N.D.N.Y) (AMN/ML). While *Cooper* involved a wrongful death claim arising out of the Eighth Amendment, Mr. Dominguez submits it applies with equal force under the Fourth Amendment.

[47] Defendants object to this charge for the same reasons as we object to paragraph 22.

may find that one, or any combination, or none at all, directly participated in the use of excessive force.[48][49]

DEFENDANTS' PROPOSED EXCESSIVE FORCE CHARGE[50][51]

**EXCESSIVE FORCE**

The plaintiff alleges that the defendants violated his Fourth Amendment rights by using excessive force. Defendants dispute plaintiff's version of events, and contend that their actions were justified, reasonable under the circumstances, and in accordance with the existing law. Therefore, you must first determine whose version of events you believe.

In order to find for plaintiff on this claim, you must find three (3) things:

(1) that he suffered a physical injury;

(2) that the injury suffered was proximately caused by the intentional actions or conduct of defendants, and no one else, directed at the plaintiff; and

(3) that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendants, that mere fact would not be sufficient by itself to demonstrate that the defendants

---

[48] Jury Instruction Proposed in Chernick v. Faya, et al. 19-CV-7093 (E.D.N.Y.) (ST)

[49] Defendants object to this charge for the same reasons as paragraphs 22 and 23.

[50] Defendants propose beginning with false arrest rather than excessive force, however, for the interests of making any review and/or comparison simpler, defendants will mirror plaintiff's order as to specific claims.

[51] Plaintiff submits that Defendants' excessive force charge places a higher burden on Plaintiff, incorrectly claiming that physical injury must be established. Additionally, Defendants' charge eliminates any explanation of in-concert liability. For example, here, as it is alleged that multiple officers held Plaintiff downed while his head was bashed into the ground, a jury could reasonably find liability for the defendants for restraining or otherwise enabling the excessive force, even if the individual defendant was not the one physically smashing Plaintiff's head into the ground.

violated the plaintiff's constitutional rights.[52]    In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.  That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[53]  In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[54]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.  On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.  You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendants; and 3) if the defendants used force against the plaintiff, whether the force was unnecessary, unreasonable, or excessively violent.   Force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[55]  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[56]  In making this determination, you may take into account such factors as the severity of the crime at

---

[52] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[53] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[54] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, et al., 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, et al., 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

[55] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

[56] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

issue, whether the plaintiff posed an immediate threat to the safety of the defendant you are considering or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.[57]  Although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether there was force used and, if so, whether the alleged force was reasonable.

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[58] Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[59]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[60]  The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[61]

---

[57] Taken from the instructions given by Hon. Paul A. Engelmayer in <u>Diaz v. Lauren Diaz</u>, *et al.*, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[58] <u>Graham</u>, 490 U.S. at 396.

[59] Adapted from the instructions given by Hon. Judge Barbara S. Jones in <u>Pope v. Buttner</u>, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in <u>Tsesarskaya v. City of New York</u>, *et al.*, 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[60] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in <u>Fryar v. Zhen</u>, *et al.*, 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).
[61] Taken from the instructions given by the Hon. Judge Brian M. Cogan in <u>Gilliard v. Kibel</u>, *et al.*, 10 CV 5247 (E.D.N.Y.); <u>see also</u> instructions given by Hon. Judge Fredric Block in <u>Stanczyk v. City of New York</u>, *et al.*, 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[62]  You are not to consider the officer's underlying intent or motivation.[63]  I also instruct you that negligence does not violate the Fourth Amendment.  Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[64]

Defendants deny that they subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts alleged by him took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendants on this claim.  If your answers are yes, then in determining whether the acts of the defendants caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

PLAINTIFF'S PROPOSED <strong>FALSE ARREST CHARGE</strong>[65]

25.    Mr. Dominguez seeks damages for false arrest as against the defendants. A police

---

[62] <u>See</u> instructions given by Hon. Judge J. Paul Oetken in <u>Choi v. Murdocco</u>, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[63] <u>Graham</u>, 490 U.S. at 396.

[64]  See <u>Daniels v. William Sylvesters</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Coakley v. Jaffe</u>, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); <u>Solana v. New York City Dep't of Corr.</u>, 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

[65] Defendants object to plaintiff's proposed false arrest charge on the grounds that it is overly simplistic, limited with regard to the potential crimes for which plaintiff could have been arrested and limited factually as well with regard to the arrestable conduct in question.

officer commits a false arrest if he or she intentionally, and without the right to do so, arrests a person who is aware of the arrest and does not consent to it.[66]

26.     Mr. Dominguez claims that on January 1, 2020, defendants arrested him without a warrant and caused him to sustain damage. These defendants admit that they arrested the plaintiff without a warrant, but contend that his arrest was lawful under the circumstances.

27.     I instruct you that under federal law, a police officer has the right to arrest a person without a warrant whenever he or she has reasonable cause to believe that the person has committed a criminal offense. Defendants have the burden of proving by a preponderance of the evidence the existence of probable cause that Mr. Dominguez committed a criminal offense.[67]

28.     Reasonable or probable cause exists "when . . . the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."[68]

29.     The quantum of evidence that an officer must possess to establish probable cause "must constitute more than rumor, suspicion, or even a 'strong reason to suspect.'"[69]

30.     In determining whether probable cause exists, you are to look to the totality of the circumstances confronting the officer seeking to effectuate the arrest.[70] Again, I remind you that

---

[66] *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).
[67] *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotations and citations omitted); *Wu v. City of New York*, 934 F. Supp. 581, 586 (S.D.N.Y. 1986).
[68] *Weyant*, 101 F.3d at 852 (citations omitted).
[69] The instructions set forth in this paragraph 19 were given by Judge Koeltl in *Funnye, supra*, and Judge Castel in *Martinez v. Port Auth.*, 01 Civ. 721 (S.D.N.Y. Nov. 18, 2004), *aff'd*, 445 F.3d 158 (2d Cir. 2006); *see also*, *Wu*, 934 F. Supp. 581, 586 (S.D.N.Y. 1996) (*quoting United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983) (citations omitted)); *Roberts v. City of New York*, 753 F. Supp. 480, 482-83 (S.D.N.Y. 1990); *United States v. Buschel*, 594 F. Supp. 942, 945-46 (N.D.N.Y. 1984).
[70] *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983).

39

the defendants shoulder the burden of establishing probable cause.

31.     Here, the defendants claim that probable cause existed to arrest Mr. Dominguez for Assault in the Second Degree. If you find that Mr. Dominguez did not bite Officer Lynch, then your verdict will be for Mr. Dominguez on this claim. If, on the other hand, you find that Mr. Dominguez bit Officer Lynch, then your verdict shall be for the defendants on this claim.

### DEFENDANT'S PROPOSED FALSE ARREST CHARGE

Plaintiff alleges that he was falsely arrested by defendants.  Defendants deny this claim and assert that there was probable cause to arrest plaintiff.

Federal law provides that no person may be arrested without probable cause.[71]  Let me explain what "probable cause" means.  Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.[72]  Defendants have the burden of proving the existence of probable cause.  Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the arrest of plaintiff.[73]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.[74]

---

[71] Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994).

[72] Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

[73] Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).
[74] Ali v. City of New York, 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at *14 (S.D.N.Y. Sept. 5, 2012).

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[75]  In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[76]  An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[77]  An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed. Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[78]

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[79] Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[80]

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[81]  Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.[82]

---

[75] Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).
[76] Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).
[77] Id.
[78] Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).
[79] Whren v. United States, 517 U.S. 806, 812-813 (1996).
[80] Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Panetta, 460 F.3d at 395.
[81] Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989).

[82] Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994).

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offense(s) with which he eventually charged them, so long as the officer had probable cause to arrest plaintiff for any criminal offense.  An arrest made with probable cause for any offense – whether charged or not – is lawful.[83]

Defendants assert that probable cause existed to arrest plaintiff for the following offenses:[84][85]

Assault in the Second Degree.[86] [87]

A person is guilty of Assault in the Second Degree when: with intent to prevent a police officer from performing a lawful duty, he causes physical injury to such police officer.  There is no dispute with regard to whether the defendants were performing a lawful duty; however, there is a dispute as to whether the plaintiff intended to prevent them from doing so.  Physical injury, which is also disputed, means impairment of physical condition or substantial pain. Physical injury is established where the victim's injuries were more than mere petty slaps, shoves, kicks and the like. Relatively minor injuries causing moderate, but more than slight or trivial pain may suffice.[88]

---

[83] Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

[84] Defendants reserve the right to modify this portion of the jury instructions – regarding the specific offenses for which we submit there was probable cause – based on the evidence at trial.

[85] Plaintiff reserves the right to object to instructing the jury on any specific offenses which Defendants claim there was probable cause based upon the evidence at trial
[86] N.Y. Penal Law § 120.05(3).

[87] Plaintiff objects to instructing the jury that "there is no dispute with regard to whether the defendants were performing a lawful duty."  Although it is undisputed that the police initially were performing a lawful duty by responding to a 911 call, it is disputed that upon arriving to the scene that they continued to perform a lawful duty.
[88] This language was taken directly from Hon. Ronnie Abrams in Sean Williams v. P.O. Michelle Batista, et al., 13 CV 7702 (S.D.N.Y. – delivered on June 12, 2015), p. 19 specifically – a copy of which defendants can include under separated cover – something which applies to any of the specific jury instructions we have cited.

<u>Assault in the Third Degree</u>.[89]

A person is guilty of assault in the third degree when: with intent to cause physical injury to another person, he causes such injury to such person or to a third person; or, he recklessly causes physical injury to another person.

<u>Obstructing Governmental Administration in the Second Degree</u>.[90]

A person is guilty of obstructing governmental administration when: such person intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.

<u>Attempted Assault in the Third Degree</u>.[91][92]

A person is guilty of attempted assault in the third degree when, with intent to commit attempted assault in the third degree as I have previously defined it, he engages in conduct which tends to effect the commission of such crime.

<u>Harassment in the Second Degree</u>.[93]

---

[89] N.Y. Penal Law § 120(1) and (2).

[90] N.Y. Penal Law § 195.05.

[91] N.Y. Penal Law § 110 and § 120(1) and (2).

[92] Plaintiff objects to instructing the jury on the arrest charge of attempted assault in the third degree. Defendant Dylan Lynch testified that he was intentionally bit by Plaintiff and suffered physical injury. Either the jury believes that Plaintiff intentionally bit Defendant Dylan Lynch, who suffered a physical injury or they don't, there is no basis in evidence for an attempt to be found.

[93] NY CLS Penal § 240.26(1).

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: He strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.

Defendants also contend they had reasonable cause to seize plaintiff pursuant to the applicable provisions of New York State Mental Hygiene Law. "A person who appears to be incapacitated by alcohol and/or substances to the degree that there is likelihood to result in harm to the person or to others may be taken by…a police officer…to a treatment facility for purposes of receiving emergency services.'"[94] [95]

Additionally, "under New York law, 'any police officer who is a member…of an authorized police department or force ... may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others."[96]  A seizure under the MHL is subject to "the same objective reasonableness standard that is imposed by the Fourth Amendment."[97][98]

If you find that probable cause existed for any one of the crimes, or pursuant to the MHL, as I just described, then you must find in favor of the defendants with respect to plaintiff's false

---

[94] Ortiz v. City of N.Y., No. 15 Civ. 2206 (DLC), 2016 U.S. Dist. LEXIS 165219, at *3-4 (S.D.N.Y. Nov. 30, 2016) (citing N.Y. Mental Hyg. Law ("MHL") § 22.09(b)(2)).

[95] Plaintiff objects to instructing the jury about the Defendants having any basis to take the Plaintiff into custody for any mental hygiene law as the evidence is undisputed that the reason that the Defendants claim they were taking Plaintiff into custody was to bring him to the hospital for medical care for his physical injury from being slashed in the jaw.

[96] Guan v City of N.Y., No. 18 Civ. 2417 (GBD) (BCM), 2020 U.S. Dist. LEXIS 201947, at *6 (S.D.N.Y. Oct. 29, 2020) (quoting N.Y. MHL § 9.41).

[97] Kerman v. City of N.Y., 374 F.3d 93, 100 (2d Cir. 2004).

[98] Plaintiff objects to instructing the jury about the Defendants having any basis to take the Plaintiff into custody for any mental hygiene law as the evidence is undisputed that the reason that the Defendants claim they were taking Plaintiff into custody was to bring him to the hospital for medical care for his physical injury from being slashed in the jaw.

arrest claim.  Keep in mind, you do not need to be unanimous as to which crime you find probable

cause, only that you are unanimous that probable cause existed for any crime.[99][100]

PLAINTIFF'S PROPOSED **MALICIOUS PROSECUTION CHARGE**[101]

32.    Mr. Dominguez also claims that defendants unlawfully prosecuted him "without

due process of law" under the Fourth and Fourteenth Amendments to the United States

Constitution. Specifically, Mr. Dominguez claims that defendants subjected him to a malicious

prosecution.

33.    I instruct you that under federal law, in order to establish that he was maliciously

prosecuted, Mr. Dominguez must prove the following elements by a preponderance of the

evidence:

> (1) That defendants commenced or caused to be commenced a criminal
> proceeding against him;
>
> (2) That the criminal prosecution terminated in Mr. Dominguez's favor; and
>
> (3) That in initiating the proceeding, the defendants did not have probable cause
> to believe that the criminal prosecution would succeed.[102]

---

[99] Adopted from the instructions given by the Hon. Allyne R. Ross in Reginald Johnson v. Robert Mayer, *et al.*, 13 CV 7173 (E.D.N.Y. – delivered on June 22, 2016).

[100] Plaintiff objects to instructing the jury about the Defendants having any basis to take the Plaintiff into custody for any mental hygiene law as the evidence is undisputed that the reason that the Defendants claim they were taking Plaintiff into custody was to bring him to the hospital for medical care for his physical injury from being slashed in the jaw.

[101] Defendants object to plaintiff's proposed malicious prosecution charge on the grounds that it is overly simplistic, limited with regard to the potential crimes for which plaintiff could have been prosecuted and limited factually as well with regard to the prosecutable conduct in question.

[102] Mr. Dominguez recognizes that the law of this Circuit requires him to establish the additional element that the defendants commenced the criminal prosecution with malice. *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010). As Mr. Dominguez's malicious prosecution claim arises under the Fourth Amendment, he respectfully submits that the Sixth and Fourth Circuits' conclusion that malice is not an element of any claim for relief arising out of the Fourth Amendment is correct.  *See Sykes v. Anderson*, 625 F.3d 294, 309-10 (6th Cir. 2010) (footnotes and citations omitted); *see Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000).

  Accordingly, we make this request that malice not be charged, and also do so to preserve this issue for appeal.

45

34.    I instruct you that Mr. Dominguez has established that defendants commenced or caused to be commenced a criminal proceeding against Mr. Dominguez. I also instruct you that Mr. Dominguez has established that the criminal prosecution terminated in his favor.[103][104]

35.    Therefore, the only issue for you to determine with respect to Mr. Dominguez's malicious prosecution claim is whether defendants had probable cause to begin and continue the Criminal Court proceeding with respect to the charges leveled against him.[105]

36.    I have previously instructed you on the issue of probable cause. Those same instructions apply here.

37.    To show malice, Mr. Dominguez does not have to prove that defendants acted with intent to do him harm, although that is sufficient; rather, you can infer malice if you conclude that they did not have a reasonable basis – or any basis – to believe that Mr. Dominguez bit Officer Lynch.[106]

---

[103] *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 712 N.Y.S.2d 438 (2000) (favorable termination); *Thompson v. Clark*, 596 U.S. 36 (2022) (a § 1983 plaintiff need only show the prosecution ended without a conviction, abrogating the "affirmative indication of innocence" standard).

[104] Defendants object to this instruction on the grounds that the evidentiary record will not establish a basis to conclude that each of the defendants initiated plaintiff's prosecution. Additionally, this is an element that defendants have not conceded with regard to any defendant so it should be left to the jury to decide.

[105] If the Court instructs the jury that Mr. Dominguez must also establish that the defendants commenced the criminal prosecution with malice, then this requested instruction should be modified as requested below.

[106] For the reasons previously stated, plaintiffs request this instruction only if the Court intends to charge the jury regarding the issue of malice. *See also, Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996) ("In most cases, the lack of probable cause – while not dispositive – 'tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause.'"). *See also*, *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) ("we also agree with the district court that the evidence was ample to permit an inference that Agostini proceeded against Manganiello with malice. First, '[a] lack of probable cause generally creates an inference of malice'")).

38.     If, after considering all of the evidence, you conclude that Mr. Dominguez has proved his claim of malicious prosecution, your verdict must be for him on this claim. On the other hand, if you conclude that defendants had probable cause for Mr. Dominguez's arrest, or that they did not act with malice, then your verdict must be for the defendants on this claim.

## DEFENDANTS' PROPOSED MALICIOUS PROSECUTION CHARGE[107]

Plaintiff alleges that defendants maliciously commenced a criminal proceeding against him.  You are to decide whether (1) defendants initiated a criminal proceeding against plaintiff, (2) there was no probable cause for the commencement of the criminal proceeding, and (3) whether defendants actions leading to the initiation of the proceeding against plaintiff were motivated by malice.  The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.[108]

(1) Initiation

A defendant may be said to have initiated a criminal prosecution if (a) the defendant directed or required a prosecutor to prosecute, (b) gave the prosecutor, directly or indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false, or (c) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute.  A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendant gave the prosecutor

---

[107] Plaintiff submits that his version of the malicious prosecution charge is easier for the jury to understand.
[108] Russo v. New York, 672 F.2d 1014, 1018 (2d Cir. 1982).

47

information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.[109]

(2) Probable Cause

The next issue is whether plaintiff has proved, by a preponderance of the evidence that defendants lacked probable cause to believe that plaintiff was guilty of a crime.[110]

I have previously discussed the issue of probable cause with regard to plaintiff's false arrest claim. With respect to that claim, I instructed you as to whether the defendants had probable cause to initially arrest the plaintiff. Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding. We are now past the arrest stage and into the actual initiation of the prosecution.[111]

The plaintiff must prove that a defendant acted without probable cause in commencing the criminal proceeding against him. Whether probable cause existed depends upon whether a reasonably prudent person would have believed the plaintiff to be guilty of the crimes with which he was charged in the criminal complaint – assault in the second degree, assault in the third degree, obstructing governmental administration in the second degree, attempted assault in the third degree or harassment in the second degree – on the basis of the facts the defendant officers knew when they initiated the prosecution, or that they then reasonably believed to be true. The fact that the criminal charges were all ultimately dismissed is not evidence that that the officers lacked probable cause at the time that the prosecution was initiated.[112]

---

[109] Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); Defilippo v. County of Nassau, 183 A.D.2d 695, 696 (NY App. Div. 2d Dep't 1992).

[110] Colon v. City of New York, 60 N.Y.2d 78, 82 (1983).

[111] Adopted from the instructions given by the Hon. Allyne R. Ross in Reginald Johnson v. Robert Mayer, et al., 13 CV 7173 (E.D.N.Y. – delivered on June 22, 2016).
[112] Id.

(3) Malice

The next element plaintiff must prove by a preponderance of the evidence is that the defendants acted with malice. A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the rights of the person accused.[113] Malice may be inferred from a lack of probable cause.[114] However, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed.[115]

## PLAINTIFF'S PROPOSED FAIR TRIAL CLAIM[116][117]

39.    The Constitution guarantees all criminal defendants the right to a fair trial. To prove that one or more of the defendants violated this right, Plaintiff must prove:

First, that during the course of an investigation one or more of the defendants intentionally created false information;

Second, that the false information created was likely to influence a jury's decision on whether Plaintiff was guilty or not guilty of a crime;

Third, that the defendant you are considering provided the false information to a prosecutor; and

---

[113] Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996).

[114] Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010).

[115] Sankar v. City of New York, 867 F. Supp. 2d 297, 312 (E.D.N.Y. 2012).

[116] These instructions were delivered to the jury by Judge Caproni in *Keith v. Sgt. William Hart, et ano.*, 17-CV-4477 (VEC) (S.D.N.Y.), filed on ECF January 30, 2020.

[117] Defendants object to plaintiff's proposal on the grounds that it is unnecessarily complicated.

Finally, that Plaintiff suffered a deprivation of liberty as a result of the false information one or more of the defendants provided to the prosecutor.

40.    I have previously charged you on what it means to act intentionally and that definition applies here as well.

41.    False information is likely to influence a jury's decision if the false information is material or important to the charges against the person. It is not necessary for the Plaintiff to prove that the false information was ever actually presented to a judge or jury or that the Plaintiff was ever brought to trial. It is sufficient for Plaintiff to prove that the information would have been important to a jury had it been used against Plaintiff during a court proceeding.

42.    As to the final element, a person suffers a deprivation of liberty when he is incarcerated, even for a short period of time. A party who is obligated to appear in court, post-arrest, in connection with criminal charges also suffers a deprivation of liberty. I instruct you that plaintiff has established this element of his claim and you need not consider it.

43.    If you find that Plaintiff has proven by a preponderance of the evidence that the Defendants interfered with his right to a fair trial, then your verdict will be in Plaintiff's favor on this claim as to that defendant. If you find that Plaintiff has failed to prove that one or more of the Defendants interfered with his right to a fair trial, then your verdict will be in that defendant or defendants' favor on this claim.

**DEFENDANTS' PROPOSED FAIR TRIAL INSTRUCTION**[118][119]

---

[118] Adopted from the instructions given by the Hon. Rachel P. Kovner in Dennis Adams v. City of New York, et al., 18 CV 3401 (E.D.N.Y. – delivered on March 14, 2022).

[119] Plaintiff submits that Defendants' version of the Denial of Right to Fair Trial Claim is confusing and misleading especially with respect to the use of the word "verdict" or "jury's verdict" as there was no jury trial and there was no verdict because the charges were dismissed on speedy trial grounds.

Plaintiff alleges that he was denied the right to a fair trial by defendants.  To succeed on a claim of denial of a fair trial against defendants, plaintiff must prove each of the following elements by a preponderance of the evidence:

1) The defendant fabricated evidence;

2) The fabricated evidence was material, meaning it was likely to influence a jury's verdict.  If you find that some piece of evidence was fabricated, but that evidence wouldn't have influenced the verdict in the plaintiff's criminal case, then you must find for defendants.

3) The defendant forwarded that evidence to prosecutors; and,

4) Plaintiff suffered a deprivation of life, liberty, or property as a result.

Plaintiff must establish each of these elements to prevail on a claim of fabrication of evidence.

### PLAINTIFF'S PROPOSED FAILURE TO INTERVENE INSTRUCTION[120]

1.      Mr. Dominguez also claims that one or more of the defendants are liable for excessive force, false arrest, malicious prosecution, and the denial of a right to a fair trial because they had a duty to intervene to prevent another officer from violating Mr. Dominguez's constitutional rights but failed to do so. A law enforcement officer has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated by another officer in his presence. An officer who fails to intercede when a fellow officer violates an individual's constitutional rights is personally responsible for that constitutional violation under Section 1983.[121]

---

[120] Defendants object to plaintiff's proposal on the grounds that it is unnecessarily complicated.

[121] *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

2.      To establish a failure to intervene claim against a particular defendant, Mr. Dominguez must prove by a preponderance of the evidence each of the following elements: First, that one or more of the other defendants violated Mr. Dominguez's constitutional rights; second, that the defendant you are considering had a realistic opportunity to intervene and prevent the constitutional violation; and third, that the defendant failed to take reasonable steps to intervene.[122]

3.      A defendant had a "realistic opportunity" to intervene if he was present, if the constitutional violation was taking place within his observation, and if there was sufficient time and opportunity for him to act. An officer who stands by and watches a fellow officer violate an individual's constitutional rights without taking any steps to stop it, when he had the ability to do so, has failed to fulfill his duty to protect the constitutional rights of the person being subjected to that violation.[123]

4.      If you find that a defendant had a realistic opportunity to intervene to prevent another officer from violating Mr. Dominguez's constitutional rights, but failed to do so, then you must find that defendant liable for that constitutional violation, even if that defendant did not personally violate Mr. Dominguez's constitutional rights. On the other hand, if you find that a defendant did not have a realistic opportunity to intervene, or if you find that no constitutional right was violated, then your verdict must be for that defendant on this claim.

---

[122] *Id.*; *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988).
[123] *Anderson*, 17 F.3d at 557.

## DEFENDANTS' PROPOSED FAILURE TO INTERVENE INSTRUCTION[124][125]

Plaintiff alleges a failure to intervene claim against defendants. Law enforcement officers have an affirmative to take reasonable steps to prevent other law enforcement officers from violating the law. If a law enforcement officer witnesses another officer committing a false arrest, excessive force, malicious prosecution or a denial of a fair trial, and the officer has a realistic opportunity to stop the constitutional violation, then the law requires him to intervene.

Thus, if you find that plaintiff was subject to one or more of those constitutional violations, and you further find that the defendant you are considering actually knew about one of those violations and did nothing to prevent those actions, despite having a realistic opportunity to do so, then you will find the defendant you are considering liable for failure to intervene.

## PLAINTIFF'S PROPOSED PROXIMATE CAUSE INSTRUCTION

## THIRD ELEMENT–PROXIMATE CAUSE

44.    The third element that Mr. Dominguez must prove by a preponderance of the evidence is that the actions of any of the defendants were a proximate cause of the injuries sustained by him. "Proximate cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Mr. Dominguez. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury. In other words, if a defendant's act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.[126]

---

[124] Id.

[125] Plaintiff submits that his version of the Failure to Intervene Charge is clearer for the jury as it defines each of the elements of the Failure to Intervene.

[126] Sand 87-79.

53

45.    The two elements I have just described – that is, (1) deprivation of a constitutional right; and (2) proximate cause – must be established by Mr. Dominguez by a preponderance of the evidence for the constitutional claims asserted by each of them.

DEFENDANTS' PROPOSED INTENT AND PROXIMATE CAUSE INSTRUCTIONS

## INTENT[127][128]

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendant committed the acts alleged and (b) that those acts caused him to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, that the defendant acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that the defendant specifically intended to deprive plaintiff of his civil rights in order to find in favor of plaintiff. Again, plaintiff will have established a deprivation of a constitutional right for purposes of Section 1983 if you find that in performing

---

[127] Adapted from Angel Alvarez v. City of New York, et al., 11 CV 5464, Jury Charge delivered by the Honorable J. Paul Oetken, September 28, 2016 (S.D.N.Y.)

[128] Plaintiff submits that the instruction regarding intent is best given before the underlying charges so that the jury understands the element of intent in analyzing the actual claims.

the acts that caused the loss of his constitutional right, the defendant acted intentionally or recklessly, as I have explained the meaning of those terms.

## 2.    Second Element:  Proximate Cause[129][130]

The second element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of defendants' acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendants' acts or omissions, then defendants' acts or omissions were a proximate cause of plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the acts or omissions of one or more of the defendants.  If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff's injury.

---

[129] Adapted Oumou Bah, as the Administrator of the Estate Mohamaed Bah, v. Det. Edwin Mateo, et al., 13 CV 6690, Jury Charge delivered by the Honorable Kevin C. Castel, November 13, 2017 (S.D.N.Y.); Keston Charles v. Officer Jonathan Rivera, et al., 14 CV 259, Jury Charge delivered by the Honorable Kevin C. Castel, July 13, 2017 (S.D.N.Y.).

[130] Plaintiff submits that his version of the Proximate Cause instruction is more straightforward and easier for the jury to understand.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. The defendants are not liable if they did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendants' acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by defendants.

**PLAINTIFF'S PROPOSED INSTRUCTIONS REGARDING STATE LAW CLAIMS[131][132]**

**PROPOSED JURY INSTRUCTION NO. 17**

---

[131] Defendants oppose the jury being charged on plaintiff's state law claims of assault and battery as said claims are duplicative of plaintiff's excessive force claim. See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law assault and battery claims); See also Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citation omitted). Defendants further oppose the jury being charged on plaintiff's state law claims for false arrest and malicious prosecution since, on these, facts, those charges are substantially duplicative of the corresponding federal claims as well. If however, this Court chooses to charge the jury on plaintiff's state law claims for assault and battery, defendants are prepared to immediately supplement their proposed charge to include language for both claims as well as for a justification defense.

[132] Plaintiff submits that as long as Defendants intend to maintain a qualified immunity defense, the jury must be instructed on Plaintiff's state law claims, as qualified immunity is not available as defense for his state law claims. *See Triolo v. Nassau County,* 24 F.4th 98, 110 (2d Cir. 2022) (holding that, under New York law, the County could be liable be vicariously liable for the acts of an employee who was entitled to individual immunity); see also id. at 110 n.8 (finding that the requirement of a municipal policy or custom under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), does not apply when "a municipal employer [is] held vicariously liable for its employee's wrongs under New York law"). Plaintiff objects to the jury not being instructed on his state law claims as the City of New York is only a defendant with respect to Plaintiff's state law claims and there is no reason to exclude the City of New York. Plaintiff further objects to not charging the jury on Plaintiff's state law claims because the jury could find that other NYPD officers who were not named as defendants in this action committed the violations against the Plaintiff and the only way to find liability would be under a theory of *respondeat superior. See Triolo v. Nassau County,* 24 F.4th at 110 ("[A] municipal employer is vicariously liable for the wrongs of its employee, even when the employee is individually immune, so long as the wrong was committed within the scope of employment.")

**ASSAULT UNDER NEW YORK STATE LAW**

In addition to considering the federal claims, you must consider some claims under New York state law. The first is assault. Assault is an intentional placing of another person in fear of imminent harmful or offensive contact. To sustain a claim for assault, there must be proof of physical conduct placing Mr. Dominguez in imminent apprehension of harmful contact. If you find that any of the defendant officers subjected Mr. Dominguez to an intentional act placing him in imminent apprehension of harmful or offensive contact, then your verdict should be for Mr. Dominguez on this claim. If you find that no defendant officer subjected Mr. Dominguez to such conduct, your verdict must be for the defendants on this claim.[133]

**PROPOSED JURY INSTRUCTION NO. 18**
**BATTERY UNDER NEW YORK STATE LAW**

The second state law claim is for battery. Battery, in the civil context, is an intentional wrongful physical contact with another person without consent. In the case of a battery, the slightest unlawful touching of the person of Mr. Dominguez is sufficient, for the law cannot draw the line between different degrees of violence and therefore totally prohibits the first and lowest stage. Any resulting injury may be unintended, accidental, or unforeseen.[134]  Initially, I instruct you that if you have already determined that Mr. Dominguez was arrested without probable cause for the crimes of Assault in the Second Degree then your verdict must be in his favor on his state law claim of battery.  (Authority: Johnson v. Suffolk County Police Dep't, 245 A.D.2d 340, 341 (2nd Dep't 1997).  See Sulkowska v. City of New York, 129 F.Supp.2d 274, 294 (S.D.N.Y. 2001).)

---

[133] *United Nat. Ins. v. Waterfront NY Realty Corp.*, 994 F. 2d 105, 108 (2d Cir. 1993) (interpreting New York law); *Holtz v Wildenstein & Co., Inc.*, 261 A.D.2d 336, 693 N.Y.S.2d 516 (1st Dep't 1999).
[134] *United Nat. Ins. v. Waterfront NY Realty Corp.*, 994 F. 2d 105, 108 (2d Cir. 1993) (New York law); *Hughes v. Farrey*, 30 A.D.3d 244, 247 (1st Dep't 2006).

<u>ASSAULT AND BATTERY</u>[1]

Plaintiff also brings a state law claim for assault and battery, which is that one or more New York police officers subjected him to assault and battery.  The elements of this claim are substantially identical to the plaintiff's excessive force claim. However, this claim is brought against the City of New York, not the individual defendants. Therefore, you do not need to analyze this claim as to each individual defendant as you will do when you consider the plaintiff's previous three claims. Instead, if you find that the plaintiff has proven by a preponderance of the evidence that any of the individual defendants used excessive force against him, or if you find that the plaintiff has proven by a preponderance of the evidence that any other New York police officer used excessive force against him, you must find for the plaintiff on his claim for assault and battery.

**PROPOSED JURY INSTRUCTION NO. 19**
**RESPONDEAT SUPERIOR[135]**

A word about the liability of the City of New York for false arrest, malicious prosecution, assault and battery. The doctrine of *respondeat superior* makes an employer vicariously liable for wrongful acts committed by employees acting within the scope of their employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment. I advise you that Defendant Police Officers Joseph Battista, Dylan Lynch, Patrick Lynch, and the other NYPD officers were acting within the scope of employment with

---

[1] The instructions contained in paragraph 43 were delivered by Judge Nina R. Morrison in *Rosie Martinez v. City of New York*, 16-CV-79 (NRM) (E.D.N.Y. Dec. 9, 2022) at Tr. 1425-26.

[135] For reasons set forth in their motions *in limine*, defendants oppose any such charge as unnecessary – since the jury does not have any factual dispute to resolve with this claim – and potentially unduly prejudicial to the individual defendants.

Defendant City of New York.[136]  Therefore, if you find that Defendants Joseph Battista, Dylan Lynch, Patrick Lynch, or any other NYPD officer is liable for false arrest, malicious prosecution or assault and battery, then you must also find that the City of New York is liable for that claim.

## STATE LAW FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS

5.    Mr. Dominguez also brings claims for false arrest and malicious prosecution under the laws of the State of New York. These state law claims are based on the same facts and conduct as his federal false arrest and malicious prosecution claims under Section 1983, which I have already described to you. The elements of the state law claims are substantially the same as those of the federal claims.

6.    Accordingly, your verdict on the state law false arrest claim should be the same as your verdict on the federal false arrest claim: if you find for Mr. Dominguez on the federal false arrest claim, you should also find for him on the state law false arrest claim; if you find for the defendants on the federal false arrest claim, you should also find for the defendants on the state law false arrest claim. Likewise, your verdict on the state law malicious prosecution claim should be the same as your verdict on the federal malicious prosecution claim: if you find for Mr. Dominguez on the federal malicious prosecution claim, you should also find for him on the state law malicious prosecution claim; if you find for the defendants on the federal malicious prosecution claim, you should also find for the defendants on the state law malicious prosecution claim.

7.    Note that this instruction does not apply to the state law assault and battery claim, which I have already separately instructed you upon and which is governed by its own standards set forth above.

PLAINTIFF'S PROPOSED INSTRUCTIONS FOR DAMAGES GENERALLY AND

---

[136] *Judith M. v. Sisters of Charity Hospital*, 93 N.Y.2d 932, 933 (1999).

COMPENSATORY DAMAGES SPECIFICALLY

### III. DAMAGES

8.      If you find that Mr. Dominguez has met his burden of proof with respect to his Section 1983 claims, that is, that he has proven any of his claims by a preponderance of the evidence, then you must consider the issue of damages. The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of plaintiff on the question of liability.

9.      There are two types of damages that you may consider: compensatory damages and punitive damages. I will discuss each of these in turn.

#### A. Compensatory Damages for Excessive Force[137][138]

10.      If you find for Mr. Dominguez on the issue of liability, then you may award him compensatory damages, that is, a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of defendants' conduct.

11.      Mr. Dominguez is entitled to compensatory damages for his actual physical injuries, including pain and suffering caused by the injuries and/or emotional distress that he has suffered because of the defendants' conduct. Because of the nature of noneconomic damages, no evidence of a monetary value need be nor necessarily can be introduced into evidence, nor is any exact standard for the compensation you may award for such damages. Nevertheless, an award of

---

[137] Except as otherwise indicated, the instructions set forth in this section are adapted from those given by Judge Block in *Gad Alla, supra.*

[138] Defendants object to parsing out compensatory damages by claim and instead submit that the jury should simply be charged on what compensatory damages are as well as what plaintiff must do to prove that he is entitled to them.

noneconomic damages must be supported by competent evidence concerning the effects of the injury.

12. You must be guided by dispassionate common sense. The noneconomic damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award noneconomic compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

13. You are to use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you deem appropriate and the facts and circumstances in evidence. Now, in determining the amount, if any, to be awarded, Mr. Dominguez for noneconomic damages, you may take into consideration the effect that his injuries have had on his ability to enjoy life.[139]

14. Loss of enjoyment of life involves the loss of ability to perform daily tasks, to participate in the activities which were a part of his life before the injury and to experience the pleasures of life. A person suffers the loss of enjoyment of life only if the person is aware at some level of the loss that he has suffered.

15. You may also award damages for the physical injuries plaintiff experienced. You may also award damages for any psychological injury, emotional distress, mental suffering, or any physical consequences resulting from emotional distress, that plaintiff has suffered, and may continue to suffer, as a result of the wrongful conduct of the defendants. Finally, you may award damages for the loss of income that you find plaintiff will experience as a result of the wrongful conduct of the defendants.

---

[139] Defendants object to any damages for loss of enjoyment of life as unsupported by the evidentiary record.

**Compensatory Damages for False Arrest, Malicious Prosecution and Fair Trial Claims[140]**

16.     From the fact of confinement alone, you are required to award plaintiff monetary damages for the loss of freedom and movement. Mr. Dominguez is not required to show any particular loss of money resulting from confinement before you award damages for false arrest. You may consider the loss of time, the physical discomfort or inconvenience, the conditions of confinement, the mental suffering and humiliation that he suffered from the false arrest and malicious prosecution if you find he is entitled to recover damages for either of these claims. If Mr. Dominguez persuades you by a fair preponderance of the credible evidence, you may also include in your award fair and reasonable compensation for injury to reputation from the detention and its record; the shame and humiliation of the detention, charge, and criminal prosecution.

17.     In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

DEFENDANTS' PROPOSED INSTRUCTIONS FOR DAMAGES GENERALLY AND
COMPENSATORY DAMAGES SPECIFICALLY

### PART III:  DAMAGES
### General Instructions[141]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

---

[140] Except as otherwise indicated, the instructions set forth in this section are adapted from those given by Judge Block in *Gad Alla*, *supra*.  See **Error! Main Document Only.**Kerman v. City of New York, 374 F.3d 93, 124-31 (2d Cir. 2004)).

[141] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims. Also, just because I give you instructions on damages does not mean that I have any opinion about liability. It is for you alone to decide whether the defendants are liable to the plaintiff.

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries. I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury. You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered. But you should not compensate plaintiff for the same injury twice simply because you find defendants liable for multiple claims.

This case involves multiple defendants. Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury. The fact that the plaintiff prove that one defendant is liable does not necessarily mean that the other defendants are also liable. Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant. If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. Keep in mind, however, that plaintiff can recover only once for their injury, because the law disallows double recoveries.[142]

---

[142] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.06.1 (2009 Supplement).

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.[143]

**Compensatory Damages[144][145]**

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that they have proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff are reasonably likely to suffer in the future.

---

[143] Plaintiff objects to instructing the jury with respect to nominal damages, as there is no view of the evidence that would support it. If the jury finds a loss of liberty sufficient for false arrest, malicious prosecution, denial of right to trial, or the failure to intervene, a nominal damages charge would be improper. *See Kerman v. City of N.Y.*, 374 F.3d 93, 100 (2d Cir. 2004). If the jury found that excessive force and/or failure to intervene has been established, considering the physical injuries suffered by the Plaintiff, there would also be no basis for a nominal damages charge. Plaintiff also objects to not instructing the jury on punitive damages as Plaintiff submits that the evidence at trial can support such a charge.

[144] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

[145] Plaintiff objects to Defendants' compensatory damages charge as it does not include the different categories of damages that the jury should consider and can lead to confusion as it only lists what cannot be considered. Plaintiff submits that his version of the charge is more accurate and complete so that the jury can understand what is and is not allowed under compensatory damages.

Moreover, you shall award actual damages only for those injuries that you find plaintiff have proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of their rights at issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by a defendant's violations of their rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

### B. Punitive Damages[146][147]

---

[146] The instructions contained in this section are adapted from *Martinez*, *supra*.

[147] Defendants object to a punitive damages charge as the evidence does not support any inference that the defendants acted wantonly or in willful disregard of plaintiff's rights. Should the Court deem a punitive damage charge appropriate, defendants reserve the right to submit further instructions addressing this claim.

18.     As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.

19.     If you award Mr. Dominguez compensatory damages, then you may, but are not required to, also make a separate and additional award of punitive damages. The fact that I am giving you instructions on punitive damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on punitive damages are given only so that you will have them in the event that you should find in favor of plaintiff on the question of liability.

20.     You may award plaintiff punitive damages against a defendant if you find that the particular defendant's actions were malicious or wanton and reckless, not merely unreasonable, or if one or more of the defendants intentionally violated plaintiff's federal rights. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Plaintiff has the burden of proving, by a preponderance of the evidence, that any of the individual defendants acted maliciously or wantonly with regard to his rights. An act is wantonly and recklessly done if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware, or when a defendant has a conscious desire to injure plaintiff in a manner he or she knows to be unlawful.

21.     An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

22.     In making this decision, you should consider the underlying purpose of punitive

damages. The purpose of punitive damages is not to compensate plaintiff. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct, and to deter him or her, and others in the same position, from engaging in similar conduct in the future.

23.     If you find by a preponderance of the evidence that any defendant acted with malicious intent to violate plaintiff's federal rights or unlawfully injure him, or if you find that any defendant acted with a callous or reckless disregard of his rights, then you may award punitive damages against any of the particular defendants.

DEFENDANTS' PROPOSED INSTRUCTIONS FOR NOMINAL DAMAGES

**Nominal Damages[148][149]**

If you return a verdict in the plaintiff's favor, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you

---

[148] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

[149] Plaintiff objects to instructing the jury with respect to nominal damages, as there is no view of the evidence that would support it.  If the jury finds a loss of liberty sufficient for false arrest, malicious prosecution, denial of right to trial, or the failure to intervene, a nominal damages charge would be improper.  Kerman v. City of N.Y., 374 F.3d 93, 100 (2d Cir. 2004).  If the jury found that excessive force and/or failure to intervene has been established, considering the physical injuries suffered by the Plaintiff, there would also be no basis for a nominal damages charge.

must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when a plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[150] Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

### Attorneys' Fees[151][152]

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case. The award of attorneys' fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay their attorneys

### PROPOSED JURY INSTRUCTION NO. 20
### FINAL GENERAL CHARGES

---

[150] *Smith v. Wade*, 461 U.S. 30, 52-56 (1983).

[151] Adapted from the instructions in Diaz.

[152] Plaintiff objects to the instruction directing the jury not to consider attorney's fees. Attorney's fees are not an issue for the jury and are determined, if at all, by the Court after verdict. Introducing the subject risks confusing the jury and may improperly suggest that Plaintiff will recover additional compensation beyond the damages award, thereby encouraging the jury to reduce damages. The proper approach is to omit any reference to attorney's fees entirely. *See Brooks v. Cook,* 938 F.2d 1048, 1050-1051 (9th Cir. 1991) ("The award of attorneys' fees is a matter of law for the judge, not the jury."; "In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award.").

## RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

Ladies and gentlemen of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, please send out a note specifying what you want to hear and we will bring you back to the Courtroom to read it back for you. Please be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to the Courtroom Deputy. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**PROPOSED JURY INSTRUCTION NO. 21**

**NOTES**

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

**PROPOSED JURY INSTRUCTION NO. 22**

## USE OF PROFESSIONAL EXPERTISE

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony in reaching a fair verdict, you may not communicate any personal professional expertise you might have, or other facts not in evidence, to the other jurors during the deliberations. You may not consider or speculate on matters not in evidence or matters outside the case, but rather must base your discussions and decisions solely upon the evidence presented to you during the trial.

**PROPOSED JURY INSTRUCTION NO. 23**

## JUROR OATH

In determining the facts in this case, I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**PROPOSED JURY INSTRUCTION NO. 24**

**DUTY TO DELIBERATE/UNANIMOUS VERDICT**

You will now retire to decide the case. For Mr. Dominguez to prevail on his claims, he must sustain his burden of proof as I have explained to you with respect to each element of his claims. If you find that Mr. Dominguez has succeeded with respect to one or more of his claims, you must return a verdict in his favor. If you find that he has not, then your verdict must be for the Defendants. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or himself, but you should do so only after consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**PROPOSED JURY INSTRUCTION NO. 25**

**VERDICT FORM**

I have prepared a verdict form for you to use in recording your decisions. Remember, each verdict must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

**PROPOSED JURY INSTRUCTION NO. 26**

**DUTIES OF FOREPERSON**

Finally, you should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the Courtroom Deputy that the jury has reached a verdict, and you will come into open court and give the verdict.

**PROPOSED JURY INSTRUCTION NO. 27**

**RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Courtroom Deputy outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**PROPOSED JURY INSTRUCTION NO. 28**

**EXCEPTIONS**

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement. In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

Dated:  New York, New York
        March 16, 2026

BRUSTEIN LAW PLLC

By: */s/ Evan Brustein*
Evan Brustein
Attorneys for Plaintiff
299 Broadway, Suite 800
New York, NY 10007
(212) 233-3900

STEVEN BANKS
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-3527

By:              /s/

Brian Francolla
Senior Counsel