# BROMBERG LAW OFFICE, P.C.

| Brian L. Bromberg (Admitted in NY, NJ & CA) | New York Office:<br>99 Main Street<br>Nyack, NY 10960<br>Phone: (212) 248-7906 | New Jersey Office:<br>295 Whiteman Street. #1<br>Fort Lee, NJ 07024<br>Fax:    (212) 248-7908 |
|---|---|---|

April 1, 2026

**Via ECF**

Hon. Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Dominguez v. City of New York, et al.*, 21-CV-2302 (DEH)

Dear Judge Ho:

Evan Brustein, Esq. and I represent Steven Dominguez. We submit this letter on behalf of Mr. Dominguez to bring to the Court's attention *Basile v. County of Nassau*, 20-CV-576, 2026 WL 865814 (E.D.N.Y. Mar. 30, 2026), which the Honorable Eric Komitee of the Eastern District of New York issued on March 30, 2026.  *Basile*, a copy of which is attached hereto as Exhibit A, directly addresses and forecloses the argument Defendants advance in Point VI of their memorandum of law (ECF No. 201 at 24–25), in which they contend that the City cannot be held liable under the doctrine of *respondeat superior* because Plaintiff has not pled claims against any identified John Doe police officers in his operative pleading.

In *Basile*, Nassau County moved post-verdict to set aside a $4.5 million jury verdict in the plaintiff's favor, arguing that the jury's finding that neither named defendant officer was individually liable precluded a finding of *respondeat superior* liability against the County. In *Basile*, the plaintiff testified at his deposition that one police-officer defendant carried out the assault alone. He went on to testify that he was unaware of "any direct involvement" by the other police-officer defendant in the assault. At trial, however, the plaintiff could not prove that either named officer had committed the assault, but the jury nevertheless held the County liable under *respondeat superior*. In other words, the jury found that the plaintiff had proven that an officer—named or unnamed—had used excessive force and committed a battery, and found the County liable. As relevant to the defendants' motion *in limine*, Judge Komitee denied the County's motion on the merits because a jury is not required to identify a specific employee as the tortfeasor in order to hold a municipal employer vicariously liable. *Basile* at *4. In so holding, the *Basile* Court reaffirmed the settled rule that "[A] state law claim may proceed on a *respondeat superior* theory against a municipality, even though the individual employee who acted in a wrongful manner has not been identified," *Basile* at *4 (quoting *Alli v. Steward-Bowden*, No. 11-CV-4952, 2013 WL 5229995, at *2 (S.D.N.Y. 2013)), and cited additional authorities in accord. *Id.* (collecting cases). The Second Circuit has similarly upheld municipal liability under New York law even after a named officer defendant was found not personally

liable. *Ferreira v. City of Binghamton*, 975 F.3d 255, 277–78 (2d Cir. 2020). The Court further held that the evidence was legally sufficient to support the verdict even without identification of the specific responsible officer, given proof that one of the County's officers had committed the assault. *Basile*, 2026 WL 865814, at *4–6.

*Basile* directly supports Mr. Dominguez's position at Point VI of his opposition memorandum. As set forth there, the City's body-worn camera failures and its refusal to identify which of the 24 on-scene officers entered the venue and participated in Mr. Dominguez's arrest made it impossible for him to name specific officers. Having stonewalled Mr. Dominguez's identification efforts, Defendants cannot now invoke that obstacle to extinguish his *respondeat superior* claim. *Basile* confirms that under New York law a jury need find only that *some* City officer committed the battery—without identifying which one—to hold the City liable. That is precisely the instruction Plaintiff has requested, and precisely what Defendants seek to preclude. We also note that *Basile* is consistent with Judge Morrison's ruling in *Martinez v. City of New York*, 16-CV-79, 2023 WL 4627739, at *5 (E.D.N.Y. July 19, 2023), cited in Plaintiff's opposition at Point VI, in which the Court confirmed that the jury could find the City liable on state-law battery claims based on conduct by "an NYPD officer or other City employee, whether or not his or her identity was known."

For these reasons, and the reasons stated in Mr. Dominguez's opposition papers, this aspect of defendants' motion *in limine* should be denied.

Respectfully,

*/s/ Brian L. Bromberg*
Brian L. Bromberg

cc:    All counsel of record (via ECF)

2