The Law Offices of

# Scott A. Korenbaum

14 Wall Street, Suite 4C
New York, New York 10005
Tel: (212) 587-0018        Fax: (212) 587-0018

April 27, 2026

<u>VIA ECF</u>

Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Dominguez v. City of New York, et al.*
     <u>21-CV-2302 (DEH)</u>

Dear Judge Ho:

  We represent Steven Dominguez.  We write to request that the Court strike the following questions and answers posed to Dr. Kim Busichio this afternoon by defense counsel:

> Q. You would agree with me that having bottles smash into your face could cause a skull fracture?
> A. It could.
> Q. So the answer is yes?
> A. I said it could.
> Q. You would agree with me having bottles smash into your face could cause a concussion; right?
> A. It could.
> Q. And "concussion" is another word for mild traumatic brain injury; right?

We make this request because of the Court's refusal to allow Mr. Dominguez's attorneys to ask Dr. Busichio the following question: "Q. Do you have an opinion in this case as to whether the injuries that Mr. Dominguez sustained were the result of broken bottles being smashed on his head or not?"  (Tr. 1059.)  The Court sustained counsel's objection because Dr. Busichio, in her Rule 26(a)(2)(B) report, did not opine about the mechanism causing his traumatic brain injury. But that would have been grounds to sustain an objection to the question if asked on direct examination.  And we did not ask such a question on direct examination for that reason.  But having posed such a hypothetical question, it was unfair to foreclose Mr. Dominguez's counsel to have Dr. Busichio expound on her answer.

  We also write to request that the Court take judicial notice of the life expectancy tables published by the United States government, which can be found at https://www.ssa.gov/oact/STATS/table4c6.html, and to instruct the jury as follows:

If the plaintiff has established that his injuries, if any, are permanent, you may take that fact into consideration in fixing the amount of compensatory damages. You may take into consideration the period of time that has elapsed from the date of the plaintiff's injury to the present time and the period of time that the plaintiff can be expected to live. According to the most recent life expectancy tables published by the United States Government, I instruct you that the average life expectancy of a man who is plaintiff's age, 35 years old, is approximately 40.94 more years. Life expectancy tables are, of course, nothing more than statistical averages. They neither assure the span of life that I've given you, nor assure that the span of life will not be greater. The life expectancy figure I've given you is not binding upon you. It may, however, be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health, habits, employment and activities in determining what the plaintiff's present life expectancy may be.

Judge Morrison delivered that charge in *Pfail v. County of Nassau, et al.*, 16-CV-518 (NRM) (E.D.N.Y. May 28, 2025) (attached).

Thank you for your attention to these matters. We look forward to discussing them with the Court and counsel tomorrow.

Respectfully submitted,

Scott A. Korenbaum

SAK:sak
Enclosure

cc: All counsel (via ECF)

1758

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                :
   BRIAN PFAIL,                 :   16-CV-00518 (NRM)
                                :
              Plaintiff,        :
                                :   United States Courthouse
          -against-             :   Brooklyn, New York
                                :
   COUNTY OF NASSAU, ET AL.,    :
                                :   May 28, 2025
              Defendants.       :   10:00 a.m.
                                :
- - - - - - - - - - - - - - - - X
         TRANSCRIPT OF CIVIL CAUSE FOR JURY TRIAL
           BEFORE THE HONORABLE NINA MORRISON
             UNITED STATES DISTRICT JUDGE

                  A P P E A R A N C E S:

For Plaintiff:        LAW OFFICES OF FREDERICK K. BREWINGTON
                          556 Peninsula Boulevard
                          Hempstead, New York 11550
                      BY:  FREDERICK K. BREWINGTON, ESQ.
                           COBIA MALIK POWELL, ESQ.


For Defendants        OFFICE OF THE NASSAU COUNTY ATTORNEY
County of Nassau,         One West Street
Panuthos, O'Brien:        Mineola, New York 11501
                      BY:  JOHN CARNEVALE, ESQ.


For Defendant         SOKOLOFF STERN, LLP
Massaro:                  179 Westbury Avenue
                          Carle Place, New York 11514
                      BY:  LEO DORFMAN, ESQ.


For Defendant         CUOMO LLC
Iannucci:                 9 East 38th Street
                          New York, New York 10016
                      BY:  MATTHEW A. CUOMO, ESQ.

Court Reporter:       Jamie Ann Stanton, RMR, CRR, RPR
                      E-mail:  JamieStanton.edny@gmail.com

Proceedings recorded by computerized stenography.  Transcript produced by
Computer-aided Transcription.
```

Charge of the Court                                    1964

as mental or physical pain or suffering has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair and reasonable in light of the evidence.

If the plaintiff has established that his injuries, if any, are permanent, you may take that fact into consideration in fixing the amount of compensatory damages. You may take into consideration the period of time that has elapsed from the date of the plaintiff's injury to the present time and the period of time that the plaintiff can be expected to live.

According to the most recent life expectancy tables published by the United States Government, I instruct you that the average life expectancy of a man who is plaintiff's age, 35 years old, is approximately 40.94 more years.

Life expectancy tables are, of course, nothing more than statistical averages.  They neither assure the span of life that I've given you, nor assure that the span of life will not be greater.  The life expectancy figure I've given you is not binding upon you.  It may, however, be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health,

CMH        OCR        RDR        FCRR

habits, employment and activities in determining what the plaintiff's present life expectancy may be.

You may award compensatory damages only for injuries that plaintiff proves were proximately caused by defendant's wrongful conduct.

As I explained to you in my instructions at the liability phase of this case, the proximate cause of an injury need not always be the nearest cause either in time or in location.  In addition, the law recognizes that there may be more than one proximate cause of an injury.  Many factors may operate at the same time, either independently or together, to cause an injury.  This means that if you find that the defendant's conduct was a substantial factor in bringing about the plaintiff's injuries, and you find that his injuries were reasonably foreseeable consequence of the defendants' actions, then the proximate cause requirement is satisfied, even if you conclude that there was more than one cause of the plaintiff's injury and even if the conduct of two or more people may have caused the injury.

If you conclude, on the other hand, that an injury plaintiff claims to have suffered was caused solely by some other action or event, you may not award compensatory damages for that injury, however, when deciding what injuries a defendant caused, the law says that a defendant takes the plaintiff as he finds him.

CMH        OCR        RDR        FCRR