UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Steven Dominguez,<br><br>                    Plaintiff,<br><br>            v.<br><br>City of New York, et al.,<br><br>                    Defendants. | 21-CV-2302 (DEH)<br><br><u>ORDER</u> |

DALE E. HO, United States District Judge:

Attached to this Order are: (1) the jury charge and blank verdict form in this case (Court Exhibit 1); (2) the notes sent by the jury during its deliberations (Court Exhibits 2-3) and (3) the jury's verdict form (Court Exhibit 4), with juror signatures redacted.

SO ORDERED.

Dated: May 5, 2026
       New York, New York

_____
DALE E. HO
United States District Judge

# COURT EXHIBIT 1

*Steven Dominguez v. City of New York, et al., No. 21 Civ. 2302*

**April 29, 2026**

**FINAL JURY INSTRUCTIONS**

Members of the Jury: you have now heard all of the evidence and tomorrow you will hear the lawyers' closing arguments. It is my duty at this point to instruct you as to the law. I am going to read my instructions to you.

My instructions to you will be in three parts.

First, I will give you general instructions – for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

## I.    ROLE OF THE JURY

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

As you know, the Plaintiff in this case is Steven Dominguez. The Defendants in this case

1

are the City of New York, and Dylan Lynch, Patrick Lynch, Joseph Battista, Patrick Graney, and Evan Nielsen. In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. No party is entitled to any greater or lesser consideration by you. The fact that the City of New York is a Defendant, or that individual Defendants are current or former law enforcement officers is irrelevant. All litigants are equal before the law, and each party in this case is entitled to the same fair consideration that you would give any other party.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any testimony or evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain testimony or evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. The first type is direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is

2

evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside. Also assume the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved. It is for you, and you alone, to decide what inferences you will draw.

Importantly, circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. It asks only that you consider all the evidence presented.

3

What is and what is not evidence

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties.

A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you. A stipulation is the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

Nothing else is evidence.

For example, the questions posed to a witness are not evidence: it is the witnesses' answers that are evidence, not the questions. In addition, exhibits marked for identification but not admitted by me are not evidence; nor are materials brought forth only to refresh a witness's recollection. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Along these lines, you will recall that, among the exhibits received in evidence, some documents are redacted. "Redacted" means that part of the document was deleted or blacked out. As I previously told you, you are to concern yourself only with the part of the document that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted or blacked out.

Finally, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be

4

responsive to questions or to keep his or her voice up.   At times, I may have asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and these instructions are not an indication of my views as to what your decision should be.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

### Limited Purpose Evidence

If certain testimony or evidence was admitted or received for a limited purpose, you must follow the limiting instructions I have given.

### Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the same tests here that you use in your everyday life when evaluating statements made by others to you.  You may ask yourselves: did the witness impress you as open, honest, and candid?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully.  On the other hand, a witness may be inaccurate,

contradictory, or even untruthful in some respects and entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may reject it because of the witness's bearing or demeanor, because of the inherent improbability of the testimony, or for any other reasons sufficient for you to conclude that the testimony is not worthy of belief.

In evaluating the credibility of witnesses, you may take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome can create a motive to testify falsely, and may sway a witness to testify in a way that advances their own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you may bear that fact in mind when evaluating the credibility of his or her testimony.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many situations in which people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Impeachment

A witness may be discredited, or "impeached," by a showing that at some earlier time the

6

witness said or did something which is inconsistent with the witness's testimony here at trial. It is for you to determine, first, whether the prior statement or act was indeed inconsistent with the witness's trial testimony, and if so, whether the inconsistency is significant or inconsequential.

If you believe that a witness has been impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves. If you find that the witness made an earlier statement that now conflicts with the testimony that witness gave here at trial, you may accept, in part or in whole the earlier testimony; you may accept, in part or in whole, the witness's testimony here at trial; or you may reject, in whole or in part, both the prior and trial testimony.

In making this determination, you may consider whether the witness purposefully made a false statement now, or previously, or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; and whether the witness had a credible explanation for the inconsistency.

Evidence of the prior inconsistent statement was presented to you to help you decide whether to believe the trial testimony of that witness. It is not to be considered by you as affirmative evidence in determining liability.

<u>Expert Witnesses</u>

During the trial, you heard testimony from Dr. Daniel Feuer and Dr. Kim Busichio, expert witnesses. An expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge. Such a witness is permitted to express their opinions on matters about which they have specialized knowledge and training. A party may

7

present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

You may reject an expert witness's opinion if you find, from the evidence in this case, that the underlying facts are different from those that formed the basis of the expert's opinion. You may also reject an expert's opinion if, after careful consideration of all the evidence in the case, including expert and other testimony, you disagree with that opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness, and it is allowed only to aid you in reaching a proper conclusion.

In weighing an expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she qualifies as an expert. Nor should you substitute an expert's opinion for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### Credibility of Police Officers

The testimony of a law enforcement officer is entitled to no special or exclusive sanctity. Rather, the testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating an officer's credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser

8

credence to the testimony of a witness merely because he or she is a law enforcement officer.

### Use of Depositions

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

### Preponderance of the Evidence

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a party has met its burden of proof on a particular issue. The standard that applies in this case is the preponderance of the evidence. As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

To establish something by a preponderance of the evidence means that the evidence of the party that has the burden of proof must be more convincing and persuasive to you than that opposed to it. The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof — that what the party claims is more likely true than not — then that element will have been proved by a preponderance of the evidence. And here it is important for you to realize that this refers to the quality of the evidence and not to the number of witnesses, the number or variety of the exhibits, or the length of time spent on a

9

subject. In determining whether any fact has been proved by a preponderance of the evidence, you may consider all of the exhibits and the testimony of all of the witnesses.

## II. SUBSTANTIVE ISSUES

That completes my introductory instructions. Let me now turn to the law that applies to the issues in this case.

Mr. Dominguez has brought five claims against the Defendants under federal law: excessive force, false arrest, malicious prosecution, denial of a fair trial, and failure to intervene. He has also brought four claims under New York State law: assault and battery, false arrest, and malicious prosecution.

### Multiple Defendants

Before I discuss the plaintiff's claims in more detail, I want to note that there are five individual defendants in this case: Joseph Battista, Dylan Lynch, Patrick Lynch, Patrick Graney, and Evan Nielsen. There is also a municipal defendant in this case: The City of New York.

With respect to the plaintiff's claims for excessive force, false arrest, malicious prosecution, denial of a fair trial, and failure to intervene, you must consider the plaintiff's claims against each individual defendant separately. Liability on these claims is individual. As a result, for each claim, you must decide whether the plaintiff has shown, by a preponderance of the evidence, that each particular defendant violated the plaintiff's rights. If you decide that the plaintiff has not made such a showing on a particular claim with respect to a particular defendant, then you must find in favor of that individual defendant on that claim.

10

In this case, the plaintiff also brings a state law claim of assault and battery against the City of New York. On this claim, liability is not individual. That is because the City of New York can be held liable as the employer of these defendants and all other members of the New York Police Department. Thus, the plaintiff must prove by a preponderance of the evidence that any employee of the New York Police Department committed an act that satisfies the legal definition of assault and battery. If the plaintiff proves by a preponderance of the evidence that one or more New York City police officers committed an assault and battery against him, then you must find the City of New York liable for assault and battery. I will discuss this more when I describe the plaintiff's claim for assault and battery.

The Federal Civil Rights Statute

Plaintiff brings five claims under the federal civil rights statute, also known as 42 U.S.C. Section 1983. This statute enables people to sue when they believe their constitutional rights have been violated by the government.

To establish a claim under Section 1983 against the Defendants, Mr. Dominguez must establish, by a preponderance of the evidence, each of the following elements:

First, that the conduct complained of was committed by the Defendants acting under color of state law;

Second, that in so acting, the Defendants violated the constitutional rights of Mr. Dominguez; and

Third, that the Defendants' acts were the proximate or legal cause of the injuries and consequent damages alleged by Mr. Dominguez.

11

First Element: Under Color of Law

With respect to the first element, under color of law:  In this case it is not disputed that the individual defendants were acting in their official capacities as members of the City of New York Police Department, and therefore, were acting under color of state law.

Second Element: Deprivation of a Constitutional Right

With respect to the second element, deprivation of a constitutional right: the plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants. Specifically, the plaintiff must show, by a preponderance of the evidence, that (a) defendants committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendants acted intentionally or recklessly, and not merely negligently.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.  Mr. Dominguez does not have to establish that the defendants intended to violate his federal constitutional rights.

Here, the first thing for you to determine is whether, by a preponderance of the evidence, the defendants committed the acts alleged by plaintiff.

If you determine that the defendants committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case the plaintiff has brought the following claims:

First, false arrest against defendants Joseph Battista, Dylan Lynch, and Patrick Lynch.

12

Second, <u>excessive force</u> against defendants Joseph Battista, Dylan Lynch, Patrick Lynch, Patrick Graney, and Evan Nielsen.

Third, <u>malicious prosecution</u> against defendants Joseph Battista, Dylan Lynch, and Patrick Lynch.

Fourth, denial of the <u>right to a fair trial</u> against defendants Joseph Battista, Dylan Lynch, and Patrick Lynch.

Fifth, <u>failure to intervene</u> against defendants Joseph Battista, Dylan Lynch, Patrick Lynch, Patrick Graney, and Evan Nielsen.

I will now explain each of these claims to you in more detail.


Excessive Force

Mr. Dominguez's first claim is that defendants violated his Fourth Amendment right to be free from unreasonable seizures by using excessive force against him. Defendants deny using any force in seizing Mr. Dominguez.

For the claim of excessive force, Mr. Dominguez must prove, with respect to each defendant you are considering, that there was some harm that resulted directly and only from the use of force that was excessive to the need, in that it was objectively unreasonable in light of the facts and circumstances at the time.

In determining whether any of the defendants used excessive force, you should consider the totality of the circumstances confronting the defendant officers. Some of the things you may want to consider are: if officers believe that Mr. Dominguez had committed or was committing

13

any crimes, the severity of the offense of offenses; whether Mr. Dominguez posed an immediate threat to the safety of the officers, himself, or others; whether he was actively resisting arrest or attempting to evade arrest by flight; the need for the application of force; the relationship between the need and the amount of force any officer used; the extent of the injury caused by the force; the relative physical size, strength and any weaponry of the officers and/or Mr. Dominguez; and the general exigency of the moment. These are some of the factors that you may wish to consider and it's for you to look at the totality of the circumstances in your deliberations.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the benefit of 20/20-vision or of hindsight. The nature of reasonableness recognizes the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving, about the amount of force that is necessary in a particular situation.

Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom. Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable for every such incident.

The reasonableness inquiry is an objective one. The question is whether the officers' actions are objectively reasonable, not subjectively reasonable, in light of the facts and circumstances confronting them without regard to the officers' underlying intent or motivation. Because the question you must determine is whether defendants' use of force was "objectively reasonable," you cannot consider their underlying intent or motivation. A police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not necessarily make a reasonable use of force excessive.

14

Here, the defendants deny using any force against the plaintiff that caused him any injury. If you find that one or more of the defendants used excessive force against the plaintiff, then your verdict should be in favor of the plaintiff and against that defendant or defendants. If, on the other hand, you find that none of the individual defendants used unreasonable force against the plaintiff, then your verdict must be in the defendants' favor on this claim.

If you find that Mr. Dominguez has proven by a preponderance of the evidence that he was subjected to excessive force and that the force was the proximate cause of his injuries, you must determine which, if any, of the officers directly participated in use of the excessive force. You may find that one, or any combination, or none at all, directly participated in the use of excessive force.

Mr. Dominguez may establish an officer's personal involvement through facts suggesting that the officer was personally involved in the use of force.

In determining if one of the defendants directly participated in the use of excessive force against the plaintiff, you are permitted to rely on both direct and circumstantial evidence, and to rely on the testimony of multiple individuals to infer that particular officers were liable for the alleged conduct. That is, even if there is no direct testimony of a defendant's actions, if you determine that there is ample circumstantial evidence to show by a preponderance of the evidence that the officer directly participated in the incident that led to the use of excessive force, that is sufficient.

<u>False Arrest</u>

Mr. Dominguez's second claim is that he was falsely arrested by defendants Joseph Battista, Dylan Lynch, and Patrick Lynch. Defendants deny this claim and assert that there was probable cause to arrest plaintiff.

Federal law provides that no person may be arrested without probable cause. Let me explain what "probable cause" means. Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that a criminal offense has been or is being committed by the person to be arrested. Defendants have the burden of proving the existence of probable cause. Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the arrest of plaintiff. You are to view the question of probable cause from the position of how the circumstances appeared to the officers at the time, and not from a position of calm, reflective hindsight.

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity. In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause. An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime. An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed. Thus, the ultimate disposition of the criminal charge against the plaintiff, whatever it may have been, is irrelevant to this question.

16

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause. Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence. Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for any offense(s) with which the plaintiff was eventually charged, so long as the officer had probable cause to arrest plaintiff for any criminal offense. An arrest made with probable cause for any offense – whether charged or not – is lawful.

Defendants assert that probable cause existed to arrest plaintiff for the following offenses:

<u>Assault in the Second Degree</u>

A person is guilty of Assault in the Second Degree when: with intent to prevent a police officer from performing a lawful duty, he causes physical injury to such police officer. There is no dispute with regard to whether the defendants were performing a lawful duty; however, there is a dispute as to whether the plaintiff intended to prevent them from doing so. Physical injury, which is also disputed, means impairment of physical condition or substantial pain. Physical injury

17

is established where the victim's injuries were more than mere petty slaps, shoves, kicks and the like. Relatively minor injuries causing moderate, but more than slight or trivial pain may suffice.

### Assault in the Third Degree

A person is guilty of assault in the third degree when: with intent to cause physical injury to another person, he causes such injury to such person or to a third person; or, he recklessly causes physical injury to another person.

### Obstructing Governmental Administration in the Second Degree

A person is guilty of obstructing governmental administration when: such person intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.

### Attempted Assault in the Third Degree

A person is guilty of attempted assault in the third degree when, with intent to commit attempted assault in the third degree as I have previously defined it, he engages in conduct which tends to effect the commission of such crime.

### Harassment in the Second Degree

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: He strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.

If you find that probable cause existed for any one of the crimes, then you must find in favor of the defendants with respect to plaintiff's false arrest claim.  Keep in mind, you do not

18

need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.

### Cause to arrest under the New York Mental Hygiene Law

Under New York law, a police officer may also detain someone who appears to be mentally ill or appears to be incapacitated by alcohol and/or other substances and may be a harm to themself or others. However, these laws only justify a seizure for as long as required to ensure the person is not a danger to themself or others, and there must be another basis of probable cause to continue detaining them beyond that point.

### New York Mental Hygiene Law Section 9.41

Mental Hygiene Law Section 9.41 authorizes a police officer to take into custody and remove to a hospital any person who appears to be mentally ill and is conducting himself in a manner which is likely to result in serious harm to himself or others. Such detention can only last for as long as there was a danger to the plaintiff or others. Therefore, you must still consider whether probable cause existed on this basis and what additional period of time, if any, probable cause continued to exist from when the defendants first seized the plaintiff. A seizure under the Mental Hygiene Law is subject to the same objective reasonableness standard that is imposed by the Fourth Amendment.

### New York Mental Hygiene Law Section 22.09(b)(2)

Under New York Mental Hygiene Law Section 22.09(b)(2), a person who appears to be incapacitated by alcohol and/or substances to the degree that there is a likelihood to result in harm to the person or to others may be taken by a police officer to a treatment facility for purposes of

19

receiving emergency services. Such detention can only last for as long as there was a danger to the plaintiff or others. Therefore, you must still consider whether probable cause existed on this basis and what additional period of time, if any, probable cause continued to exist from when the defendants first seized the plaintiff. A seizure under the Mental Hygiene Law is subject to the same objective reasonableness standard that is imposed by the Fourth Amendment.

Malicious Prosecution

Mr. Dominguez's third claim is that defendants Joseph Battista, Dylan Lynch, and Patrick Lynch maliciously commenced a criminal proceeding against him. You are to decide whether (1) defendants initiated a criminal proceeding against plaintiff, (2) there was no probable cause for the commencement of the criminal proceeding, and (3) whether defendants' actions leading to the initiation of the proceeding against plaintiff were motivated by malice. The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.

(1) Initiation or Continuation

A defendant may be said to have initiated a criminal prosecution if (a) the defendant directed or required a prosecutor to prosecute, (b) gave the prosecutor, directly or indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false, or (c) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute. A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendant gave the prosecutor information that the defendant knew to be false or withheld information that a reasonable person

would realize might affect the prosecutor's determination whether to prosecute, the defendant is responsible for initiating the prosecution.

(2) Probable Cause

The next issue is whether plaintiff has proved, by a preponderance of the evidence that defendants lacked probable cause to believe that plaintiff was guilty of a crime.

I have previously discussed the issue of probable cause with regard to plaintiff's false arrest claim. With respect to that claim, I instructed you as to whether the defendants had probable cause to initially arrest the plaintiff. Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding. We are now past the arrest stage and into the actual initiation of the prosecution.

The plaintiff must prove that a defendant acted without probable cause in commencing the criminal proceeding against him. Whether probable cause existed depends upon whether a reasonably prudent person would have believed the plaintiff to be guilty of the crimes with which he was charged in the criminal complaint — assault in the second degree, assault in the third degree, obstructing governmental administration in the second degree, attempted assault in the third degree or harassment in the second degree — on the basis of the facts the defendant officers knew when they initiated the prosecution, or that they then reasonably believed to be true. Unlike his false arrest claim, Mr. Dominguez bears the burden of establishing an absence of probable cause. If you find the defendant lacked probable cause as to any one of the charged offenses, the plaintiff has met his burden of proof as to this element. The fact that the criminal charges were all ultimately dismissed is not evidence that that the officers lacked probable cause at the time that the prosecution was initiated.

(3) Malice

21

The next element plaintiff must prove by a preponderance of the evidence is that the defendants acted with malice. A prosecution is initiated or continued maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the rights of the person accused. Malice may be inferred from a lack of probable cause. However, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, but may be established if no reasonable officer could have thought it existed.

Fair Trial

Mr. Dominguez's fourth claim is that he was denied the right to a fair trial by defendants Joseph Battista, Dylan Lynch, and Patrick Lynch. To succeed on a claim of denial of a fair trial against defendants, plaintiff must prove each of the following elements by a preponderance of the evidence:

1) The defendant fabricated evidence;

2) The fabricated evidence was material, meaning it was likely to influence the outcome of the case. False information is likely to influence the outcome of a case if the false information is material or important to the charges against a person. It is not necessary for the plaintiff to prove that the false information was actually presented to a judge or jury or that the plaintiff was ever brought to trial. It is sufficient for the plaintiff to prove that the information would have been important to a jury had it been used against the plaintiff during a court proceeding. If you find that some piece of evidence was fabricated, but that evidence wouldn't have influenced the outcome in the plaintiff's criminal case, then you must find for defendants.

3) The defendant forwarded the fabricated evidence to prosecutors; and,

22

4)  Plaintiff suffered a deprivation of life, liberty, or property as a result.

Plaintiff must establish each of these elements to prevail on a claim of fabrication of evidence.

Failure To Intervene

Mr. Dominguez's fifth claim is for failure to intervene, against defendants Joseph Battista, Dylan Lynch, Patrick Lynch, Patrick Graney, and Evan Nielsen.  Law enforcement officers have an affirmative obligation to take reasonable steps to prevent other law enforcement officers from violating the law.  If a law enforcement officer: first, witnesses another officer committing a false arrest, excessive force, malicious prosecution or a denial of a fair trial; and second, the officer has a realistic opportunity to stop the constitutional violation, then the law requires the officer to intervene.

Thus, if you find that plaintiff was subject to one or more of the constitutional violations that he alleges, and you further find that the defendant you are considering actually knew about one of those violations and did nothing to prevent those actions, despite having a realistic opportunity to do so, then you will find the defendant you are considering liable for failure to intervene.

Proximate Cause

The third element that Mr. Dominguez must prove by a preponderance of the evidence is that the actions of any of the defendants were a proximate cause of the injuries sustained by him. "Proximate cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Mr. Dominguez. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged

23

injury. In other words, if a defendant's act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

The elements I have just described – that is, (1) deprivation of a constitutional right; and (2) proximate cause – must be established by Mr. Dominguez by a preponderance of the evidence for the constitutional claims asserted.

## State Law Claims

In addition to considering the federal claims, you must consider some claims under New York state law.

### Assault and Battery under New York State Law

Mr. Dominguez brings claims of assault and battery as defined by the laws of the State of New York against each of the individual Defendants, Joseph Battista, Dylan Lynch, Patrick Lynch, Patrick Graney, and Evan Nielsen.  The elements of these claims, to the extent they are disputed, are substantially identical to the excessive force claim.  Therefore, I instruct you that if you have already determined that Mr. Dominguez was subjected to excessive force then your verdict must be in his favor on his state law claims of assault and battery.

### Assault and Battery against Defendant City of New York

Plaintiff also brings a state law claim for assault and battery against the City of New York, based on a theory of *respondeat superior,* which means that the City may be liable for the acts of its employees when the employees act within the scope of their employment.  The elements of this claim are substantially identical to the plaintiff's excessive force claim.  However, this claim is

24

brought against the City of New York, not the individual defendants. Therefore, you do not need to analyze this claim as to each individual defendant as you will do when you consider the plaintiff's previous claims.

Instead, if you find that the plaintiff has proven by a preponderance of the evidence that any of the individual defendants used excessive force against him, or if you find that the plaintiff has proven by a preponderance of the evidence that any other New York City police officer used excessive force against him, you must find for the plaintiff against the City of New York on his claim for assault and battery.

STATE LAW FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS

Mr. Dominguez also brings claims for false arrest and malicious prosecution under the laws of the State of New York. These state law claims are based on the same facts and conduct as his federal false arrest and malicious prosecution claims under Section 1983, which I have already described to you. The elements of the state law claims are substantially the same as those of the federal claims for false arrest and malicious prosecution.

Accordingly, your verdict on the state law false arrest claim should be the same as your verdict on the federal false arrest claim: if you find for Mr. Dominguez on the federal false arrest claim, you should also find for him on the state law false arrest claim; if you find for the defendants on the federal false arrest claim, you should also find for the defendants on the state law false arrest claim. Likewise, your verdict on the state law malicious prosecution claim should be the same as your verdict on the federal malicious prosecution claim: if you find for Mr. Dominguez on the federal malicious prosecution claim, you should also find for him on the state law malicious prosecution claim; if you find for the defendants on the federal malicious prosecution claim, you

25

should also find for the defendants on the state law malicious prosecution claim.

<u>False Arrest and Malicious Prosecution Claims against Defendant City of New York</u>

Plaintiff also brings state law claims for false arrest and malicious prosecution against the City of New York, based on a theory of ***respondeat superior,*** which means that the City may be liable for the acts of its employees when the employees act within the scope of their employment. The elements of this claim are substantially identical to the plaintiff's federal false arrest and malicious prosecutions claims. However, this claim is brought against the City of New York, not the individual defendants. Therefore, you do not need to analyze these claims as to each individual defendant as you will do when you consider the plaintiff's previous claims.

Instead, if you find that the plaintiff has proven by a preponderance of the evidence that any of the individual defendants falsely arrested him or subjected him to a malicious prosecution, or if you find that the plaintiff has proven by a preponderance of the evidence that any other New York police officer falsely arrested him or subjected him to a malicious prosecution, you must find for the plaintiff against the City of New York on the corresponding state law claim.

<u>Individual Liability</u>

One word about liability with respect to each Defendant: it does not follow that if one or more defendant is liable, any other defendant is liable. Each defendant is entitled to a fair consideration of the evidence relating to the plaintiff's claims and that defendant's own defense, and plaintiff and each defendant is not to be prejudiced by any finding you make for or against plaintiff or any defendant.

26

Damages

If you find that Mr. Dominguez has met his burden of proof with respect to any of his claims, that is, that he has proven any of his claims by a preponderance of the evidence, then you must consider the issue of damages. The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of plaintiff on the question of liability.

There are several types of damages that you may consider: compensatory damages and punitive damages. I will discuss each of these in turn.

Compensatory Damages

If you find for Mr. Dominguez on the issue of liability, then you may award him compensatory damages, that is, a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of defendants' conduct.

Mr. Dominguez is entitled to compensatory damages if he has sustained actual physical injuries, including pain and suffering caused by the injuries and/or emotional distress that he has suffered because of the defendants' conduct. Because of the nature of noneconomic damages, no evidence of a monetary value need be nor necessarily can be introduced into evidence, nor is any exact standard for the compensation you may award for such damages. Nevertheless, an award of noneconomic damages must be supported by competent evidence concerning the effects of the injury.

27

You must be guided by dispassionate common sense. The noneconomic damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award noneconomic compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

You are to use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you deem appropriate based on the facts and circumstances in evidence.

You may award damages for the physical injuries plaintiff experienced. You may also award damages for any psychological injury, emotional distress, mental suffering, or any physical consequences resulting from emotional distress, that plaintiff has suffered, and may continue to suffer, as a result of the wrongful conduct of the defendants. In addition, if you found that plaintiff has proven his claim of false arrest, then from the fact he was wrongfully detained alone, you must award monetary damages to compensate him for his loss of freedom and movement. To consider what amount of damages are appropriate for false arrest, you may consider factors such as the loss of time, the physical discomfort of inconvenience, and the conditions in which the plaintiff was confined. Finally, you may award damages for the loss of income that you find plaintiff will experience as a result of the wrongful conduct of the defendants.

If the plaintiff has established that his injuries, if any, are permanent, you may take that fact into consideration in fixing the amount of compensatory damages. You may take into consideration the period of time that has elapsed from the date of the plaintiff's injury to the present time and the period of time that the plaintiff can be expected to live. According to the most recent life expectancy tables published by the United States Government, I instruct you that the average life expectancy of a man who is plaintiff's age, 31 years old, is approximately 45.62 more years.

28

Life expectancy tables are, of course, nothing more than statistical averages. They neither assure the span of life that I've given you, nor assure that the span of life will not be greater. The life expectancy figure I've given you is not binding upon you. It may, however, be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health, habits, employment and activities in determining what the plaintiff's present life expectancy may be.

This case involves multiple defendants. Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are also liable. Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant. If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. Keep in mind, however, that plaintiff can recover only once for his injury, because the law disallows double recoveries.

Punitive Damages

As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.

If you award Mr. Dominguez compensatory damages, then you may, but are not required to, also make a separate and additional award of punitive damages. The fact that I am giving you instructions on punitive damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on punitive damages are given only so that you will have them in the event that you should find in favor of plaintiff on the question of

29

liability.

You may award plaintiff punitive damages against a defendant if you find that the particular defendant's actions were malicious or wanton and reckless, not merely unreasonable, or if one or more of the defendants intentionally violated plaintiff's federal rights. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Plaintiff has the burden of proving, by a preponderance of the evidence, that any of the individual defendants acted maliciously or wantonly with regard to his rights. An act is wantonly and recklessly done if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he or she is aware, or when a defendant has a conscious desire to injure plaintiff in a manner he or she knows to be unlawful.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. The purpose of punitive damages is not to compensate plaintiff. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct, and to deter him or her, and others in the same position, from engaging in similar conduct in the future.

If you find by a preponderance of the evidence that any defendant acted with malicious intent to violate plaintiff's federal rights or unlawfully injure him, or if you find that any defendant acted with a callous or reckless disregard of his rights, then you may award punitive damages

30

against that particular defendant or defendants.

Nominal Damages

If you return a verdict in the plaintiff's favor, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when a plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

## III. Concluding Instructions

Selection of Foreperson

Tomorrow, after closing arguments, you will, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise and when you have reached a verdict. The foreperson is also who will be asked in open court to pass your completed Verdict Form to me.

31

Sending Notes

You may have questions or comments for me as you deliberate. If you do, you can communicate with me by sending notes using forms and envelopes that you will be provided for that purpose. Your notes to me should be signed by the foreperson and should include the date and time they were sent. They should also be as clear and as precise as possible, as they will become part of the record in this case. Do not tell me or anyone else how you stand on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations. In addition, you will also be provided with a list of all the exhibits that were received into evidence.

If you prefer to view any evidence here in the courtroom or if you want any of the testimony submitted to you or read back to you, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through his or her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony - in fact, any communication with the Court -- should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have

32

taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's view to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be submitted or read back to you.

Duty to Deliberate

The most important part of this case is the part that you as jurors will play as you deliberate on the issues of fact. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues joined in this case and render a true verdict.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold the center stage in the jury room, and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous. If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations.

33

<u>Return of the Verdict</u>

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which will be attached to these instructions. Do not write on your individual copies of the Verdict Form. My staff will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

As you will see, the Verdict Form is kind of like those old "choose your own adventure" books. Depending on your answer to a question or questions, you will be directed to either answer another question or to sign the Verdict Form. You should draw no inference from the questions on the Verdict Form as to what your verdict should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

When you have completed the Verdict Form, please review your answers to ensure that they accurately reflect your unanimous determinations. The foreperson should note the date and time and you should all sign the Verdict Form. The foreperson should then give a note—not the Verdict Form itself—to the Court Security Officer outside your door, stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that all of you must be in agreement with the verdict that is announced in court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

<u>Closing Comments</u>

Thank you again for your service.

34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

STEVEN DOMINGUEZ,

                        Plaintiff,                        No. 21-CV-2302 (DEH)
        -against-

CITY OF NEW YORK, JOSEPH BATTISTA,
DYLAN LYNCH, PATRICK LYNCH, EVAN
NIELSEN, AND PATRICK GRANEY,

                        Defendants.
-----------------------------------------------------------------x

## I.    **EXCESSIVE FORCE AND BATTERY**

### **QUESTION 1:**

Do you find that Plaintiff Steven Dominguez has proven, by a preponderance of the evidence, that one or more of the defendants used excessive force in violation of his federal constitutional rights?

| | | | | |
|---|---|---|---|---|
| Dylan Lynch | YES | _____ | NO | _____ |
| Joseph Battista | YES | _____ | NO | _____ |
| Patrick Lynch | YES | _____ | NO | _____ |
| Evan Nielsen | YES | _____ | NO | _____ |
| Patrick Graney | YES | _____ | NO | _____ |

Regardless of your answer to Question 1, please proceed to Question 2.

1

**QUESTION 2:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that one or more of the defendants committed an assault or battery in violation of New York law? Your answers to Question 2 should be the same as your answers to Question 1 as to the individual defendants.

| | | |
|---|---|---|
| Dylan Lynch and the City of New York | YES _____ | NO _____ |
| Joseph Battista and the City of New York | YES _____ | NO _____ |
| Patrick Lynch and the City of New York | YES _____ | NO _____ |
| Evan Nielsen and the City of New York | YES _____ | NO _____ |
| Patrick Graney and the City of New York | YES _____ | NO _____ |
| Any other police officer employed by the City of New York | YES _____ | NO _____ |

If your answer to Question 1 and/or 2 is "Yes" as to any defendant, please answer Questions 3-6.

If the answers to Questions 1 and 2 are "No" as to all defendants, please skip Questions 3-6.

**QUESTION 3:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' use of excessive force?

YES _____          NO _____

2

**QUESTION 4:**

If your answer to Question 3 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for excessive force.

$_____

If your answer to Question 3 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for excessive force.

$_____

**QUESTION 5:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's use of excessive force?

YES _____    NO _____

**QUESTION 6:**

If your answer to Question 5 was "Yes," what amount of punitive damages should the plaintiff be awarded for the use of excessive force? *You may only award punitive damages against a defendant if you concluded that the particular defendant used excessive force against the plaintiff.*

$_____ Dylan Lynch
$_____ Joseph Battista
$_____ Patrick Lynch
$_____ Evan Nielsen
$_____ Patrick Graney

3

## II.    FALSE ARREST

### QUESTION 7:

Did the Plaintiff prove by a preponderance of the evidence that any of the below Defendants subjected him to false arrest in violation of his federal constitutional rights?

| | | |
|---|---|---|
| Dylan Lynch | YES _____ | NO _____ |
| Joseph Battista | YES _____ | NO _____ |
| Patrick Lynch | YES _____ | NO _____ |

Regardless of your answer to Question 7, please proceed to Question 8.

### QUESTION 8:

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants falsely arrested him in violation of New York State law? Your answers to Question 8 should be the same as your answers to Question 7 as to the individual defendants.

| | | |
|---|---|---|
| Dylan Lynch and City of New York | YES _____ | NO _____ |
| Joseph Battista and City of New York | YES _____ | NO _____ |
| Patrick Lynch and City of New York | YES _____ | NO _____ |

If your answers to Questions 7 and/or 8 are "Yes" as to any defendant, please answer Questions 9-11.

If your answers to Questions 7 and 8 are "No" as to all defendants, please skip Questions 9-11.

4

**QUESTION 9:**

If your answer to Question 8 was "Yes," then plaintiff is entitled to compensatory damages from the false arrest. Please state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for false arrest.

$_____

**QUESTION 10:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's false arrest against him?

YES _____          NO _____

**QUESTION 11:**

If your answer to Question 11 was "Yes," what amount of punitive damages should the plaintiff be awarded for the false arrest? *You may only award punitive damages against a defendant if you concluded that the particular defendant falsely arrested the plaintiff.*

$_____ Dylan Lynch

$_____ Joseph Battista

$_____ Patrick Lynch

5

## III.   <u>MALICIOUS PROSECUTION</u>

### <u>QUESTION 12:</u>

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants subjected him to a malicious prosecution in violation of his federal constitutional rights?

| | | |
|---|---|---|
| Dylan Lynch | YES _____ | NO _____ |
| Joseph Battista | YES _____ | NO _____ |
| Patrick Lynch | YES _____ | NO _____ |

Regardless of your answer to Question 12, please proceed to Question 13.

### <u>QUESTION 13:</u>

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants subjected him to a malicious prosecution in violation of New York state law?  Your answers to Question 14 should be the same as your answers to Question 13 as to the individual defendants.

| | | |
|---|---|---|
| Dylan Lynch and City of New York | YES _____ | NO _____ |
| Joseph Battista and City of New York | YES _____ | NO _____ |
| Patrick Lynch and City of New York | YES _____ | NO _____ |

If your answer to Questions 12 and/or 13 are "Yes" as to any defendant, please answer Questions 14-17.

If your answers to Questions 12 and 13 are both "No" as to all defendants, please skip Questions 14-17.

6

**QUESTION 14:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' malicious prosecution?

YES _____    NO _____

**QUESTION 15:**

If your answer to Question 14 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of malicious prosecution.

$_____

If your answer to Question 14 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of malicious prosecution.

$_____

**QUESTION 16:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's role in the claimed malicious prosecution?

YES _____    NO _____

7

**QUESTION 17:**

If your answer to Question 16 was "Yes," what amount of punitive damages should the plaintiff be awarded for the malicious prosecution? *You may only award punitive damages against a defendant if you concluded that the particular defendant was responsible for a malicious prosecution against the plaintiff.*

$_____ Dylan Lynch

$_____ Joseph Battista

$_____ Patrick Lynch

## IV.    DENIAL OF FAIR TRIAL

**QUESTION 18:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants denied him of a right to a fair trial?

| | | |
|---|---|---|
| Dylan Lynch | YES _____ | NO _____ |
| Joseph Battista | YES _____ | NO _____ |
| Patrick Lynch | YES _____ | NO _____ |

If your answer to Question 18 is "Yes" as to any defendant, please answer Questions 19-22.

If your answers to Question 18 is "No" as to all defendants, please skip Questions 19-22.

**QUESTION 19:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' denial of fair trial?

YES _____    NO _____

8

**QUESTION 20:**

If your answer to Question 19 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for denial of fair trial.

$_____

If your answer to Question 19 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for denial of fair trial.

$_____

**QUESTION 21:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's denial of fair trial?

YES _____        NO _____

**QUESTION 22:**

If your answer to Question 21 was "Yes," what amount of punitive damages should the plaintiff be awarded for the denial of fair trial? *You may only award punitive damages against a defendant if you concluded that the particular defendant denied the plaintiff a fair trial.*

$_____ Dylan Lynch
$_____ Joseph Battista
$_____ Patrick Lynch

If you answered "Yes" to Question 1, 7, 12 and/or 18, please proceed to Question 23.

If you have answered "No" to Questions 1, 2, 7, 8, 12, 13 and 18, then you have found a verdict in the defendants' favor on all of Mr. Dominguez's claims, and you should proceed to the end of the Verdict Form and have the foreperson sign it.

9

## V.  **FAILURE TO INTERVENE**

### **QUESTION 23:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants failed to intervene on January 1, 2020, to prevent the violation of his federal constitutional rights?

| | | |
|---|---|---|
| Dylan Lynch | YES _____ | NO _____ |
| Joseph Battista | YES _____ | NO _____ |
| Patrick Lynch | YES _____ | NO _____ |
| Evan Nielsen | YES _____ | NO _____ |
| Patrick Graney | YES _____ | NO _____ |

If your answer to Question 23 is "Yes" as to any defendant, please answer Questions 24-27.

If your answers to Question 23 is "No" as to all defendants, you have found a verdict in favor of the defendants on Mr. Dominguez's failure-to-intervene claim.  Please proceed to the end of the Verdict Form and have the foreperson sign it.

### **QUESTION 24:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' failure to intervene?

YES _____        NO _____

10

**QUESTION 25:**

If your answer to Question 24 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of failure to intervene.

$_____

If your answer to Question 24 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of failure to intervene.

$_____

**QUESTION 26:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's failure to intervene?

YES _____        NO _____

**QUESTION 27:**

If your answer to Question 26 was "Yes," what amount of punitive damages should the plaintiff be awarded for the failure to intervene? *You may only award punitive damages against a defendant if you concluded that the particular defendant failed to intervene to prevent the violation of the plaintiff's rights.*

$_____ Dylan Lynch

$_____ Joseph Battista

$_____ Patrick Lynch

$_____ Evan Nielsen

$_____ Patrick Graney

11

**You have finished your deliberations. Please have your foreperson sign and date this verdict form and inform the Court, with a written note, that you have reached a verdict.**

_____

Signature of Foreperson


_____

Date

12

# COURT EXHIBIT 2

# United States District Court
## Southern District Of New York
### 40 Foley Square
### New York, New York 10007

**Dale E. Ho**
**United States District Judge**

## JURY NOTE

Can witnesses refuse to testify
in a civil trial?

DATE: 4-29-2026

TIME: 2:35 pm

FOREPERSON'S SIGNATURE

---

THIS SECTION IS FOR COURT USE ONLY

COURT EXHIBIT# CX-2
DATE RECEIVED: 4/29/2026
TIME RECEIVED: 2:45

# COURT EXHIBIT 3

# United States District Court
## Southern District Of New York
### 40 Foley Square
### New York, New York 10007

**Dale E. Ho**
**United States District Judge**

# JURY NOTE

We have reached a verdict.

DATE: April 30, 2026

TIME: 2:30 pm

**FOREPERSON'S SIGNATURE**

---

THIS SECTION IS FOR COURT USE ONLY

COURT EXHIBIT# 3
DATE RECEIVED: 4/30/26
TIME RECEIVED: 2:40pm

# COURT EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

STEVEN DOMINGUEZ,

                       Plaintiff,              No. 21-CV-2302 (DEH)

      -against-

CITY OF NEW YORK, JOSEPH BATTISTA,
DYLAN LYNCH, PATRICK LYNCH, EVAN
NIELSEN, AND PATRICK GRANEY,

                    Defendants.
-------------------------------------------------------------------x

## I.    **EXCESSIVE FORCE AND BATTERY**

### QUESTION 1:

Do you find that Plaintiff Steven Dominguez has proven, by a preponderance of the evidence, that one or more of the defendants used excessive force in violation of his federal constitutional rights?

| | | |
|---|---|---|
| Dylan Lynch | YES ✓ | NO ____ |
| Joseph Battista | YES ✓ | NO ____ |
| Patrick Lynch | YES ____ | NO ✓ |
| Evan Nielsen | YES ____ | NO ✓ |
| Patrick Graney | YES ____ | NO ✓ |

Regardless of your answer to Question 1, please proceed to Question 2.

1

**QUESTION 2:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that one or more of the defendants committed an assault or battery in violation of New York law? Your answers to Question 2 should be the same as your answers to Question 1 as to the individual defendants.

| | | |
|---|---|---|
| Dylan Lynch and the City of New York | YES ✓ | NO _____ |
| Joseph Battista and the City of New York | YES ✓ | NO _____ |
| Patrick Lynch and the City of New York | YES _____ | NO ✓ |
| Evan Nielsen and the City of New York | YES _____ | NO ✓ |
| Patrick Graney and the City of New York | YES _____ | NO ✓ |
| Any other police officer employed by the City of New York | YES ✓ | NO _____ |

If your answer to Question 1 and/or 2 is "Yes" as to any defendant, please answer Questions 3-6.

If the answers to Questions 1 and 2 are "No" as to all defendants, please skip Questions 3-6.

**QUESTION 3:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' use of excessive force?

YES ✓        NO _____

2

**QUESTION 4:**

If your answer to Question 3 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for excessive force.

$ _8,000,000_

If your answer to Question 3 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for excessive force.

$ _____

**QUESTION 5:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's use of excessive force?

YES  ✓        NO  _____

**QUESTION 6:**

If your answer to Question 5 was "Yes," what amount of punitive damages should the plaintiff be awarded for the use of excessive force? *You may only award punitive damages against a defendant if you concluded that the particular defendant used excessive force against the plaintiff.*

$ _300,000_____ Dylan Lynch
$ _300,000_____ Joseph Battista
$ _____ Patrick Lynch
$ _____ Evan Nielsen
$ _____ Patrick Graney

3

## II.    **FALSE ARREST**

### **QUESTION 7**:

Did the Plaintiff prove by a preponderance of the evidence that any of the below
Defendants subjected him to false arrest in violation of his federal constitutional rights?

| | | |
|---|---|---|
| Dylan Lynch | YES ___✓___ | NO _____ |
| Joseph Battista | YES ___✓___ | NO _____ |
| Patrick Lynch | YES ___✓___ | NO _____ |

Regardless of your answer to Question 7, please proceed to Question 8.

### **QUESTION 8**:

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the
defendants falsely arrested him in violation of New York State law?  Your answers to Question 8
should be the same as your answers to Question 7 as to the individual defendants.

| | | |
|---|---|---|
| Dylan Lynch and City of New York | YES ___✓___ | NO _____ |
| Joseph Battista and City of New York | YES ___✓___ | NO _____ |
| Patrick Lynch and City of New York | YES ___✓___ | NO _____ |

If your answers to Questions 7 and/or 8 are "Yes" as to any defendant, please answer Questions
9-11.

If your answers to Questions 7 and 8 are "No" as to all defendants, please skip Questions 9-11.

4

**QUESTION 9:**

If your answer to Question 8 was "Yes," then plaintiff is entitled to compensatory damages from the false arrest. Please state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for false arrest.

$ _450,000_

**QUESTION 10:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's false arrest against him?

YES  _✓_          NO  _____

**QUESTION 11:**

If your answer to Question 11 was "Yes," what amount of punitive damages should the plaintiff be awarded for the false arrest? *You may only award punitive damages against a defendant if you concluded that the particular defendant falsely arrested the plaintiff.*

$ _150,000_    Dylan Lynch
$ _150,000_    Joseph Battista
$ _150,000_    Patrick Lynch

5

## III.    MALICIOUS PROSECUTION

**QUESTION 12:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants subjected him to a malicious prosecution in violation of his federal constitutional rights?

| | | |
|---|---|---|
| Dylan Lynch | YES ___✓___ | NO _____ |
| Joseph Battista | YES ___✓___ | NO _____ |
| Patrick Lynch | YES ___✓___ | NO _____ |

Regardless of your answer to Question 12, please proceed to Question 13.

**QUESTION 13:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants subjected him to a malicious prosecution in violation of New York state law?  Your answers to Question 14 should be the same as your answers to Question 13 as to the individual defendants.

| | | |
|---|---|---|
| Dylan Lynch and City of New York | YES ___✓___ | NO _____ |
| Joseph Battista and City of New York | YES ___✓___ | NO _____ |
| Patrick Lynch and City of New York | YES ___✓___ | NO _____ |

If your answer to Questions 12 and/or 13 are "Yes" as to any defendant, please answer Questions 14-17.

If your answers to Questions 12 and 13 are both "No" as to all defendants, please skip Questions 14-17.

**QUESTION 14:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' malicious prosecution?

YES  ✓        NO  _____

**QUESTION 15:**

If your answer to Question 14 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of malicious prosecution.

$  1,500,000

If your answer to Question 14 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of malicious prosecution.

$_____

**QUESTION 16:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's role in the claimed malicious prosecution?

YES  ✓        NO  _____

7

**QUESTION 17:**

If your answer to Question 16 was "Yes," what amount of punitive damages should the plaintiff be awarded for the malicious prosecution? *You may only award punitive damages against a defendant if you concluded that the particular defendant was responsible for a malicious prosecution against the plaintiff.*

$ 250,000 _____ Dylan Lynch

$ 250,000 _____ Joseph Battista

$ 250,000 _____ Patrick Lynch

## IV.   DENIAL OF FAIR TRIAL

**QUESTION 18:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants denied him of a right to a fair trial?

| | | |
|---|---|---|
| Dylan Lynch | YES ✓ | NO _____ |
| Joseph Battista | YES ✓ | NO _____ |
| Patrick Lynch | YES ✓ | NO _____ |

If your answer to Question 18 is "Yes" as to any defendant, please answer Questions 19-22.

If your answers to Question 18 is "No" as to all defendants, please skip Questions 19-22.

**QUESTION 19:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' denial of fair trial?

YES ✓     NO _____

8

**QUESTION 20:**

If your answer to Question 19 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for denial of fair trial.

$ _100,000_

If your answer to Question 19 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim for denial of fair trial.

$_____

**QUESTION 21:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's denial of fair trial?

YES  _✓_          NO  _____

**QUESTION 22:**

If your answer to Question 21 was "Yes," what amount of punitive damages should the plaintiff be awarded for the denial of fair trial? *You may only award punitive damages against a defendant if you concluded that the particular defendant denied the plaintiff a fair trial.*

$ _100,000_____ Dylan Lynch
$ _100,000_____ Joseph Battista
$ _100,000_____ Patrick Lynch

If you answered "Yes" to Question 1, 7, 12 and/or 18, please proceed to Question 23.

If you have answered "No" to Questions 1, 2, 7, 8, 12, 13 and 18, then you have found a verdict in the defendants' favor on all of Mr. Dominguez's claims, and you should proceed to the end of the Verdict Form and have the foreperson sign it.

9

## V.    **FAILURE TO INTERVENE**

### **QUESTION 23:**

Do you find that Mr. Dominguez has proven, by a preponderance of the evidence, that any of the defendants failed to intervene on January 1, 2020, to prevent the violation of his federal constitutional rights?

| | | | |
|---|---|---|---|
| Dylan Lynch | YES   ✓ | NO   _____ | |
| Joseph Battista | YES   ✓ | NO   _____ | |
| Patrick Lynch | YES   ✓ | NO   _____ | |
| Evan Nielsen | YES   _____ | NO   ✓ | |
| Patrick Graney | YES   _____ | NO   ✓ | |

If your answer to Question 23 is "Yes" as to any defendant, please answer Questions 24-27.

If your answers to Question 23 is "No" as to all defendants, you have found a verdict in favor of the defendants on Mr. Dominguez's failure-to-intervene claim.  Please proceed to the end of the Verdict Form and have the foreperson sign it.

### **QUESTION 24:**

Has the plaintiff proven, by a preponderance of the evidence, that he has suffered compensatory damages from the defendant(s)' failure to intervene?

YES   ✓      NO   _____

**QUESTION 25:**

If your answer to Question 24 was "Yes," state the amount of compensatory damages that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of failure to intervene.

$ 1,500,000

If your answer to Question 24 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to recover on his claim of failure to intervene.

$_____

**QUESTION 26:**

Has the plaintiff proven, by a preponderance of the evidence, that he is entitled to recover punitive damages for any defendant's failure to intervene?

YES  ✓         NO  _____

**QUESTION 27:**

If your answer to Question 26 was "Yes," what amount of punitive damages should the plaintiff be awarded for the failure to intervene? *You may only award punitive damages against a defendant if you concluded that the particular defendant failed to intervene to prevent the violation of the plaintiff's rights.*

$ 200,000 _____ Dylan Lynch
$ 200,000 _____ Joseph Battista
$ 200,000 _____ Patrick Lynch
$_____ Evan Nielsen
$_____ Patrick Graney

11

**You have finished your deliberations. Please have your foreperson sign and date this verdict form and inform the Court, with a written note, that you have reached a verdict.**



Signature of Foreperson

_April 30, 2026   2:28pm_
Date

12