THE CITY OF NEW YORK

# LAW DEPARTMENT

**STEVEN BANKS**
Corporation Counsel

100 CHURCH STREET
NEW YORK, N.Y. 10007

**BRIAN FRANCOLLA**
*Senior Corporation Counsel*
Tel.: (212) 356-3527
Fax: (212) 356-3509
bfrancol@law.nyc.gov

May 8, 2026

**BY ECF**
Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>Steven Dominguez v. City of New York, et al.</u>, 21-CV-02302 (DEH)

Your Honor:

I am a Senior Counsel in the Office of the Corporation Counsel, and one of the attorneys for defendants in the above-referenced action. I write with the knowledge and participation of counsel for plaintiff to address, among other things, a briefing schedule for post-trial motions. Currently, defendants' post-trial motions are due to be filed on or before June 2, 2026. Because I am scheduled to be on vacation and out of the country from May 20, 2026, up through May 31, 2026, defendants respectfully request until June 12, 2026, to file briefing on their post-trial motions. Should the Court grant that request, the parties propose the following briefing schedule:

| | |
|---|---|
| Defendants' Post-Trial Motions: | June 12, 2026; |
| Plaintiff's Opposition: | July 20, 2026; |
| Defendants' Reply: | August 3, 2026. |

As noted, plaintiff consents to this request.

Separately, defendants respectfully request permission to file a memorandum of law that is up to 30 pages rather than the 25 page limit set forth in the Court's Individual Rules and Practices in Civil Cases. While defense counsel will of course do our best to be as concise as possible with regard to any post-trial briefing, considering the number of claims at issue, the length of the trial and the complexity/breadth of the evidence that was admitted during same, it may prove difficult to fully address those issues with supporting legal authority within 25 pages. Defendants further wish to avoid a scenario where we are forced to seek an adjustment to the applicable page limit on the eve of the filing date. Should the Court grant this request, the same adjustment to the page limit will apply to plaintiff's opposition. Plaintiff consents to this proposal as well.

Regarding his anticipated motion for attorneys' fees, plaintiff's counsel renews his request made following the discharge of the jury to defer any application until the conclusion of post-verdict motion practice. Defendants consent to this request.

Finally, plaintiff makes two requests regarding the entry of judgment. First, plaintiff requests that the Court enter judgment promptly. While it appears that will be the case given the Court's Order of May 5th, if that does not happen plaintiff requests that post-judgment interest run from May 5, 2026. Second, in its May 5th Order, the Court neglected to include that judgment should also be entered in the amount of $450,000 against the City of New York on plaintiff's state law false arrest claim. Accordingly, plaintiff requests the entry of judgment in this amount against the City of New York on his state law false arrest claim. Defendants oppose plaintiff's request that the Court order the date of accrual for any recoverable post-judgment interest, the terms of which are governed by statute and tied to the date of entry of judgment, and may be affected by the outcome of post-trial motion practice.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc:    All Counsel (By ECF)

2